UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

IN RE:

DAVID LEWI-EMMANUEL STOCKMAN,      Case No. 26-20982-dob
                                   Hon. Daniel S. Opperman
    Debtor.                            Chapter 11

_____ /

## WILDFIRE CREDIT UNION'S MOTION FOR MODIFICATION OF THE AUTOMATIC STAY

NOW COMES Wildfire Credit Union, by and through its attorneys, Wenzloff & Fireman P.C. by Karl L. Wenzloff, and in support of its Motion for Modification of Stay, says as follows:

1.    That Wildfire Credit Union previously filed suit against Debtor, David Stockman, in Saginaw County Circuit Court to collect on a negative checking account owed by Dr. Stockman to the Credit Union. See 10th Circuit Case 24-000909-CB.

2.    After a judgment was entered in the Saginaw Circuit Court, the Debtor improperly removed the state court case on November 3, 2025 to federal court in the Eastern District of Michigan. See Case 25-13537.

3.    That on November 26, 2025, the Credit Union filed a motion to remand the removed federal case back to state court.

1

4. On June 17, 2026, the District Court granted the Credit Union's motion and remanded the case to the Saginaw County Circuit Court. See attached Opinion and Order.

5. The District Court also found that the Debtor had lacked "an objectively reasonable basis to remove the state court action to federal court" and awarded the Credit Union its costs and attorney fees for having to file the motion to remand.

6. The District Court ordered the Credit Union to file a Petition for Attorney's Fees and Costs with supporting documentation by June 30, 2026. See attached Opinion and Order

7. Before the Credit Union submitted such a Petition, however, the Debtor filed this Chapter 11 bankruptcy case on June 26, 2026.

8. Because the submission of a petition for attorney's fees and costs may constitute a stay violation, the Credit Union requests that this Bankruptcy Court modify the automatic stay so as to allow the Credit Union to file a Petition with the District Court and to allow the District Court to make a determination of the appropriateness and amount of said attorney fees and costs.

9. For clarification, the Credit Union does not seek a stay termination so as to allow it to forcibly collect the attorney fees from Dr. Stockman at this time.

Instead, the Credit Union wishes to obtain a final determination of the attorney fee amount from the District Court, which will aid in the submission of a Proof of Claim for such attorney fees in this Bankruptcy Case.

10. The Credit Union has sought and the District Court has approved an extension of the time to file a petition until August 14, 2026. See attached Order for Extension.

11. A copy of the proposed Order for Modification of the Automatic Stay is attached hereto as Exhibit 1 and incorporated herein by reference.

12. That the Credit Union has sought concurrence of the debtor and of the relief requested and the same has not been granted.

WHEREFORE, Wildfire Credit Union respectfully prays for the reasons hereinabove set forth that this honorable Court enter an Order modifying the automatic stay so as to allow it to submit a Petition for Attorney Fees and Costs in the matter of 25-cv-13537-GAD-APP and to allow the District Court to make a final determination of the amount of attorney fees and costs awarded to the Credit Union in that matter.

DATE:_____7/9/2025_____        _____/s/ Karl L. Wenzloff_____
                               KARL L. WENZLOFF (P71939)
                               Attorney for Credit Union
                               903 North Jackson Street, Bay City,
                               MI 48708; (989) 893-9511
                               wenzloffbankruptcy@sbcglobal.net

DRAFTED BY WENZLOFF & FIREMAN P.C.

**Exhibit 1**

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

IN RE:

DAVID LEWI-EMMANUEL STOCKMAN,      Case No. 26-20982-dob

                                        Hon. Daniel S. Opperman

     Debtor.                         Chapter 11

_____/

## ORDER FOR MODIFICATION OF THE AUTOMATIC STAY

### RE: Wildfire Credit Union

This matter having come before this Court by way of a Motion for Modification of the Automatic Stay, all interested parties having received notice of the Motion; and no objections having been filed by the interested parties; and the Court being fully advised in the premises;

**IT IS HEREBY ORDERED AND ADJUDGED** that the Automatic Stay pursuant to 11 U.S.C. §362 is modified to allow Wildfire Credit Union to file a Petition for Attorney's Fees and Costs with supporting documentation with the United States District Court for the Eastern District of Michigan in the case of Wildfire Credit Union vs. David Stockman, 25-cv-13537-GAD-APP. The Credit Union shall also be allowed to file any necessary supplemental or responsive documents in support of its Petition. The stay is also modified to allow the District Court to make a final determination of and issue an order for the appropriate award of attorney fees and costs in that case.

