# UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## NORTHERN DIVISION

In re:                                      Case No. 26-20982-dob
                                            Chapter 11

David Lewi-Emmanuel Stockman,
                                            (Subchapter V)
                                            Debtor.

Hon. Daniel S. Opperman

_____/

## DECLARATION OF DEBTOR REGARDING EFFORTS TO OPEN DEBTOR-IN-POSSESSION BANK ACCOUNT AND STATUS OF PREPETITION ACCOUNT CLOSURES

David Lewi-Emmanuel Stockman, the Debtor and Debtor-in-Possession in the above-captioned case (the "Debtor"), appearing pro se, hereby amends and supplements his prior declaration and states as follows:

1.      The Debtor has undertaken good faith efforts to establish the required debtor-in-possession ("DIP") bank account in accordance with the operating instructions, guidelines, and directives issued by the Office of the United States Trustee for Region 9.

2.      On July 18, 2026, the Debtor visited the Chase Bank branch located on Center Road in Saginaw, Michigan, and conferred with Brian Smith, the branch manager. The Debtor informed said representatives that the Debtor had filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the above-captioned case and was required to open a DIP account in compliance with the United States Trustee's guidelines.

3.      The representatives at the branch advised that they were unfamiliar with the procedures for opening a DIP account. Despite escalation to the branch manager, the staff was unable to locate or implement any internal procedures or protocols for the establishment of such an account.

4.      The Debtor was further advised that Chase Bank maintains an internal policy requiring a prospective DIP account holder to maintain an existing personal deposit account relationship with the bank. The Debtor explained that this prerequisite is not mandated by the United States Trustee's guidelines for approved depositories; nevertheless, the branch personnel indicated that they could not proceed absent compliance with Chase Bank's internal policy.

5.      The Debtor has confirmed that Chase Bank is included on the list of approved depository institutions for DIP accounts in the State of Michigan, as maintained by the Office of the United

States Trustee. The Debtor remains ready, willing, and able to proceed with the opening of the requisite DIP account upon the availability of personnel authorized to assist in the account opening process in accordance with applicable guidelines.

6. The Debtor has obtained written proof that his account at Jolt Credit Union has been closed. A true and correct copy of the documentation evidencing the closure of the Jolt Credit Union account is available and will be provided to the Office of the United States Trustee upon request.

7. The Debtor maintains a prepetition account at Bank of America with zero dollars and is shared with Debtor's spouse. In order to close said account, the Debtor is required to appear in person at a Bank of America branch located in Lansing, Michigan. The Debtor intends to travel to Lansing for the purpose of closing the Bank of America account as promptly as practicable and will provide written confirmation of closure to the Office of the United States Trustee upon completion of that process.

8. The Debtor is neither refusing nor attempting to avoid compliance with the requirements of this Chapter 11 case. The Debtor is actively and diligently attempting to open the DIP account and shall continue to contact Chase Bank, as well as other institutions appearing on the United States Trustee's list of approved depositories, until the account is successfully established. Concurrently, the Debtor is taking all necessary steps to close remaining prepetition deposit accounts.

9. Upon the successful establishment of the DIP account, the Debtor shall immediately notify the Office of the United States Trustee of the account details and shall ensure that all post-petition income, receipts, and funds are deposited into the DIP account as required by applicable law and the United States Trustee's operating instructions.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed this 21st day of July, 2026, at Saginaw, Michigan.

_____

**David Stockman**
Debtor, pro se
5805 McCarty Road
Saginaw, Michigan 48603
Telephone: (989) 341-3017
Email: dstockma4@icloud.com

# EXHIBIT A



**CREDIT UNION**

7/20/26

To Whom It May Concern:

David Stockman does not have an account associated with his name at this time.

Thank you,

*[signature]* — MSR 343

P.O. BOX 6338, SAGINAW, MI 48608
989.799.8744 > JOLTCU.COM

NCUA
Federally Insured
by NCUA.

26-20982-dob    Doc 46    Filed 07/21/26    Entered 07/21/26 11:39:48    Page 4 of 4