In re:                                            Case No. 26-20982-dob

DAVID LEWI-EMMANUEL STOCKMAN     Chapter 11

           Debtor.                       Hon. Daniel S. Opperman

_____/

## GOF FINANCE-C, LLC'S RESPONSE TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED FOR FAILURE TO FILE SCHEDULES

### INTRODUCTION

Enough is enough.

David Stockman's ("Debtor") abuse of the legal system and particularly this Court has been intentional, continuous, and in bad faith. In the last 18 months, Debtor has filed at least 10[1] separate bankruptcies, either individually, or on behalf of an entity (in violation of local bankruptcy rules). Debtor has *never* filed schedules and has ***never*** had to testify at a 341 meeting, because all of his cases have been dismissed on a Show Cause Order similar to this one.

This is exactly what Debtor is hoping will happen again. He has received the benefit of the automatic stay, but has not had to deal with any of the burdens of the

---

[1] See Bankruptcy Petition Cover Sheet at Docket 15.

{01179459.2}                   1

bankruptcy code. GOF Finance-C, LLC ("Creditor") strongly believes that the best interest of creditors is to convert this case to Chapter 7.

**ARGUMENT**

Debtor is a serial abuser of the legal system. Debtor routinely files frivolous pleadings, lawsuits, and bankruptcies in order to delay creditors. For example (and absolutely not by way of limitation), Stockman routinely files notices of removal to avoid hearings and state-court judgments. See Opinion, **Exhibit 1**, p 6 (listing cases). Debtor has now filed so many meritless removals that the Eastern District of Michigan has declared him a vexatious litigant and enjoined Debtor from filing a notice of removal in the Court without first obtaining leave. See Opinion, **Exhibit 2**, p 7.

Debtor uses bankruptcy filings in the same manner as removal notices – to delay. He files bankruptcy after bankruptcy, never files schedules, but takes advantage of the automatic stay. See Bankruptcy Petition Cover Sheet at Docket No. 15.

Creditor has been trying to collect on a judgment against Debtor[2] entered in December 2024. Every time Creditor comes close to taking a creditors exam of Debtor, he files another bankruptcy or another frivolous removal proceeding to the District Court. See, e.g., Exhibit 1, p 3. Furthermore, every time Creditor prepares to

---

[2] The Judgment is also against several entities that Debtor has filed bankruptcy on behalf of – each of which have subsequently been dismissed.

question Debtor at his 341 meeting, his bankruptcy is dismissed. Creditor is far from the only creditor against which Stockman has used this playbook of delay and frivolous filings. See, e.g., Exhibit 1, p 6; Exhibit 2; Bankruptcy Petition Cover Sheet at Docket No. 15.

This Court's Show Cause Order is well founded, and cause exists under at least 11 U.S.C. §1112(b)(4)(F) to dismiss or convert this case. "Once cause has been shown, [t]he standard for choosing conversion or dismissal based on 'the best interest of creditors and the estate' implies a balancing test to be applied through case-by-case analysis. In the end, the determination is a matter for sound judicial discretion." In re Arm-Food, Inc., 2006 Bankr. LEXIS 4146, *3-4 (Bankr. N.D. Ohio June 1, 2006), *quoting* In re BTS, Inc., 247 B.R. 301, 309 (Bankr. N.D. Okla. 2000) (citations omitted), *and citing* In re Continental Holdings, Inc., 170 B.R. 919 (Bankr. N.D. Ohio 1994) (finding dismissal would not be in the best interest of creditors and the estate and granting United States Trustee's motion to convert).

Here, the best interests of the creditors and the estate are served by conversion rather than dismissal. Creditor (as well as numerous other creditors of Debtor) have been chasing Debtor from court to court trying to get the most basic information about his finances. But, Debtor has utter distain for all courts and the legal system in general. His continued abuse of the legal system, and this Court in particular, is preventing creditors from gaining the information about Debtor's assets to which

they are entitled, and collecting the amounts they are justly due and owing to the extent Debtor has assets. Dismissal simply allows Debtor to continue to delay and abuse the system to his advantage.

The time has come to put a Chapter 7 Trustee in place to investigate Debtor's assets and take control of them, including the frivolous litigation he continually files. At the same time, Debtor will be forced to cooperate in disclosing his assets and liabilities or face a complete denial of discharge. This is clearly in the best interest of Debtor's creditors.

### CONCLUSION

"Cause" exists to dismiss or convert this case. It is in the best interest of all of the creditors to convert rather than dismiss this case. As a result, it must be converted.

