**UNITED STATES BANKRUPTCY COURT**      Case No. 26-20982-dob
**EASTERN DISTRICT OF MICHIGAN**        Chapter 11 - Subchapter V
**NORTHERN DIVISION - BAY CITY**        Hon. Daniel S. Opperman

In re:

**DAVID LEWI-EMMANUEL STOCKMAN,**
Debtor.

_____/

### DEBTOR'S RESPONSE TO ORDER TO SHOW CAUSE,
### REQUEST TO EXTEND THE FILING DEADLINE THROUGH JULY 23, 2026,
### AND REQUEST THAT THE CASE NOT BE DISMISSED

David Lewi-Emmanuel Stockman (the "Debtor"), appearing pro se and as debtor in possession, responds to the Court's July 16, 2026 Order to Show Cause (ECF No. 38) and states as follows:

1. The Debtor filed this individual Chapter 11 case under Subchapter V on June 26, 2026.

2. The Debtor acknowledges that the schedules, statements, and related financial documents were not filed within the original deadline and that he did not timely move for an extension. The Debtor accepts responsibility for that procedural failure.

3. The delay was not intended to obtain the benefit of the automatic stay while avoiding the duties of a debtor in possession. The Debtor has been actively compiling the required information, communicating with the United States Trustee and the Subchapter V Trustee, correcting the creditor matrix, preparing the Initial Debtor Interview materials, and attempting to establish properly designated debtor-in-possession bank accounts.

4. The principal cause of the delay was the time required to reconcile and disclose, in good faith, numerous disputed and contingent claims, cross-collateralized secured debt, jointly owned property, asserted tax and construction liens, executory contracts and equipment leases, codebtors, litigation claims, ownership interests, and the income of a nonfiling spouse. Proceeding without counsel, the Debtor incorrectly believed that he should delay filing rather than submit good-faith estimates subject to amendment.

5. The Debtor now understands that the proper course is to file the best information presently available, clearly identify disputed or unliquidated items, and amend promptly as reliable third-party records are received.

## I. SUBSTANTIAL CURE OF THE FILING DEFICIENCIES

**Since entry of the Order to Show Cause, the Debtor has made substantial docketed filings and is submitting the remaining companion documents separately or contemporaneously. The current docket reflects the creditor matrix at ECF No. 42; Schedules D, E/F, G, H, and J at ECF No. 52; Schedule I at ECF No. 56; Official Form 122B at ECF No. 59; the 2025 tax documents at ECF No. 61; and Schedule A/B at ECF No. 63. The Debtor will identify any additional docket numbers at the hearing.**

| Item Identified in Show-Cause Order | Cure / Filing Status |
|---|---|
| Schedule A/B: Property | Filed at ECF No. 63. |
| Schedule C: Exemptions | Prepared for separate or contemporaneous filing. |
| Schedules D, E/F, G, H, and J | Filed together at ECF No. 52. |
| Schedule I: Income | Filed at ECF No. 56. |
| Summary of Assets and Liabilities | Pending docketing |
| Declaration About an Individual Debtor's Schedules | Pending docketing |
| Statement of Financial Affairs (Official Form 107) | Prepared for separate or contemporaneous filing from the best information presently available, subject to prompt amendment if additional reliable records require correction. |
| Balance Sheet, Cash-Flow Statement, and Statement of Operations | Pending docketing |
| Official Form 122B | Filed at ECF No. 59. |
| 2025 Federal Income Tax Documents | Filed at ECF No. 61 using the Court's tax-document docket event. |

## II. THE COURT MAY EXTEND THE DEADLINE THROUGH THE HEARING DATE

6. Federal Rule of Bankruptcy Procedure 1007(c)(7) authorizes the Court, on motion and for cause, to extend the time to file documents required by Rule 1007 after notice to the United States Trustee and trustee.

7. Because this is a small-business Subchapter V case, 11 U.S.C. §§ 1116(3) and 1187(a) also apply. Section 1116(3) permits an extension after notice and a hearing and ordinarily limits the extension to no later than 30 days after the order for relief, absent extraordinary and compelling circumstances.

8. The requested deadline of July 23, 2026 is within 30 days after the June 26, 2026 petition date. The show-cause hearing itself provides the notice and hearing contemplated by the statute, and the United States Trustee and Subchapter V Trustee are being served with this response.

9. Cause exists because the Debtor has completed a substantial cure, the delay was short, the omitted information involved unusually complex and disputed financial matters, the Debtor has acted in good faith, and a short extension will not materially prejudice creditors or disrupt the case. To the extent Federal Rule of Bankruptcy Procedure 9006(b)(1) applies to any ancillary item, the same facts also establish excusable neglect.

## III. DISMISSAL IS NOT WARRANTED ON THE PRESENT RECORD

10. The purpose of the Order to Show Cause can be satisfied without dismissal because the Debtor has now prepared the information needed for administration of the estate and creditor review. The amended creditor matrix and detailed schedules identify the known secured, priority, unsecured, disputed, contingent, and unliquidated claims.