**IT IS FURTHER ORDERED AND ADJUDGED** that this Order is effective immediately upon entry by this Court notwithstanding the provision of FRBP 4001(a)(3). This Order shall be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Bankruptcy Code.

4

**Exhibit 2**

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

IN RE:

DAVID LEWI-EMMANUEL STOCKMAN,       Case No. 26-20982-dob

                                           Hon. Daniel S. Opperman

     Debtor.                            Chapter 11

_____/

## NOTICE OF MOTION FOR MODIFICATION OF THE AUOMATIC STAY

WILDFIRE CREDIT UNION, a creditor of the above-named Debtor, has filed papers with the Court requesting a modification of the automatic stay pursuant to 11 U.S.C. §362.

**YOUR RIGHTS MAY BE AFFECTED.** You should read these papers carefully and discuss them with your attorney, if you have one in this Bankruptcy case. (If you do not have an attorney, you may wish to consult one.)

If you do not want the Court to grant an Order for Modification from Stay, or if you want the Court to consider your views on the Motion, within fourteen (14) days, you or your attorney must:

1.     File with the Court a written response or an answer, explaining your position at:

U.S. Bankruptcy Court
111 First Street
Bay City, MI 48708

If you mail your response to the Court for filing, you must mail it early enough so that the Court will **receive** it on or before the date stated above.

You must also send a copy to:

5

KARL L. WENZLOFF
903 North Jackson Street, Bay City, MI 48708
(989) 893-9511

2.      If a response or answer is timely filed and served, the clerk will schedule a Hearing on the Motion and you will be served with a Notice of the date, time and location of the Hearing.

**If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief in the Motion and may enter an Order granting that relief.**


DATE:____  7/10/2026____        _____/s/ Karl L. Wenzloff_____
                                KARL L. WENZLOFF (P71939)
                                Attorney for Credit Union
                                903 North Jackson Street, Bay City,
                                MI 48708; (989) 893-9511
                                wenzloffbankruptcy@sbcglobal.net

DRAFTED BY WENZLOFF & FIREMAN P.C.

6

Exhibit  4

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILDFIRE CREDIT UNION,

        Plaintiff,

                                 Case No. 25-13537
                                U.S. DISTRICT COURT JUDGE
                                GERSHWIN A. DRAIN

v.

DAVID STOCKMAN, *et al.*,

        Defendants.

_____/

**OPINION AND ORDER GRANTING WILDFIRE CREDIT UNION'S
MOTION TO REMAND [#6] AND DENYING AS MOOT DAVID
STOCKMAN'S MOTION TO REASSIGN CASE TO BANKRUPTCY
JUDGE DANIEL S. OPPERMAN [#5]**

## I.    INTRODUCTION

Presently before the Court is Wildfire Credit Union's motion to remand this case to the Saginaw County Circuit Court. Upon review of the motion, the Court finds that oral argument will not aid in the disposition of the matter, and thus it will be decided on the briefs. *See* E.D. Mich. L.R. 7.1(f)(2). For the reasons that follow, Wildfire Credit Union's motion to remand [#6] is GRANTED, and Stockman's motion to reassign this case to Bankruptcy Judge Daniel S. Opperman [#5] is

DENIED AS MOOT.

## II.    BACKGROUND

In April 2024, Wildfire Credit Union brought suit against Stockman, Magdalena Perez, and Great Lakes Bay Staffing, Inc. ("GLBS") in Saginaw County Circuit Court alleging four state law causes of action: breach of contract, unjust enrichment, fraud, and civil conspiracy to commit fraud. Stockman, Perez, and GLBS were personally served with the complaint in May 2024. The state court entered a default judgment against the defendants on August 1, 2024. Stockman filed various motions to set aside the default judgment, the latest of which was filed on September 23, 2025. The state court denied all of the motions.