Respectfully Submitted:

SCHAFER AND WEINER, PLLC

/s / Howard M. Borin
HOWARD M. BORIN (P51959)
Attorney for GOF Finance-C, LLC
40950 Woodward Ave., Ste. 100
Bloomfield Hills, MI 48304
(248) 540-3340
hborin@schaferandweiner.com

Dated: July 21, 2026

# EXHIBIT 1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

GOF-FINANCE-C, LLC,

                    Plaintiff,                            Case Number 25-13749
                                                          Honorable David M. Lawson
v.

BECKER-PRESSENTE, LLC, and
DAVID STOCKMAN,

                    Defendants.
_____/

## OPINION AND ORDER GRANTING IN PART MOTION TO REMAND

Plaintiff GOF Finance-C, LLC ("GOF") commenced an action on February 4, 2025 in the

Saginaw County, Michigan circuit court against defendants David Stockman and Becker-

Pressente, LLC to collect a foreign judgment it had domesticated.  Eventually, Stockman was

served with a subpoena on September 12, 2025 to appear for a creditor's examination.  Defendant

Becker-Pressente filed a notice to remove the case to this Court on November 24, 2025, the day a

contempt motion was to be heard in state court for Stockman's failure to respond to the subpoena,

alleging rights under the Bankruptcy Code.  GOF moved to remand the case to state court within

30 days of the removal, arguing, among other things, that the removal was untimely.  The

defendants have not responded to the motion.  The removal notice was not filed within the time

allowed by 28 U.S.C. § 1446(b)(1), and GOF filed its remand motion within 30 days of the notice.

The motion to remand will be granted.  However, because GOF also asked for an award of fees

under 28 U.S.C. § 1447(c) but has not furnished documentation supporting an amount, the Court

will delay remanding the case to allow GOF to supplement the record.

I.

GOF obtained a judgment of more than $1.7 million against Becker-Pressente, LLC, Saginaw MTA Development Companies, LLC, Michigan Health Clinics, P.C., and their owner, David Stockman, in the Court of Common Pleas for Montgomery County, Ohio, on December 10, 2024. ECF No. 4-2, PageID.26-27. The judgment was later domesticated in a Michigan state court on February 4, 2025. ECF No. 4-3, PageID.29-30.

After domesticating the judgment, GOF initiated foreclosure proceedings against four properties owned by Becker-Pressente, LLC. The foreclosure sales were initially scheduled for May 2, 2025. ECF No. 4, PageID.7. However, two days before those sales were to occur, David Stockman filed a Chapter 11 bankruptcy petition on behalf of Becker-Pressente, LLC. *See* ECF No. 4-4, PageID.35. Becker-Pressente was not represented by counsel, so the United States Trustee promptly moved to dismiss the bankruptcy proceeding, indicating both that corporations may not proceed in bankruptcy court without an attorney and that the debtor had failed to comply with basic filing obligations, including providing proof of insurance. *Id.* at PageID.35-37. The bankruptcy court dismissed the case on May 8, 2025. ECF No. 4-5, PageID.42.

GOF thereafter rescheduled the foreclosure sales for May 16, 2025. ECF No. 4, PageID.7. On May 15, 2025 — the day before the rescheduled sales — Stockman filed another Chapter 11 petition on behalf of Becker-Pressente without counsel and despite the bankruptcy court's earlier admonition. *See* ECF No. 4-6, PageID.44. The United States Trustee again moved to dismiss the proceeding, describing the filing as a repeat violation of the court's rules and asserting that the debtor appeared interested only in delaying creditors rather than reorganizing its affairs. *Id.* at PageID.44-46. At a hearing held on May 22, 2025, the bankruptcy court dismissed the second bankruptcy case and entered an order of dismissal the next day. *In re Becker-Pressente, LLC*, Case

- 2 -

No. 25-bk-20624, ECF Nos. 20, 21 (E.D. Mich. Bnkr.). The foreclosure sales proceeded on May 23, 2025. ECF No. 4-9, PageID.64-69.

Several months later, GOF sought to conduct a creditor's examination of Stockman in the Saginaw County Circuit Court. The court issued a subpoena on September 5, 2025 directing Stockman to appear and produce documents on October 17, 2025. ECF No. 4-12, PageID.91-92. GOF served Stockman with that subpoena on September 12, 2025. *Id.* at PageID.93. Stockman neither appeared nor produced documents. ECF No. 4-14 at PageID.102-03. GOF then moved to compel compliance and requested that the state court hold Stockman in contempt and issue a bench warrant should he continue to refuse compliance. ECF No. 4-15. The state court scheduled a hearing on that motion for November 24, 2025. ECF No. 4-16, PageID.174.