11. The Debtor is continuing to cooperate with the United States Trustee and Subchapter V Trustee, is pursuing debtor-in-possession banking arrangements, and will file amendments and supplemental records as they become available.

12. If the Clerk or the Court identifies a remaining form, signature, attachment, privacy issue, or formatting defect, the Debtor requests a short, specific cure period rather than dismissal. This narrower relief will protect creditors while permitting the case to proceed toward the July 28, 2026 meeting of creditors and a timely Subchapter V plan.

## REQUEST FOR RELIEF

WHEREFORE, the Debtor respectfully requests that the Court:

**A. find that the Debtor has shown cause why the case should not be dismissed for failure to file schedules and related documents;**

**B. extend the applicable filing deadline through July 23, 2026 under Federal Rule of Bankruptcy Procedure 1007(c)(7) and 11 U.S.C. §§ 1116(3) and 1187(a);**

**C. recognize the substantial cure reflected at ECF Nos. 42, 52, 56, 59, 61, and 63, together with the remaining documents submitted separately or contemporaneously;**

**D. deny dismissal and discharge the Order to Show Cause;**

**E. permit the Debtor a brief period to cure any specific residual signature, attachment, privacy, docketing, or formatting deficiency identified by the Clerk or Court; and**

**F. preserve all parties' rights concerning any separately docketed motion to convert and grant such other relief as is just and appropriate.**

Respectfully submitted,

/s/ David Lewi-Emmanuel Stockman
David Lewi-Emmanuel Stockman
Debtor in Possession, Pro Se
5805 McCarty Rd.
Saginaw, Michigan 48603
Telephone: (989) 341-3017
Email: dstockma4@icloud.com
Dated: July 23, 2026

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION - BAY CITY

Case No. 26-20982-dob
Chapter 11 - Subchapter V
Hon. Daniel S. Opperman

In re:

**DAVID LEWI-EMMANUEL STOCKMAN,**
Debtor.

_____/

### DECLARATION OF DAVID LEWI-EMMANUEL STOCKMAN
### IN SUPPORT OF RESPONSE TO ORDER TO SHOW CAUSE

I, David Lewi-Emmanuel Stockman, declare under penalty of perjury under 28 U.S.C. § 1746 that the following statements are true and correct:

1. I am the Debtor and debtor in possession in this Chapter 11 Subchapter V case.

2. I filed the petition on June 26, 2026 and have proceeded without bankruptcy counsel.

3. I did not timely file all required schedules and statements, and I did not obtain an extension before the deadline. I understand that this was a serious procedural error.

4. I did not intentionally withhold information or delay filing to obtain an unfair benefit from the automatic stay.

5. I spent the period after filing gathering and reconciling information concerning property, asserted liens, disputed claims, leases, taxes, codebtors, business interests, income, expenses, and records held by third parties.

6. Several claims are disputed, contingent, unliquidated, cross-collateralized, or dependent on records that I do not control. I disclosed those uncertainties rather than represent unsupported amounts as final.

7. Since entry of the Order to Show Cause, I filed the creditor matrix at ECF No. 42; Schedules D, E/F, G, H, and J at ECF No. 52; Schedule I at ECF No. 56; Official Form 122B at ECF No. 59; the 2025 tax documents at ECF No. 61; and Schedule A/B at ECF No. 63. I have prepared the remaining companion documents for separate or contemporaneous submission.

8. I filed my 2025 federal income tax documents at ECF No. 61 using the Court's tax-document docket event.

9. On July 22, 2026, I communicated with PNC Bank regarding establishment of debtor-in-possession accounts, supplied the applicable requirements, and was advised that the request was under legal or compliance review.

10. I communicated with the United States Trustee concerning Initial Debtor Interview materials and records that remain dependent on banks, insurers, lenders, tax professionals, and other third parties.

11. I will promptly amend any schedule or statement if additional reliable information shows that a filed entry is incomplete or inaccurate.

12. I respectfully request that the Court allow this case to continue and provide a short cure period for any specific remaining defect rather than dismissing the case.

Executed on July 23, 2026, in Saginaw, Michigan.


/s/ David Stockman

David Stockman

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**NORTHERN DIVISION - BAY CITY**

**Case No. 26-20982-dob**
Chapter 11 - Subchapter V
Hon. Daniel S. Opperman

In re:

**DAVID LEWI-EMMANUEL STOCKMAN,**
Debtor.

_____/

## CERTIFICATE OF SERVICE

I certify that on July 23, 2026, I served the foregoing Debtor's Response to Order to Show Cause and Declaration by electronic mail on the following:

**Kelley Callard, Office of the United States Trustee**
Kelley.Callard@usdoj.gov

**Eric M. Sumners, Office of the United States Trustee**
Eric.M.Sumners@usdoj.gov

**Deborah L. Fish, Subchapter V Trustee**
dfish@allardfishpc.com

I further certify that the document was submitted to the Court through the pro se electronic document upload procedure for filing in Case No. 26-20982-dob and that any additional service ordered by the Court will be completed promptly.

**/s/ David Lewi-Emmanuel Stockman**
David Lewi-Emmanuel Stockman