Meanwhile, on August 26, 2024, Perez, one of Stockman's co-defendants, filed a Chapter 7 voluntary bankruptcy petition in the United States Bankruptcy Court for the Eastern District of Michigan ("the Bankruptcy Court"). The Bankruptcy Court issued an Order of Discharge on December 3, 2024, granting Perez a general discharge of her debts.

On January 24, 2025, Wildfire Credit Union initiated an adversary proceeding action against Perez in the Bankruptcy Court. Wildfire Credit Union challenged the dischargeability of her debt to it under 11 U.S.C. § 523(a), arguing that she incurred the debt pursuant to a fraudulent scheme. Perez then filed a third-party complaint against Stockman and his spouse, Jennifer Stockman, in the Bankruptcy Court on

2

June 12, 2025, "for indemnification, contribution, and unjust enrichment for any damages/money owed to Wildfire Credit Union as a result of Wildfire Credit Union's adversary complaint to determine dischargeability[.]" ECF No. 6, PageID.160. Stockman has filed several motions to dismiss this third-party complaint, each of which has been denied by the Bankruptcy Court.

On July 23, 2025, Stockman filed an adversary complaint in the Bankruptcy Court against, among others, Wildfire Credit Union, seeking "a declaration" that the "[t]he state court judgment is procedurally void" and "may not be relied upon by Wildfire under 11 U.S.C. § 523," and that "[a]ny claims premised on that judgment are unenforceable in this proceeding." *In re Perez*, No. 24-21078 (Bankr. E.D. Mich.) (Dkt. 31). The Bankruptcy Court dismissed Stockman's adversary complaint on February 23, 2026.

While Stockman's adversary proceeding was pending in the Bankruptcy Court, he removed the underlying state court case to this Court on November 3, 2025. He asserts that the Court has federal question subject matter jurisdiction over the state court action because the contract giving rise to the state court action contains a binding arbitration clause that is enforceable under the Federal Arbitration Act. Moreover, Stockman claims removal is appropriate under 28 U.S.C. § 1334(b) and Federal Rule of Bankruptcy Procedure 9027 because "this action is related to the pending bankruptcy of co-defendant Magdalena Perez." ECF No. 1, PageID.2.

Wildfire Credit Union has moved to remand the action back to state court. Stockman did not respond to the motion.

## III.   LAW AND ANALYSIS

The Court finds that Stockman's removal of this state court action to federal court was improper for several independent reasons. First, it was untimely. Title 28 U.S.C. § 1446(b), which sets forth the general removal procedure for civil actions, provides that a notice of removal "shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b). "[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id.*

Here, Stockman was served with Wildfire Credit Union's complaint in May 2024, but did not file his notice of removal until November 3, 2025, nearly eighteen months later. Thus, his notice was filed well outside of the 30-day removal period. Moreover, there is no amended pleading, motion, or other paper that newly rendered the action removable and triggered a new 30-day removal period. As such, his removal was untimely under § 1446(b).

4

Nor is Stockman's removal timely under 28 U.S.C. § 1452, which governs removal of claims related to bankruptcy cases. Removal under this statute is governed by Federal Rule of Bankruptcy Procedure 9027, which provides, in relevant part, that the notice of removal must be filed within the longest of these periods: (A) "90 days after the order for relief in the bankruptcy case"; or (B) "if the claim or cause of action has been stayed under § 352, 30 days after an order terminating the stay is entered." Fed. R. Bankr. P. 9027(a)(2). Stockman's notice of removal was filed well beyond both deadlines. Accordingly, even assuming § 1452 provides a basis for removal, Stockman's removal would still be untimely.