On the day of the hearing, Becker-Pressente filed a notice removing the action to federal court. The notice asserted that the foreclosure sales conducted on May 23, 2025 were void because the automatic stay from the second bankruptcy case allegedly remained in effect at the time of the sales. ECF No. 1, PageID.1-2.

GOF moved to remand the case to state court on December 17, 2025, arguing that the removal was (1) untimely and (2) procedurally defective because it was not signed by an attorney on behalf of Becker-Pressente. GOF also seeks attorneys' fees and costs necessitated by the removal in the amount of $3,718, arguing that the defendants' removal was objectively unreasonable. The defendants did not respond to the motion to remand.

II.

Title 28, section 1441(a) of the United States Code permits defendants in civil actions to remove cases originally filed in state courts to federal district courts where the district court would have had original jurisdiction. *Nessel ex rel People of Michigan v. Enbridge Energy*, LP, 104 F.4th

958, 965 (6th Cir. 2024). A party seeking to remove a case to federal court "bears the burden of establishing" that removal is proper. *Her Majesty the Queen In Right of the Province of Ontario v. City of Detroit*, 874 F.2d 332, 339 (6th Cir. 1989).

A removing defendant also must comply with the procedural requirements found in 28 U.S.C. § 1446. One of those requirements is that the "notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt" of the "initial pleading" in that action, "or within 30 days after the service of summons upon the defendant[,] . . . whichever period is shorter." *Enbridge Energy, LP v. Nessel on behalf of Michigan*, --- U.S. ---, --, 146 S. Ct. 1074, 1079-80 (2026) (quoting 28 U.S.C. § 1446(b)).

The defendants' November 24, 2025 notice of removal missed the 30-day deadline by quite a bit. The bankruptcy court granted the Trustee's motion to dismiss the second bankruptcy proceeding at a May 22, 2025 hearing and entered a written dismissal order the following day. Even if the May 23, 2025 foreclosure sales violated the automatic stay and supplied a basis for removal of the state case, the 30-day clock began no later than May 23, 2025, when the bankruptcy court entered its dismissal order. *See Easley v. Pettibone Michigan Corp.*, 990 F.2d 905, 909 (6th Cir. 1993) ("[T]he debtor must file its petition for removal within 30 days after the termination of the stay."). Yet defendants waited until November 24, 2025 — months after that deadline had expired.

In its remand motion, GOF suggests a more generous construction of events, fixing the commencement of the removal period from September 12, 2025 with the service of the creditor's examination subpoena, when, perhaps, the case first appeared removable. "[W]hen a case at first appears unremovable, but a later 'pleading, motion, order or other paper' reveals that it is (or has become) removable . . ., the defendant has another 30 days to remove from 'receipt' of the paper

- 4 -

'from which it may first be ascertained that the case is . . . removable.'" *Enbridge Energy*, 146 S. Ct. at 1083 (quoting 28 U.S.C. § 1446(b)(3)). But that exception applies only when removal is based on diversity of citizenship. *Ibid.* And even then, the defendants did not file their notice of removal until more than seventy days later.

The 30-day removal deadline is not jurisdictional, *id.* at 1981, and a party seeking to challenge a tardy removal must do so within 30 days, *id.* at 1080. But when a timely challenge is brought, the Court must treat the deadline "as mandatory," *id.* at 1082, and enforce it, *Hamer v. Neighborhood Hous. Servs. of Chicago*, 583 U.S. 17, 20 (2017) ("If properly invoked, mandatory claim-processing rules must be enforced.").

### III.

GOF has asked the Court to award attorney's fees and costs for having to challenge this improvident removal. Under 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The Court has discretion to make such an award "where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

That standard does not require a showing that the defendants' "position was 'frivolous' or entirely 'without foundation.'" *Kent State Univ. Bd. of Trs. v. Lexington Ins. Co.*, 512 F. App'x 485, 489 (6th Cir. 2013) (quoting *Martin*, 546 U.S. at 138-39)). Rather, objective reasonableness "depend[s] on the clarity of the law at the time the notice of removal was filed." *Ibid.* Moreover, "[t]he Supreme Court has held that the 'appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants

- 5 -

a right to remove as a general matter, when the statutory criteria are satisfied.'" *Powers v. Cottrell, Inc.*, 728 F.3d 509, 515 (6th Cir. 2013) (quoting *Martin*, 546 U.S. at 140). Therefore, "[b]ad-faith motivation to remove for the purpose of prolonging litigation and imposing costs on the opposing party indisputably . . . justif[ies] the award of fees under § 1447(c)." *A Forever Recovery, Inc. v. Twp. of Pennfield*, 606 F. App'x 279, 284 (6th Cir. 2015).