Second, the rule of unanimity is not satisfied here. "[A] defendant seeking removal to federal court must obtain the consent of all other 'properly joined and served' defendants[.]" *Chambers v. HSBC Bank USA, N.A.*, 796 F.3d 560, 564 (6th Cir. 2015) (citing 28 U.S.C. § 1446(b)(2)(A)). "This requirement, otherwise known as the 'rule of unanimity,' ensures that all defendants have a say before a case involving their interests is removed from state court." *Id.* "[T]he rule of unanimity requires that in order for a notice of removal to be properly before the court, all defendants who have been served or otherwise properly joined in the action must either join in the removal, or file a written consent to the removal." *Farnsworth v. Nationstar Mortg., LLC*, 569 F. App'x 421, 425 (6th Cir. 2014) (citation omitted). Such is not the case here.

5

Third, the Court lacks federal-question subject matter jurisdiction over this action. Federal-question jurisdiction exists only where the cause of action "arises under" federal law. *Miller v. Bruenger*, 949 F.3d 986, 990 (6th Cir. 2020) (citation omitted). "A claim arises under federal law, for purposes of federal-question jurisdiction, when the cause of action is (1) created by a federal statute or (2) presents a substantial question of federal law." *Id.* at 991. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citation omitted).

Here, Wildfire Credit Union's complaint asserts only state law causes of action against the defendants. Stockman contends that federal-question jurisdiction exists because the contract underlying the state court action contains an arbitration clause. But the mere presence of an arbitration clause in a contract does not transform a state law claim into one arising under federal law. Indeed, even if Wildfire Credit Union had invoked the Federal Arbitration Act in its complaint, doing so would not establish federal-question jurisdiction. The Supreme Court has long recognized that although the Act "creates a body of federal substantive law establishing and regulating the duty to honor an agreement to arbitrate," it does "not create any

6

independent federal-question jurisdiction under 28 U.S.C. § 1331 . . . or otherwise."

*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25 n.32 (1983).

Nor does the Court have jurisdiction over the action under 28 U.S.C. § 1334(b). Under § 1334(b), "the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in *or related to* cases under title 11." 28 U.S.C. § 1334(b) (emphasis added). Where, as here, the civil action neither arises under nor arises in a bankruptcy case, jurisdiction exists only if the proceeding is "related to" a bankruptcy case, meaning its outcome could "conceivably have any effect on the estate being administered in bankruptcy." *In re Greektown Holdings, LLC*, 728 F.3d 567, 577 (6th Cir. 2013). Such is not the case here. The state court action has already been reduced to a final judgment, and as such, there is no pending dispute, the outcome of which could alter the status of any claim in bankruptcy.

For these reasons, the Court finds that Stockman improperly removed the state court action to federal court.[1]

---

[1] The Court also notes that Stockman failed to pay the filing fee in this case, and was warned that failure to do so may result in dismissal of this action. Federal Rule of Civil Procedure 41(b) permits courts to dismiss an action *sua sponte* if the plaintiff fails to prosecute or to comply with these rules or a court order. *Steward v. City of Jackson*, 8 F. App'x 294, 296 (6th Cir. 2001). Because Stockman failed to comply with the Court's order requiring him to pay the filing fee, remand on that basis is also appropriate.

7

Wildfire Credit Union seeks attorney's fees for Stockman's improper removal. Title 28 U.S.C. § 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." As the Supreme Court has recognized, "[t]he process of removing a case to federal court and then having it remanded back to state court delays resolution of the case, imposes additional costs on both parties, and wastes judicial resources." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 140 (2005). Accordingly, "[a]ssessing costs and fees on remand reduces the attractiveness of removal as a method for delaying litigation and imposing costs on" the other parties to the lawsuit. *Id.* "In general, objectively unreasonable removals should result in fee awards[.]" *Warthman v. Genoa Twp. Bd. of Trs.*, 549 F.3d 1055, 1060 (6th Cir. 2008). "District courts should consider, however, whether 'unusual circumstances warrant a departure from [that default] rule in a given case.' " *Id.* (quoting *Martin*, 546 U.S. at 141).