The record here leaves little doubt that the removal lacked an objectively reasonable basis. As explained above, the notice of removal was filed weeks and months after the statutory deadline had expired, and only on the very day the defendants were required to appear for a hearing in state court to explain their disregard of a creditor's examination subpoena, which could have resulted in a contempt finding. And it appears that Stockman has employed this tactic on behalf of himself and his companies to avoid hearings and state-court judgments in several other cases. *See, e.g., Sensus Healthcare, Inc. v. Michigan Health Clinics, P.C.*, No. 25-13515, 2026 WL 1283762 (E.D. Mich. May 8, 2026); *Bush v. Stockman, et al.*, Case No. 25-11865 (E.D. Mich.); *Laboratory Corp. of America, Inc. v. Michigan Health Clinics, P.C.*, Case No. 26-11208 (E.D. Mich.); *Northstar Scientific Solutions, LLC v. Michigan Health Clinics, PC*, Case No. 26-11209 (E.D. Mich.); *Wildfire Credit Union v. Stockman, et al.*, Case No. 25-13537 (E.D. Mich.); *Bush v. Stockman, et al.*, Case No. 25-12659 (E.D. Mich.); *Bush v. Stockman, et al.*, Case No. 25-13417 (E.D. Mich.); *Neogenomics Laboratories, Inc. v. Stockman, et al.*, Case No. 25-14038 (E.D. Mich.). The timing of the present removal, together with Stockman's demonstrated pattern of invoking removal to evade state-court authority, convincingly establishes that the removal served not to vindicate a legitimate federal right, but to delay proceedings and impose additional costs on the opposing party. An award of fees and costs is warranted. *A Forever Recovery*, 606 F. App'x at 284.

The amount of an award, however, must represent "just costs and . . . actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c).  GOF has requested $3,718, a modest sum, but it still must substantiate the request, and it has not submitted documentation for those amounts.  The Court must satisfy itself that the requested amount is reasonable, which generally calls for an examination of counsel's billing records and expense documentation.  *See Crown v. PHI Air Med., LLC*, No. 15-CV-10180, 2015 WL 3409010, at *3 (E.D. Mich. May 27, 2015). The Court will not order remand at this time but will retain jurisdiction to adjudicate the fee request.

## IV.

The defendants' notice of removal was not filed within the 30-day deadline stated in 28 U.S.C. § 1446.  The defendants' filing of this untimely notice of removal was objectively unreasonable and filed in bad faith.

Accordingly, it is **ORDERED** that the plaintiff's motion for remand (ECF No. 4) is **GRANTED IN PART**.

It is further **ORDERED** that the case will not be remanded to state court until the attorney's fee and expense request is adjudicated.

It is further **ORDERED** that the plaintiff must submit proof substantiating its request for attorney's fees and expenses **on or before June 9, 2026**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated:   May 26, 2026

# EXHIBIT  2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RUSSELL BUSH,

      Plaintiff,

                                      Case No. 25-13417
                                U.S. DISTRICT COURT JUDGE
                                GERSHWIN A. DRAIN

v.

DAVID STOCKMAN, *et al.*,

      Defendants.

_____/

**OPINION AND ORDER GRANTING RUSSELL BUSH'S MOTION TO REMAND [#4]; DENYING AS MOOT DAVID STOCKMAN'S MOTION TO REASSIGN CASE TO JUDGE GERSHWIN A. DRAIN [#5]; DENYING AS MOOT RUSSELL BUSH'S MOTION TO SET HEARING DATE FOR ORAL ARGUMENTS ON MOTION TO REMAND [#9]; AND ENJOINING DAVID STOCKMAN FROM COMMENCING ANY ACTION IN THIS COURT WITHOUT FIRST OBTAINING LEAVE OF COURT**

## I.    INTRODUCTION

This is David Stockman's third improper removal of this case from state court to federal court. Presently before the Court is Russell Bush's motion to remand this case back to the Saginaw County Circuit Court. Upon review of Bush's motion, the Court concludes that oral argument will not aid in the disposition of the matter, and

thus it will be resolved on the briefs. *See* E.D. Mich. L.R. 7.1(f)(2). For the reasons that follow, Bush's motion to remand [#4] is GRANTED, and all remaining motions in this case [#5, #9] are DENIED AS MOOT.