Here, the Court finds that Stockman lacked an objectively reasonable basis to remove the state court action to federal court. The Court further finds that there are no unusual circumstances warranting a departure from the general rule of awarding attorney's fees and costs in such circumstances. Accordingly, an award of costs and attorney's fees pursuant to § 1447(c) is warranted. Wildfire Credit Union shall file a Petition for Attorney's Fees and Costs with supporting documentation by June 30,

8

2026. Stockman may file a response no later than July 14, 2026. Wildfire Credit Union may file a reply by July 21, 2026.

For these reasons, Wildfire Credit Union's motion to remand is granted.

## IV.   CONCLUSION

Based on the foregoing, Wildfire Credit Union's motion to remand [#6] is GRANTED, and Stockman's motion to reassign the case to Bankruptcy Judge Daniel S. Opperman [#5] is DENIED AS MOOT.

This case is REMANDED to the Saginaw County Circuit Court.

SO ORDERED.

Dated: June 17, 2026                          /s/Gershwin A. Drain
                                              GERSHWIN A. DRAIN
                                              United States District Judge


CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on June
17, 2026, by electronic and/or ordinary mail.
/s/ Marlena Williams
Case Manager

9

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

**Exhibit** 5

WILDFIRE CREDIT UNION,
     Plaintiff,

vs.

DAVID STOCKMAN,
MAGDALENA PEREZ, and
GREAT LAKES BAY STAFFING, INC.
     Defendants.
_____/

**U.S. District Case No. 25-cv-13537**
Michigan 10th Circuit Case 24-0000909-CB
Hon. Gershwin A. Drain

KARL L. WENZLOFF (P71939)
Attorney for Plaintiff
903 N. Jackson Street
Bay City, MI 48708-5953
(989) 893-9511

DAVID STOCKMAN
Defendant, In pro per
3871 Fortune Boulevard
Saginaw, MI 48603
(989) 341-3017

MATTHEW FREY (P68239)
Attorney for Defendant, Magdalena Perez
4901 Towne Centre Road, Ste. 235
Saginaw, MI 48604
(989) 799-2227

---

## ORDER FOR EXTENSION OF TIME

This matter having come before the Court by way of an ex-parte motion filed by Plaintiff, and the Court being fully advised as to this matter,

IT IS HEREBY ORDERED that Plaintiff shall have until August 14, 2026 to file a Petition for Attorney's Fees and Costs.

IT IS FURTHER ORDERED that Defendant David Stockman may file a response no later than August 28, 2026, and that Wildfire Credit Union may file a reply by September 4, 2026.


IT IS SO ORDERED.


Dated: June 30, 2026

/s/ Gershwin A. Drain
HON. GERSHWIN A. DRAIN
UNITED STATES DISTRICT JUDGE

**Exhibit 6**

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

IN RE:

DAVID LEWI-EMMANUEL STOCKMAN,          Case No. 26-20982-dob

                                      Hon. Daniel S. Opperman

        Debtor.                       Chapter 11

_____/

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on the date set out below I served a copy of the following document(s) upon each of the parties listed below.

- ***WILDFIRE CREDIT UNION'S MOTION FOR MODIFICATION OF STAY***
- ***PROPOSED ORDER (EXHIBIT 1)***
- ***NOTICE OF MOTION (EXHIBIT 2)***
- ***EXHIBIT 4 (ORDER AND OPINION GRANTING WILDFIRE CREDIT UNION'S MOTION TO REMAND)***
- ***EXHIBIT 5 (ORDER FOR EXTENSION OF TIME)***
- ***CERTIFICATE OF SERVICE (EXHIBIT 6)***

Served electronically via the Court's ECF system:

      David Stockman:        dstockma4@icloud.com
      Deborah L. Fish:     dfish@allardfishpc.com

Served via United States Postal Service with the proper amount of postage affixed thereon:

   David Stockman
   5805 McCarty Road
   Saginaw, MI 48603

DATE:_____7/10/2026_____       *Jodi Arrowsmith*
                                      Jodi Arrowsmith
                                      Employee of Wenzloff & Fireman P.C.
                                        903 North Jackson Street
                                        Bay City, MI 48708; Tel. (989) 893-9511
                                          wenzloffbankruptcy@sbcglobal.net

7