## II.    BACKGROUND

In December 2021, Stockman and his company, Michigan Institute of Forensic Science & Medicine, P.C. ("MIFSM"), brought suit against Bush in Saginaw County Circuit Court alleging four state law claims: tortious interference with contractual relationship, breach of fiduciary duties, usurpation of corporate opportunities, and unjust enrichment. Bush filed a counter-complaint against Stockman and MIFSM asserting ten state law claims, including breach of contract, defamation, intentional infliction of emotional distress, and tortious interference with a contract and business relationship.

Stockman's and MIFSM's claims were ultimately dismissed by the state court, leaving only Bush's counter-complaint at issue in the case. The parties agreed to arbitrate Bush's remaining state law claims, resulting in a $551,800.00 award in favor of Bush. Bush attempted to enforce this award in state court. Shortly thereafter, on June 20, 2025, Stockman removed the state court case to federal court, alleging that the arbitration proceedings were defective and challenging the award under the Federal Arbitration Act. On August 5, 2025, Judge Ludington remanded the case to state court, finding that this Court lacked subject matter jurisdiction over the state

2

court litigation. *See Stockman I*, No. 25-cv-11865 (ECF No. 4-1).

Stockman removed the case to federal court for a second time on August 22, 2025, this time asserting that this Court has federal question jurisdiction because Bush's "operative counter-complaint asserts claims, including defamation, that necessarily require resolution of a substantial federal issue under the First Amendment to the United States Constitution." *Stockman II*, No. 25-12659 (ECF No. 1, PageID.1). On September 30, 2025, the Court again remanded the action to state court, finding that Stockman, as the original plaintiff in the state court action, lacked authority to remove the action under 28 U.S.C. § 1441(a). The Court also found, yet again, that it lacks federal question jurisdiction over the state court action.

Stockman removed the state court case to federal court for a third time on October 27, 2025. He claims removal is appropriate because, on October 14, 2025, Bush filed a "Re-Notice of Hearing to Enter Judgment, asking the state court to convert an arbitration award into a state-court judgment." ECF No. 1, PageID.1. In so doing, Stockman asserts, "Plaintiff has triggered a new and substantial federal question: whether a state officer may, consistent with the First and Fourteenth Amendments, use state judicial machinery to impose liability for speech about the performance of governmental duties." *Id.* Stockman argues that Bush's filing of the "re-notice" qualifies as an "other paper" within the meaning of 28 U.S.C. § 1446(b)(3) that reopens the 30-day removal period set forth in the statute.

3

Bush has moved to remand this action back to state court. Plaintiff has not responded to the motion.

## I.   LAW AND ANALYSIS

Once again, the Court finds that Stockman improperly removed this case to federal court. First, as this Court previously found, Stockman lacks authority to remove the case, as 28 U.S.C. § 1441(a) permits removal of a state court action only by "the defendant or the defendants." *See* 28 U.S.C. § 1441(a). The Supreme Court has recognized that "third-party counterclaim defendants are not 'the defendant or the defendants' who can remove under § 1441(a)." *See Home Depot U.S.A., Inc. v. Jackson*, 587 U.S. 435, 443 (2019). Here, Stockman is the original plaintiff in the underlying state court action. Therefore, even though Bush has asserted a counter-complaint against Stockman, Stockman is not a "defendant" within the meaning of § 1441(a) and thus lacks the authority to remove the state court action to federal court.

Second, as this Court previously found, the Court lacks subject matter jurisdiction over the underlying state court litigation. Stockman asserts that the Court has federal question jurisdiction over the state court action. Under the well-pleaded complaint rule, federal question jurisdiction is recognized "only when a federal question is presented on the face of the *plaintiff*'s properly pleaded complaint." *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (1987)

4

(emphasis in original) (citation omitted). Thus, "a counterclaim—which appears as part of the defendant's answer, not as part of the plaintiff's complaint—cannot serve as the basis for" federal question jurisdiction. *Id.* Accordingly, the operative complaint for removal purposes is the original complaint filed by Stockman and MIFSM in December 2021, which raised four state law claims that provide no basis for federal question subject matter jurisdiction. For these reasons, the Court finds that Stockman improperly removed this state court action to federal court.

Bush seeks costs and attorney's fees for Stockman's improper removal pursuant to 28 U.S.C. § 1447(c), which provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." As the Supreme Court has recognized, "[t]he process of removing a case to federal court and then having it remanded back to state court delays resolution of the case, imposes additional costs on both parties, and wastes judicial resources." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 140 (2005). Accordingly, "[a]ssessing costs and fees on remand reduces the attractiveness of removal as a method for delaying litigation and imposing costs on" the other parties to the lawsuit. *Id.* "In general, objectively unreasonable removals should result in fee awards[.]" *Warthman v. Genoa Twp. Bd. of Trs.*, 549 F.3d 1055, 1060 (6th Cir. 2008). "District courts should consider, however, whether 'unusual circumstances warrant a departure from [this default] rule in a given case.' " *Id.* (quoting *Martin*,

5

546 U.S. at 126).

Here, the Court finds that Stockman lacked an objectively reasonable basis to remove the state court action to federal court. The Court further finds that there are no unusual circumstances warranting a departure from the general rule of awarding attorney's fees and costs in such circumstances. Accordingly, an award of costs and attorney's fees pursuant to 28 U.S.C. § 1447(c) is warranted. Bush shall file a Petition for Attorney's Fees and Costs with supporting documentation by June 30, 2026. Stockman may file a response no later than July 14, 2026. Bush may file a reply by July 21, 2026.

Finally, the Court finds it necessary to impose prefiling restrictions on Stockman. As noted, this is Stockman's third improper attempt to remove this state court action to federal court. Moreover, this is not the only state court action he has improperly removed to this Court. *See, e.g., GOF Finance-C, LLC v. Becker-Pressente, LLC*, No. 1:25-cv-13749 (E.D. Mich.); *Lab'y Corp. of Am., Inc. v. Mich. Health Clinics, PC*, No. 1:26-cv-11208 (E.D. Mich.); *Sensus Healthcare, Inc. v. Mich. Health Clinics, P.C.*, No. 1:25-cv-13515 (E.D. Mich.); *Neogenomics Labs., Inc. v. Stockman*, No. 4:25-cv-14038 (E.D. Mich.). Each of Stockman's removal attempts lacked an objectively reasonable basis for removal, and the Court has repeatedly and unequivocally explained in its orders remanding the cases to state court why his removal attempts are improper. Despite those rulings, Stockman

6

continues to engage in a pattern of removing state court actions to federal court, raising many of the same arguments this Court has already rejected. His repeated and meritless removal attempts have burdened the Court's docket, consumed scarce judicial resources, imposed unnecessary costs on opposing parties, and delayed resolution of the state court proceedings.

Following Stockman's second improper attempt to remove this case to federal court, the Court expressly warned Stockman that any further efforts to improperly remove this case to federal court would result in the Court declaring him to be a harassing and vexatious litigant subject to significant prefiling restrictions and monetary penalties. Nevertheless, Stockman filed yet another meritless notice of removal, demonstrating that the Court's prior rulings and warnings have been ineffective in deterring his vexatious conduct.

Accordingly, the Court finds it necessary to declare Stockman a vexatious litigant. Stockman is therefore enjoined from commencing any new action in this Court, including by filing a notice of removal, without first obtaining leave of court. To obtain leave of court, Stockman must file a motion captioned "Motion Pursuant to Court Order Seeking Leave to File" that explains the legal and factual basis for the proposed filing, and that the filing is made in good faith, is not frivolous or duplicative, and is not barred by any prior order of this Court. Stockman must attach to the motion (1) the proposed filing, and (2) a copy of this order. Failure to comply

7

with these requirements may constitute sufficient grounds to deny leave. Moreover, compliance with these requirements does not, by itself, constitute grounds for granting leave.

## II.    CONCLUSION

Based on the foregoing, Bush's motion to remand [#4] is GRANTED, and all remaining motions in this case [#5, #9] are DENIED AS MOOT.

Stockman is ENJOINED from initiating any new actions in this Court, including by filing a notice of removal, without first obtaining leave of court as set forth above.

This action is REMANDED to the Saginaw County Circuit Court.

SO ORDERED.

Dated: June 17, 2026

/s/Gershwin A. Drain
GERSHWIN A. DRAIN
United States District Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on June
17, 2026, by electronic and/or ordinary mail.
/s/ Marlena Williams
Case Manager

8