| | |
|---|---|
| In re: | Chapter 11 |
| | Subchapter V |
| DAVID LEWI-EMMANUEL STOCKMAN, | |
| | Case No. 26-20982-dob |
| Debtor. | |
| _____/ | Hon. Daniel S. Opperman |

## DEBTOR'S EMERGENCY MOTION FOR ORDER TO SHOW CAUSE, CIVIL CONTEMPT, SANCTIONS, AND IMMEDIATE WITHDRAWAL OF FILING MADE IN WILLFUL VIOLATION OF THE AUTOMATIC STAY

Debtor in Possession David Lewi-Emmanuel Stockman (the "Debtor") moves under 11 U.S.C. §§ 105(a), 362(a)(1), 362(a)(6), and 362(k), and Federal Rules of Bankruptcy Procedure 9014 and 9020, for an emergency order requiring Russell L. Bush, M.D., Stephan M. Gaus, and Garske Hewitt & Rodenbo, PLC (collectively, "Respondents") to show cause why they should not be held in civil contempt and sanctioned for knowingly prosecuting affirmative contempt, coercive-confinement, monetary-sanctions, and collection relief against the Debtor after actual notice of this Chapter 11 case.

This was not accidental. Respondents' July 15, 2026 filing expressly identified this bankruptcy case, the petition date, and the automatic stay. Despite that admitted knowledge, Respondents intentionally asked another court to hold the Debtor in contempt, impose attorney fees and daily monetary sanctions, authorize coercive confinement, and facilitate enforcement of prepetition obligations. They did so without seeking relief from stay.

Respondents also used the stay-violating filing for the deliberate purpose of publicizing a previously non-public, unresolved administrative complaint by placing it into a public federal docket. The filing invited the district court to "take note" of that complaint and attached it in full as Exhibit H, even though no adjudication or final agency finding had occurred. Within minutes of the public filing, MLive reporter Cole Waterman contacted the Debtor, stated that he had a copy of the complaint, and requested comment on its allegations. The speed and timing of that contact strongly support an inference that the filing was intended to trigger immediate media dissemination and reputational harm, not merely address remand or jurisdiction.

## RELIEF REQUESTED

**1.** Enter an immediate interim order directing Respondents to cease prosecution of the contempt-and-sanctions portions of their July 15, 2026 filing;

**2.** Require Respondents, within twenty-four hours, to file papers in Bush v. Michigan Institute of Forensic Science & Medicine, P.C., et al., Case No. 1:26-cv-12261-GAD-PTM, withdrawing all requests to hold the Debtor in contempt, impose monetary sanctions or attorney fees against him, impose daily coercive sanctions, order confinement, or enforce any prepetition monetary obligation;

3. Require Respondents, within twenty-four hours, to move to strike or seal Exhibit H and every reference to the unresolved administrative complaint, and to refrain from further dissemination or use of that document for leverage against the Debtor absent further order;

4. Order Respondents to preserve all emails, text messages, communications, drafts, metadata, and communications with Cole Waterman, MLive, any other media outlet, or any third party concerning the July 15 filing, the administrative complaint, the Debtor, and this bankruptcy;

5. Require sworn declarations identifying every person or media outlet to whom Respondents transmitted, previewed, summarized, or directed the July 15 filing or Exhibit H, including all communications with Cole Waterman or MLive;

6. Find that Respondents had actual knowledge of the bankruptcy and intentionally committed the acts at issue;

7. After hearing, hold Respondents in civil contempt and find a willful violation of the automatic stay;

8. Award actual damages, costs, attorney fees, and other compensatory relief under 11 U.S.C. § 362(k)(1);

9. Award punitive damages because the alleged conduct was deliberate, coercive, and undertaken after admitted knowledge of the stay; and

10. Grant all additional relief necessary to restore the status quo and protect the Debtor and estate.

## FACTUAL BASIS

1. The Debtor filed this voluntary Chapter 11, Subchapter V case on June 26, 2026. The automatic stay arose immediately by operation of law.

2. Bush asserts a prepetition arbitration claim of $551,800 against the Debtor. Respondents also rely on a June 18, 2026 prepetition fee order requiring payment of $4,176.

3. On July 7, 2026, the Debtor filed a Notice of Bankruptcy Filing and Automatic Stay in the related district-court matter.

4. On July 15, 2026, Respondents filed a motion requesting affirmative relief against the Debtor, including civil contempt, attorney fees and costs, a daily monetary sanction, and coercive confinement.

5. Respondents' own motion proves actual knowledge. It identifies Case No. 26-20982, states the June 26 petition date, discusses the bankruptcy docket, and argues about the effect of the stay.

6. The filing attacks the Debtor for attempting to halt enforcement of the prepetition June 18 fee award and seeks additional monetary and coercive relief in the same proceeding.

7. Respondents inserted an unrelated administrative complaint into the filing, stated that the district court "may wish to take note" of it, and publicly attached the entire unresolved complaint as Exhibit H.

**8.** According to the Debtor's declaration, the administrative matter had not been adjudicated and no final findings had been entered. Before Respondents' filing, the Debtor understood the complaint was not publicly available.

9. The complaint had no legitimate bearing on whether the case should be remanded. Its placement in the public filing was calculated to prejudice and pressure the Debtor and magnify the coercive impact of Respondents' contempt-and-sanctions request. Within minutes of the filing, MLive reporter Cole Waterman contacted the Debtor, stated that he possessed a copy, and requested comment concerning the allegations. A true and correct screenshot is attached as Exhibit B.

**10.** Respondents never sought or obtained relief from the automatic stay before pursuing this affirmative relief.

## LEGAL BASIS

Section 362(a)(1) stays the commencement or continuation of a judicial proceeding against the Debtor to recover a claim that arose before the petition. Section 362(a)(6) separately stays any act to collect, assess, or recover a prepetition claim. The prohibition reaches conduct whose substance and practical purpose are coercion, harassment, or pressure to obtain payment, regardless of the label placed on the conduct.

In In re Dougherty-Kelsay, No. 19-8013 (B.A.P. 6th Cir. Mar. 21, 2022), the Sixth Circuit Bankruptcy Appellate Panel held that contempt proceedings used to compel payment of a prepetition obligation violated the automatic stay, and it affirmed actual and punitive damages. In Wohleber v. Skurko, the Sixth Circuit recognized that a contempt proceeding intended to compel payment of a prepetition debt violated the stay. And in Weary v. Poteat, 627 F. App'x 475 (6th Cir. 2015), coercive and harassing communications intended to pressure payment supported compensatory and punitive sanctions under § 362(k).

Respondents' motion was not limited to a defensive remand request. It sought affirmative punishment, money, escalating coercion, and confinement against a debtor known to be in bankruptcy. Their decision to attach and publicize an unresolved administrative complaint as character evidence further demonstrates an improper coercive purpose and supports punitive damages.

A willful violation does not require proof that Respondents subjectively believed their conduct violated the stay. Knowledge of the bankruptcy and an intentional act that violates the stay are sufficient. Here, knowledge is admitted on the face of Respondents' filing.

## EMERGENCY NEED

Immediate relief is necessary because the challenged filing remains pending and publicly accessible, the unresolved administrative complaint remains attached to it, and Respondents continue to seek contempt and coercive sanctions against the Debtor. The near-immediate media contact confirms that the reputational harm and dissemination are not hypothetical. Every additional day compounds the prejudice, publicity, and pressure that the automatic stay was enacted to prevent.

## STATEMENT REGARDING CONCURRENCE

On July 24, 2026, the Debtor requested concurrence from Respondents in immediate withdrawal of the contempt-and-sanctions requests and Exhibit H. Concurrence was not provided as of filing.

<u>**CONCLUSION**</u>

The Court should immediately direct withdrawal of the stay-violating relief and Exhibit H, issue an order to show cause, and set an expedited evidentiary hearing on contempt, actual damages, punitive damages, and further sanctions.

Dated: July 24, 2026

Respectfully submitted,

/s/ David Lewi-Emmanuel Stockman
DAVID LEWI-EMMANUEL STOCKMAN
Debtor in Possession, Pro Se
5805 McCarty Road
Saginaw, Michigan 48603
Telephone: (989) 341-3017
Email: dstockma4@icloud.com

26-20982-dob    Doc 90    Filed 07/24/26    Entered 07/24/26 16:11:31    Page 4 of 47

In re:                                                          Chapter 11
                                                                Subchapter V

DAVID LEWI-EMMANUEL STOCKMAN,
                                                                Case No. 26-20982-dob

        Debtor.

_____/                              Hon. Daniel S. Opperman

## PROPOSED ORDER

### ORDER TO SHOW CAUSE AND INTERIM ORDER REQUIRING IMMEDIATE CESSATION AND WITHDRAWAL OF STAY-VIOLATING RELIEF

This matter came before the Court on the Debtor's Emergency Motion for Order to Show Cause, Civil Contempt, Sanctions, and Immediate Withdrawal of Filing Made in Willful Violation of the Automatic Stay. The Court finds that interim relief is necessary to preserve the automatic stay and prevent continuing prejudice pending a final hearing.

### IT IS ORDERED:

**1.** Russell L. Bush, M.D., Stephan M. Gaus, and Garske Hewitt & Rodenbo, PLC shall immediately cease prosecuting any request to hold the Debtor in contempt, impose attorney fees or monetary sanctions against him, impose daily coercive sanctions, order confinement, or enforce a prepetition monetary obligation without relief from stay.

**2.** Within twenty-four hours after service of this Order, Respondents shall file in Case No. 1:26-cv-12261-GAD-PTM a notice withdrawing those requests.

**3.** Within twenty-four hours, Respondents shall file an appropriate motion requesting that Exhibit H and references to the unresolved administrative complaint be stricken or sealed.

**4.** Respondents shall not further publish, transmit, summarize, or use Exhibit H to pressure the Debtor or obtain payment of any prepetition claim.

5. Respondents shall preserve all communications, drafts, metadata, emails, text messages, and communications with Cole Waterman, MLive, any reporter, media organization, or third party relating to the July 15 filing, Exhibit H, the Debtor, or this bankruptcy.

6. Within seven days, each Respondent shall file a sworn declaration identifying every person or media organization to whom the July 15 filing or Exhibit H was transmitted, previewed, summarized, or specifically directed, including every communication with Cole Waterman or MLive.

**7.** Respondents shall appear and show cause why they should not be held in civil contempt and sanctioned for a willful violation of 11 U.S.C. § 362.

**8.** The Court reserves determination of actual damages, attorney fees, punitive damages, and additional coercive or compensatory sanctions until hearing.

**9.** Nothing in this Order prevents Respondents from litigating remand or jurisdiction so long as they do not seek affirmative contempt, coercive, monetary, or collection relief against the Debtor in violation of the stay.

IT IS SO ORDERED.

Dated: _____


_____
HON. DANIEL S. OPPERMAN
UNITED STATES BANKRUPTCY JUDGE

26-20982-dob   Doc 90   Filed 07/24/26   Entered 07/24/26 16:11:31   Page 6 of 47

In re:                                                    Chapter 11
                                                          Subchapter V

DAVID LEWI-EMMANUEL STOCKMAN,

                                                          Case No. 26-20982-dob

       Debtor.

_____/                          Hon. Daniel S. Opperman

## NOTICE AND OPPORTUNITY TO RESPOND

PLEASE TAKE NOTICE that the Debtor has filed the accompanying Emergency Motion. Because immediate interim relief is requested, the Debtor asks the Court to set an expedited hearing and response deadline.

Any response must be filed with the United States Bankruptcy Court for the Eastern District of Michigan and served on the Debtor. Failure to timely respond may result in the Court granting the requested relief without further notice.

Dated: July 24, 2026

Respectfully submitted,

/s/ David Lewi-Emmanuel Stockman
DAVID LEWI-EMMANUEL STOCKMAN
Debtor in Possession, Pro Se
5805 McCarty Road
Saginaw, Michigan 48603
Telephone: (989) 341-3017
Email: dstockma4@icloud.com

In re:                                                    Chapter 11
                                                          Subchapter V

DAVID LEWI-EMMANUEL STOCKMAN,
                                                          Case No. 26-20982-dob

        Debtor.

_____/                        Hon. Daniel S. Opperman

## BRIEF IN SUPPORT

### BRIEF IN SUPPORT OF DEBTOR'S EMERGENCY MOTION FOR ORDER TO SHOW CAUSE, CIVIL CONTEMPT, SANCTIONS, AND IMMEDIATE WITHDRAWAL

### I. RESPONDENTS KNOWINGLY CONTINUED A PROCEEDING AGAINST THE DEBTOR AND SOUGHT AFFIRMATIVE COERCIVE RELIEF.

The automatic stay was in effect when Respondents filed their July 15 motion. Their filing admits actual knowledge of the bankruptcy. Nevertheless, it requests civil contempt, compensatory fees, daily monetary sanctions, and coercive confinement against the Debtor. Those are affirmative remedies, not merely defensive arguments concerning remand.

Section 362(a)(1) prohibits continuation of a proceeding against the Debtor to recover a prepetition claim, and § 362(a)(6) prohibits any act to collect, assess, or recover that claim. The requested relief attacks the Debtor for invoking bankruptcy protection against enforcement of the prepetition fee award and seeks escalating coercion in the same case.

### II. USING CONTEMPT OR CONFINEMENT TO PRESSURE PAYMENT VIOLATES THE STAY.

Dougherty-Kelsay held that contempt proceedings used to compel payment of a prepetition obligation violate the automatic stay. Wohleber likewise recognized that contempt whose purpose is to compel payment of a prepetition debt is stayed. The relief requested here is materially similar: Respondents request money, escalating sanctions, and confinement while expressly complaining that the bankruptcy blocked enforcement of a prepetition fee obligation.

### III. THE PUBLIC FILING OF THE UNRESOLVED ADMINISTRATIVE COMPLAINT DEMONSTRATES BAD FAITH AND COERCIVE PURPOSE.

Respondents did not merely mention the administrative matter. They invited the district court to "take note" of it and attached the entire complaint as Exhibit H. The complaint does not determine bankruptcy jurisdiction or remand. No adjudication had occurred, and the document contained accusations rather than findings.

The deliberate insertion of this material into a public docket increased reputational pressure on the Debtor and had no legitimate connection to the requested remand. Within minutes, MLive reporter Cole Waterman contacted the Debtor and stated that he had a copy. That timing is powerful circumstantial evidence of intended or anticipated media dissemination. Weary confirms that

coercive or harassing conduct aimed at pressuring a debtor can violate § 362(a)(6), even where the actor attempts to characterize the conduct as something other than collection.

### IV. WILLFULNESS IS ESTABLISHED BY KNOWLEDGE AND INTENTIONAL ACTION.

Respondents knew of the bankruptcy because their motion discusses it in detail. They intentionally filed the motion, intentionally demanded contempt and coercive sanctions, and intentionally attached Exhibit H. A specific admission that they intended to violate the stay is unnecessary.

### V. IMMEDIATE WITHDRAWAL AND PRESERVATION RELIEF ARE NECESSARY.

The violation is continuing while the coercive requests and Exhibit H remain pending and publicly available. Respondents should be required immediately to withdraw the affirmative contempt-and-sanctions requests, move to strike or seal Exhibit H, preserve evidence, and disclose any targeted dissemination to Cole Waterman, MLive, other media, or third parties.

### VI. ACTUAL AND PUNITIVE DAMAGES ARE AVAILABLE.

Section 362(k)(1) authorizes actual damages, costs, attorney fees, and punitive damages in appropriate circumstances. The alleged conduct was deliberate, occurred after admitted knowledge, used threats of escalating sanctions and confinement, and publicly deployed an unrelated unresolved complaint. Those facts warrant an evidentiary hearing on compensatory and punitive relief.

### CONCLUSION

The Court should grant immediate interim relief, issue an order to show cause, and set an expedited evidentiary hearing.

Dated: July 24, 2026

Respectfully submitted,

/s/ David Lewi-Emmanuel Stockman
DAVID LEWI-EMMANUEL STOCKMAN
Debtor in Possession, Pro Se
5805 McCarty Road
Saginaw, Michigan 48603
Telephone: (989) 341-3017
Email: dstockma4@icloud.com

In re:                                                    Chapter 11
                                                          Subchapter V

DAVID LEWI-EMMANUEL STOCKMAN,
                                                          Case No. 26-20982-dob

        Debtor.

_____/                         Hon. Daniel S. Opperman

## DECLARATION OF DAVID LEWI-EMMANUEL STOCKMAN

I, David Lewi-Emmanuel Stockman, declare under penalty of perjury under 28 U.S.C. § 1746:

**1.** I am the Debtor and Debtor in Possession in this Chapter 11, Subchapter V case.

**2.** I filed my bankruptcy petition on June 26, 2026.

**3.** Respondents knew about the bankruptcy before filing their July 15, 2026 motion. Their motion identifies the case number, petition date, and bankruptcy docket.

**4.** Respondents requested that I be held in contempt and subjected to attorney fees, daily monetary sanctions, and coercive confinement.

**5.** Respondents also attached an administrative complaint concerning me as Exhibit H and invited the district court to take note of it.

**6.** The administrative matter had not been adjudicated, and no final findings had been entered against me.

**7.** Before Respondents' public filing, I understood that the administrative complaint was not publicly available.

**8.** The administrative complaint had nothing to do with whether the district-court case should be remanded.

**9.** I believe Respondents attached it to punish, embarrass, pressure, and publicly prejudice me while I was protected by the automatic stay.

10. Within minutes after Respondents publicly filed the administrative complaint, MLive reporter Cole Waterman contacted me, stated that he had a copy, and asked for my response to the allegations. A true and correct screenshot of that message is attached as Exhibit B.
11. The public filing has caused and continues to cause substantial harm, stress, disruption, and expense.

12. I request immediate withdrawal of the contempt-and-sanctions requests, removal or sealing of Exhibit H, preservation of communications, and sanctions sufficient to compensate me and deter repetition.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 24, 2026, in Saginaw, Michigan.

_____

David Lewi-Emmanuel Stockman

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**NORTHERN DIVISION**

In re:                                                                    Chapter 11
                                                                          Subchapter V

DAVID LEWI-EMMANUEL STOCKMAN,
                                                                          Case No. 26-20982-dob

        Debtor.

_____/                                      Hon. Daniel S. Opperman

## CERTIFICATE OF SERVICE

I certify that on July 24, 2026, I served the Emergency Motion, proposed order, notice, brief, declaration, and exhibits by first-class United States mail, postage prepaid, and by electronic mail where available, on:

| Recipient | Service Address |
|---|---|
| Russell L. Bush, M.D. | 1800 Imlay City Road, No. 1<br>Lapeer, MI 48446 |
| Stephan M. Gaus | Garske Hewitt & Rodenbo, PLC<br>708 South Euclid Avenue<br>Bay City, MI 48706<br>gaus@garskelaw.com |
| Aaron C. Rodenbo | Garske Hewitt & Rodenbo, PLC<br>708 South Euclid Avenue<br>Bay City, MI 48706<br>arodenbo@garskelaw.com |
| Garske Hewitt & Rodenbo, PLC | Attn: Managing Member / Registered Agent<br>708 South Euclid Avenue<br>Bay City, MI 48706 |
| Deborah L. Fish, Subchapter V Trustee | Allard & Fish, P.C.<br>211 West Fort Street, Suite 705<br>Detroit, MI 48226 |
| Office of the United States Trustee | 211 West Fort Street, Suite 700<br>Detroit, MI 48226 |

I declare under penalty of perjury that the foregoing is true and correct.


Executed on July 24, 2026.


_____

David Lewi-Emmanuel Stockman

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**NORTHERN DIVISION**

In re:                                                                    Chapter 11
                                                                          Subchapter V

DAVID LEWI-EMMANUEL STOCKMAN,
                                                                          Case No. 26-20982-dob

        Debtor.

_____/                                          Hon. Daniel S. Opperman

**INDEX OF EXHIBITS**

| Exhibit | Description |
|---|---|
| Exhibit A | Respondents' July 15, 2026 motion and brief seeking contempt, fees, daily sanctions, confinement, and attaching the administrative complaint. |
| Exhibit B | Screenshot of near-immediate text message from MLive reporter Cole Waterman stating that he possessed the administrative complaint and requesting comment. |
| Exhibit C | July 7, 2026 Notice of Bankruptcy Filing and Automatic Stay. |
| Exhibit D | June 10, 2026 unresolved administrative complaint publicly attached by Respondents. |
| Exhibit E | District-court docket showing the July 15, 2026 filing. |

# EXHIBIT A

Respondents' July 15, 2026 motion and brief seeking contempt, attorney fees, daily monetary sanctions, coercive confinement, and other affirmative relief against the Debtor.

*In re David Lewi-Emmanuel Stockman, Case No. 26-20982-dob*

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION**

RUSSELL L. BUSH,

    Plaintiff,

v.

MICHIGAN INSTITUTE OF FORENSIC
SCIENCE & MEDICINE, P.C., and
DAVID LEWI EMMANUEL STOCKMAN,

    Defendants.

Case No. 1:26-cv-12261-GAD-PTM
Hon. Gershwin A. Drain
Mag. Judge Patricia T. Morris

---

GARSKE, HEWITT, & RODENBO PLC
Stephan M. Gaus (P28943)
Aaron C. Rodenbo (P74205)
Attorneys for Plaintiff
708 S. Euclid Avenue
Bay City, MI 48706
989-355-0100
gaus@garskelaw.com
arodenbo@garskelaw.com

David Stockman, Pro se
3871 Fortune Boulevard
Saginaw, MI 48603
989-341-3017
dstockma4@icloud.com

---

**PLAINTIFF RUSSELL L. BUSH'S MOTION TO STRIKE AND VACATE THE
NOTICE OF REMOVAL, TO REMAND, TO ENFORCE THE COURT'S
JUNE 17, 2026 INJUNCTION, AND FOR CIVIL CONTEMPT AND SANCTIONS**

Plaintiff Russell L. Bush, M.D., by and through his counsel, Garske Hewitt & Rodenbo, PLC, respectfully moves this Court for an order (1) striking and vacating the Notice of Removal filed by Defendant David L. Stockman on July 6, 2026 (ECF No. 1) as void, having been filed in direct violation of this Court's June 17, 2026 Opinion and Order enjoining Stockman from commencing any action in this Court, including by filing a notice of Removal, without first obtaining leave of court; (2) in the alternative, remanding this action to the 10th Judicial Circuit Court for the County of Saginaw, Michigan, pursuant to

1

28 U.S.C. § 1452(b) and 28 U.S.C. § 1334(c); (3) holding Stockman in civil contempt of the June 17, 2026 Order and imposing sanctions; and (4) retaining jurisdiction to enforce the June 17, 2026 Order and to adjudicate contempt and sanctions notwithstanding any remand.

In support of this Motion, Plaintiff relies upon the accompanying Brief in Support, the exhibits attached thereto, the pleadings and records already on file with this Court, and the entire record in the related and companion matters before this Court.

WHEREFORE, Plaintiff respectfully requests that this Court grant the Motion and enter an order as set forth in the accompanying proposed order.

Dated: July 15, 2026

Respectfully submitted,

GARSKE HEWITT & RODENBO, PLC
/s/ Stephan Gaus
Stephan Gaus (P28943)
Attorneys for Plaintiff Russell L. Bush, M.D.
708 South Euclid Avenue
Bay City, MI 48706
(989) 355-0100

2

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION**

RUSSELL L. BUSH,
    Plaintiff,

v.

MICHIGAN INSTITUTE OF FORENSIC
SCIENCE & MEDICINE, P.C., and
DAVID LEWI EMMANUEL STOCKMAN,
    Defendants.

Case No. 1:26-cv-12261-GAD-PTM
Hon. Gershwin A. Drain
Mag. Judge Patricia T. Morris

---

GARSKE, HEWITT, & RODENBO PLC
Stephan M. Gaus (P28943)
Aaron C. Rodenbo (P74205)
Attorneys for Plaintiff
708 S. Euclid Avenue
Bay City, MI 48706
989-355-0100
gaus@garskelaw.com
arodenbo@garskelaw.com

David Stockman, Pro se
3871 Fortune Boulevard
Saginaw, MI 48603
989-341-3017
dstockma4@icloud.com

---

**BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE AND VACATE THE
NOTICE OF REMOVAL, TO REMAND, TO ENFORCE THE COURT'S
JUNE 17, 2026 INJUNCTION, AND FOR CIVIL CONTEMPT AND SANCTIONS**

**STATEMENT OF ISSUES PRESENTED**

1. Whether the Court should strike and vacate as void a notice of Removal filed by a litigant who was enjoined, by this Court's June 17, 2026 Order, from commencing *any* action in this Court—including by filing a notice of Removal—without first obtaining leave of court, where the litigant concededly filed this Notice of Removal without seeking or obtaining leave.

    Plaintiff answers: Yes.

3

2. Whether, in the alternative, this action should be remanded to the Saginaw County Circuit Court on equitable grounds under 28 U.S.C. § 1452(b) and pursuant to abstention under 28 U.S.C. § 1334(c), where the sole asserted basis for federal jurisdiction is a bad-faith, deficiency-ridden bankruptcy petition filed at the last moment to derail imminent enforcement of a state-court arbitration award.

Plaintiff answers: Yes.

3. Whether Stockman should be held in civil contempt and sanctioned for his willful violation of the June 17, 2026 Order.

Plaintiff answers: Yes.

**CONTROLLING AUTHORITY**

28 U.S.C. § 1452(b); 28 U.S.C. § 1334(c); 28 U.S.C. § 1447(c); Home Depot U.S.A., Inc. v. Jackson, 587 U.S. 435 (2019); Chambers v. NASCO, Inc., 501 U.S. 32 (1991); Martin v. Franklin Cap. Corp., 546 U.S. 132 (2005); Feltner v. Title Search Co., 283 F.3d 838 (6th Cir. 2002); Gascho v. Global Fitness Holdings, LLC, 875 F.3d 795 (6th Cir. 2017).

## I.      INTRODUCTION

This is David Stockman's fourth Removal of a single state-court proceeding, filed for the transparent purpose of delaying, yet again, the entry of a state-court judgment on a $551,800.00 arbitration award that Plaintiff Russell L. Bush, M.D., has been seeking to enforce for well over a year. This time, however, the Removal was not merely improper, as were the prior three Removals.  This Removal was unlawful.

On June 17, 2026, this Court declared Stockman a *vexatious litigant* and entered an injunction expressly enjoining him from "commencing any new action in this Court, including by filing a notice of Removal, without first obtaining leave of court." Ex. A at 7. Stockman attached that very Order to his Removal papers, acknowledged it, and then decided, unilaterally and without seeking the leave the Order requires, that it did not apply to him.

It plainly does.

The proper disposition is straightforward. Because the Notice of Removal was filed in direct violation of an existing injunction, it is void and should be stricken and vacated. In the alternative, the Removal should be remanded on equitable grounds under 28 U.S.C. § 1452(b) and under abstention principles, because the Removal rests entirely on a bad-faith bankruptcy petition (Stockman's most recent delay vehicle across two entities he controls) that was filed days after this Court sanctioned him and is so procedurally deficient that it cannot be regarded as a good-faith reorganization effort. Finally, Stockman's knowing violation of the June 17, 2026 Order warrants a finding of civil contempt and the imposition of sanctions sufficient to coerce compliance and compensate Plaintiff for the expense of responding to this latest abuse.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

### A. The Underlying Dispute and the Arbitration Award.

This matter arises from a business dispute among Stockman, his professional corporation, Michigan Institute of Forensic Science & Medicine, P.C. ("MIFSM"), and Dr. Bush. In December 2021, Stockman and MIFSM sued Bush in the Saginaw County

5

Circuit Court, asserting four state-law claims. Ex. B at 2. Bush filed a counter-complaint asserting ten state-law claims against Stockman and MIFSM. Id. The state court dismissed Stockman's and MIFSM's claims, leaving only Bush's counter-complaint. Id. The parties stipulated to binding arbitration, which resulted in a $551,800.00 award in favor of Bush and against Stockman and MIFSM. Id. Bush then sought to reduce that award to a judgment in the Saginaw County Circuit Court. Id.

### B.  Stockman's First Three Removals, All Remanded.

Rather than permit entry of judgment, Stockman has repeatedly removed the state-court proceeding to this Court. His first Removal, in June 2025, asserted that the arbitration proceedings were defective under the Federal Arbitration Act. Ex. B at 2–3. Judge Ludington remanded, holding that the FAA confers no independent federal-question jurisdiction and that the well-pleaded complaint asserted only state-law claims. Ex. B at 3–4. His second Removal, in August 2025, asserted a purported First Amendment "substantial federal issue" in Bush's counterclaim. Ex. A at 3. This Court remanded, holding both that Stockman—the original state-court plaintiff—was not a "defendant" authorized to remove under 28 U.S.C. § 1441(a), see Home Depot U.S.A., Inc. v. Jackson, 587 U.S. 435 (2019), and that no federal question existed. Ex. A at 3–5. His third Removal, in October 2025, recharacterized Bush's re-notice of a judgment hearing as an "other paper" within the meaning of 28 U.S.C. § 1446(b)(3) reopening the Removal period. Ex. A at 3. This Court again remanded. Ex. A at 5.

6

### C.  The June 18, 2026 Sanctions Award and the June 17, 2026 Injunction.

This Court has twice sanctioned Stockman's abuse of the Removal statute. In connection with the second Removal, this Court awarded Bush attorney's fees under 28 U.S.C. § 1447(c), and on June 18, 2026 fixed that award at $4,176.00, ordering Stockman to pay within 30 days. Ex. D at 8. In connection with the third Removal, this Court, on June 17, 2026, found that Stockman "lacked an objectively reasonable basis" for Removal, that he had improperly removed multiple other state-court actions to this Court,[1] and that prior warnings had proved "ineffective in deterring his vexatious conduct." Ex. A at 6–7. The Court accordingly declared Stockman a *vexatious litigant* and entered the injunction at the center of this Motion:

> Stockman is therefore enjoined from commencing any new action in this Court, including by filing a notice of Removal, without first obtaining leave of court. To obtain leave of court, Stockman must file a motion captioned "Motion Pursuant to Court Order Seeking Leave to File" that explains the legal and factual basis for the proposed filing . . . [and] must attach to the motion (1) the proposed filing, and (2) a copy of this order.

Ex. A at 7–8. The Order warned that failure to comply "may constitute sufficient grounds to deny leave." Id. at 8.

### D.  The Serial, Bad-Faith Bankruptcy Filings.

Stockman and MIFSM have repeatedly resorted to tactical bankruptcy filings timed to freeze enforcement. When Bush first moved to remand in 2025, MIFSM filed for bankruptcy on July 10, 2025, automatically staying the action as to MIFSM; that petition

---

[1]See Ex. A at 6 (citing *GOF Finance-C, LLC v. Becker-Pressente, LLC*, No. 1:25-cv-13749 (E.D. Mich.); *Lab'y Corp. of Am., Inc. v. Mich. Health Clinics, PC*, No. 1:26-cv-11208 (E.D. Mich.); *Sensus Healthcare, Inc. v. Mich. Health Clinics, P.C.*, No. 1:25-cv-13515 (E.D. Mich.); and *Neogenomics Labs., Inc. v. Stockman*, No. 4:25-cv-14038 (E.D. Mich.)). This Court found that each of these Removal attempts likewise lacked an objectively reasonable basis for Removal. Ex. A at 6.

7

was dismissed just 21 days later, on July 31, 2025. Ex. B at 2–3. Now, days after this Court fixed the $4,176.00 sanction and entered the injunction, Stockman has filed his own petition. On June 26, 2026, eight days after the June 18 sanctions order and within the 30-day period to pay it, Stockman filed a voluntary Chapter 11, Subchapter V petition (Case No. 26-20982). Ex. G. That petition is facially deficient: the filing fee was not paid; the Bankruptcy Court issued a Notice of Deficient Pleading identifying a missing creditor list, a missing or non-compliant installment-fee application, and a missing or non-compliant petition cover sheet; a Notice of Failure to Submit the required statement concerning Social Security numbers issued; and a Notice of Missing Documents issued, reflecting that the schedules, statement of financial affairs, cash-flow statement, balance sheet, and credit-counseling certificate were all outstanding. Ex. G.

The Court may wish to take note of the fact that on June 10, 2026, the Michigan Department of Licensing and Regulatory Affairs filed an Administrative Complaint against David Stockman arising out of Stockman's personal failure for over a year to supply the parents of a deceased teenager with an autopsy and other vital medical information, alleging his actions to demonstrate:

1.  Violations of the "General Duty" he is required to maintain as a physician, and
2.  A departure from "minimal standards of acceptable and prevailing practice," and
3.  A demonstration of his "lack of good moral character," and
4.  A violation of the Medical Records Access Act (See Exhibit H attached.)

**E. The Fourth Removal, Filed in Violation of the Injunction.**

On July 6, 2026, Stockman removed the state-court proceeding a fourth time, this time invoking 28 U.S.C. §§ 1334(b) and 1452(a) and asserting that the action is "related to" his new bankruptcy case. Ex. E at 1–2. Stockman filed the Notice of Removal pro se

8

and without paying the filing fee. Ex. F. He did not file a "Motion Pursuant to Court Order Seeking Leave to File," and he did not obtain leave of court. Instead, in paragraph 7 of the Notice, Stockman expressly acknowledged the June 17, 2026 injunction, attached it to his filing, and argued that leave was unnecessary because the Removal was "necessitated by the independent intervening event" of his bankruptcy and the "self-executing automatic stay." Ex. E at 4. The matter was reassigned to this Court under Local Rule 83.11. Ex. F. The next day, July 7, 2026, Stockman filed a "Notice of Bankruptcy Filing and Automatic Stay" in a separate, already-remanded case before this Court, expressly seeking to freeze enforcement of the June 18, 2026 sanctions award. Ex. I.

Moreover, neither the June 26, 2026 bankruptcy petition nor the July 6, 2026 Removal papers were served upon Plaintiff's counsel before the scheduled July 6, 2026 hearing in the Saginaw County Circuit Court. As a result, the automatic stay purportedly occasioned by the Removal was concealed from both the state court and Plaintiff until counsel appeared for the hearing and was informed of it in open court. This concealment is consistent with Stockman's pattern in connection with the prior bankruptcies and Removals, in which the fact of each automatic stay has been withheld until opposing counsel and the court were inconvenienced by appearing. At the July 6, 2026 hearing, which Stockman first attempted to attend by videoconference without video, prompting the Circuit Court to require his personal appearance and further delaying the proceeding, Stockman was asked directly whether he had obtained this Court's leave to file the Removal, as the June 17, 2026 Order requires. He refused to answer. Notwithstanding, in light of the Removal the Circuit Court declined to enter judgment against Stockman,

and further declined to enter judgment against the corporate Defendant, MIFSM, treating the Removal as reaching MIFSM as well, despite MIFSM not being a debtor and without any automatic stay applying to it.

### F. Stockman's Continued, Post-Injunction Abuse of Court Process.

The June 17, 2026 injunction has not deterred Stockman. On July 1, 2026, two weeks after this Court declared him a *vexatious litigant,* Stockman filed a "Comprehensive Motion for Sanctions" in GOF Finance-C, LLC v. Becker-Pressente, LLC, No. 1:25-cv-13749 (E.D. Mich.), one of the very cases this Court identified as having been improperly removed. See Ex. A at 6; Ex. J. That motion is directed personally at Plaintiff's counsel, seeking monetary sanctions, disqualification, and referral to the Michigan Attorney Grievance Commission, and accusing counsel of "conspiratorial" misconduct— notwithstanding that Plaintiff's counsel is neither a party nor counsel of record in that matter. Ex. I. The filing is baseless and illustrates Stockman's escalating use of the court's process to harass those seeking to enforce the arbitration award against him.

### III.    ARGUMENT

### A. The Notice of Removal Should Be Stricken and Vacated as Void Because It Was Filed in Direct Violation of the June 17, 2026 Injunction.

A federal district court possesses inherent authority to enforce its own orders and to strike filings made in violation of an injunction restricting a vexatious litigant's access to the court. Federal courts have long recognized the propriety of pre-filing injunctions against litigants who abuse the judicial process, and the authority to impose such restrictions necessarily includes the authority to enforce them by striking or vacating

filings made in their violation. See Feltner v. Title Search Co., 283 F.3d 838, 841–42 (6th Cir. 2002) (recognizing courts' authority to enjoin vexatious litigants from filing without leave); Filipas v. Lemons, 835 F.2d 1145, 1146 (6th Cir. 1987).

The injunction here could not be clearer. It enjoins Stockman from "commencing any new action in this Court, including by filing a notice of Removal, without first obtaining leave of court." Ex. A at 7 (emphasis added). This Court thus already resolved the very question Stockman now attempts to reopen: whether the filing of a notice of Removal constitutes the commencement of an action within the scope of the injunction. It does, by the Order's express terms. Stockman's contrary argument in paragraph 7 of the Notice, that a Removal compelled by a "self-executing" stay falls outside the injunction, is both wrong and beside the point. The injunction does not permit Stockman to decide for himself whether an exception applies; it requires him to seek leave first, by a specifically captioned motion, with the proposed filing and a copy of the Order attached. Ex. A at 7– 8. Stockman did none of that. He concedes he was aware of the Order, he went so far as to attached it, and he chose to file anyway. The Notice of Removal is therefore void and should be stricken and vacated.

## B. In the Alternative, the Action Should Be Remanded on Equitable Grounds and Under Abstention Principles.

If the Court does not strike the Notice outright, it should remand under 28 U.S.C. § 1452(b), which authorizes remand of a claim removed under the bankruptcy Removal statute "on any equitable ground." See also Parrett v Bank One (In re Nat'l Century Fin Enters.), 323 F. Supp. 2d 861 (2004).  This grant of discretion is broad, and a remand under § 1452(b) is generally not reviewable on appeal. See 28 U.S.C. § 1452(b). Courts

assessing equitable remand weigh factors including judicial economy, comity and respect for state-law determinations, the predominance of state-law issues, the prejudice to involuntarily removed parties, and, critically here, forum-shopping and the good or bad faith of the removing party. See, e.g., Parrett v Bank One (In re Nat'l Century Fin Enters.), 323 F. Supp. 2d 861 (2004); Etterbeek v APTCAM, LLC (In re Lewiston), 521 B.R. 811 (2014)

Every equitable factor favors remand. The dispute involves exclusively state-law claims that were fully adjudicated and reduced to an arbitration award in a state forum; nothing remains but the ministerial entry of a state-court judgment. The removing party is a litigant this Court has already declared vexatious, whose four successive Removals have each been found meritless or improper, and whose current Removal rests on a bankruptcy petition filed in evident bad faith, days after being sanctioned, and riddled with the deficiencies catalogued above. See Ex. G. This is forum-shopping of the most transparent kind. The equities are compounded by Stockman's concealment of the Removal and its purported stay: he served neither the bankruptcy petition nor the Removal papers on Plaintiff's counsel before the July 6, 2026 Circuit Court hearing, withholding the fact of the automatic stay until counsel and the state court were inconvenienced by appearing—the same tactic he has employed with each prior stay. Such gamesmanship is itself a recognized equitable ground for remand under § 1452(b). For the same reasons, permissive abstention under 28 U.S.C. § 1334(c)(1) is warranted: the interest of comity with the state courts and respect for the state-law nature of the proceeding strongly favor allowing the Saginaw County Circuit Court to enter judgment on the award it is poised to confirm.

12

Moreover, the automatic stay does not require the wholesale retention of this action. The arbitration award runs against both Stockman and MIFSM. Ex. B at 2. MIFSM is a separate professional corporation and is not a debtor in Case No. 26-20982; the § 362(a) stay arising from Stockman's personal petition does not stay the proceeding as to MIFSM. Enforcement of the award against MIFSM may proceed in state court regardless of Stockman's personal bankruptcy. The concrete prejudice from the Removal is now apparent: although no stay protects MIFSM, the Circuit Court, confronted with Stockman's Removal, declined to enter judgment against MIFSM as well as against Stockman. The Removal has thus improperly halted entry of judgment against a non-debtor, which is an independent reason to strike the Removal or remand promptly so that the state court may proceed against MIFSM.

## C. An Award of Just Costs and Fees Is Warranted.

This Court has twice found that Stockman's Removals lacked an objectively reasonable basis and has awarded fees under 28 U.S.C. § 1447(c). See Ex. A at 6; Ex. D. Section 1447(c) permits an award of "just costs and any actual expenses, including attorney fees, incurred as a result of the Removal." As the Supreme Court has recognized, fee awards on remand are appropriate to reduce the attractiveness of Removal "as a method for delaying litigation and imposing costs." Martin v. Franklin Cap. Corp., 546 U.S. 132, 140 (2005). A fourth Removal—filed in violation of an injunction and premised on a bad-faith bankruptcy—is the paradigm of an objectively unreasonable Removal, and Plaintiff should be awarded the fees and costs incurred in responding to it.

### D. Stockman Should Be Held in Civil Contempt and Sanctioned.

A party may be held in civil contempt for violating a definite and specific court order of which he had knowledge. The movant must establish the violation by clear and convincing evidence, showing that the order was violated despite the contemnor's ability to comply. Gascho v. Global Fitness Holdings, LLC, 875 F.3d 795, 800 (6th Cir. 2017); accord Elec. Workers Pension Trust Fund of Local Union No. 58 v. Gary's Elec. Serv. Co., 340 F.3d 373, 379 (6th Cir. 2003). Each element is satisfied here. The June 17, 2026 Order is definite and specific: it prohibits Stockman from filing a notice of Removal without first obtaining leave by a specified procedure. Ex. A at 7–8. Stockman had knowledge of the Order—he attached it to the very filing that violated it and discussed it by date and case number. Ex. E at 4. And he was able to comply: nothing prevented him from filing the required "Motion Pursuant to Court Order Seeking Leave to File" before removing. He simply chose not to. His willfulness is confirmed by his conduct at the July 6, 2026 Circuit Court hearing, where, asked directly whether he had obtained this Court's leave to remove, he refused to answer.

Civil contempt sanctions serve two purposes: to compel compliance with the court's order and to compensate the party injured by the noncompliance. See Chambers v. NASCO, Inc., 501 U.S. 32, 45–46 (1991); United States v. United Mine Workers of Am., 330 U.S. 258, 303–04 (1947). Given that monetary sanctions, fee awards, and express warnings have all failed to deter Stockman—indeed, since the injunction issued he has filed both this fourth Removal and a meritless sanctions motion against Plaintiff's counsel in another case, see Ex. J—Plaintiff respectfully submits that meaningful, escalating relief is now warranted. Plaintiff requests that the Court: (i) award Plaintiff the reasonable

attorney's fees and costs incurred as a result of the fourth Removal and this Motion, as a compensatory sanction; (ii) impose a coercive daily monetary sanction for any continued or future violation of the June 17, 2026 Order; and (iii) further coercive sanctions, up to and including coercive confinement, consistent with the Court's civil contempt authority.

**E. The Court Should Retain Jurisdiction to Enforce Its Injunction and Adjudicate Contempt Notwithstanding Remand.**

A remand of the removed action does not divest this Court of jurisdiction to enforce its own injunction or to adjudicate contempt and impose sanctions for its violation. Collateral matters—including sanctions and contempt for the abuse of the court's process—survive a remand or other termination of the underlying action. See Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 395–96 (1990) (collateral sanctions determinations survive dismissal of the underlying action); Willy v. Coastal Corp., 503 U.S. 131, 137–38 (1992). Accordingly, the Court may both return this action to the state court and retain jurisdiction to vindicate its June 17, 2026 Order.

**IV. CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court (1) strike and vacate the July 6, 2026 Notice of Removal as void; (2) in the alternative, remand this action to the Saginaw County Circuit Court under 28 U.S.C. §§ 1452(b) and 1334(c); (3) hold Stockman in civil contempt of the June 17, 2026 Order and impose compensatory and coercive sanctions, including an award of Plaintiff's fees and costs; and (4) retain jurisdiction to enforce the June 17, 2026 Order.

Respectfully submitted,

GARSKE HEWITT & RODENBO, PLC
/s/ Stephan Gaus
Stephan Gaus (P28943)
Attorneys for Plaintiff Russell L. Bush, M.D.
Dated: July 15, 2026

## INDEX OF EXHIBITS

**Exhibit A**     Opinion and Order Granting Motion to Remand and Enjoining David Stockman, dated June 17, 2026 (Case No. 1:25-cv-13417-GAD-APP)

**Exhibit B**     Opinion and Order Granting Motion to Remand, dated August 5, 2025 (Case No. 1:25-cv-11865-TLL-PTM) (first Removal)

**Exhibit C**     Order of Remand of second Removal, dated September 30, 2025 (Case No. 1:25-cv-12659-GAD-APP)

**Exhibit D**     Order Granting in Part and Denying in Part Petition for Attorney's Fees, dated June 18, 2026 (Case No. 1:25-cv-12659-GAD-APP)

**Exhibit E**     Notice of Removal filed July 6, 2026 (Case No. 1:26-cv-12261, ECF No. 1) (fourth Removal)

**Exhibit F**     District Court docket sheet, Case No. 1:26-cv-12261-GAD-PTM

**Exhibit G**     Bankruptcy Court docket, In re David Lewi-Emmanuel Stockman, Case No. 26-20982 (Bankr. E.D. Mich.)

**Exhibit H**     Administrative Complaint

**Exhibit I**     Notice of Bankruptcy Filing and Automatic Stay filed July 7, 2026 (Case No. 2:25-cv-12659-GAD-APP, ECF No. 43)

**Exhibit J**     David Stockman's Comprehensive Motion for Sanctions Against Plaintiff's Counsel, filed July 1, 2026 (GOF Finance-C, LLC v. Becker-Pressente, LLC, Case No. 1:25-cv-13749-DML-PTM, ECF No. 15)

**CERTIFICATE OF SERVICE**

I hereby certify that on July 15, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and that I served a copy upon the following pro se party by electronic mail:

David Lewi-Emmanuel Stockman
5805 McCarty Road
Saginaw, MI 48603
dstockma4@icloud.com

/s/ Stephan Gaus
Stephan Gaus

# EXHIBIT B

Text message from MLive reporter Cole Waterman stating that he possessed the administrative complaint and requesting immediate comment.





**Cole** ›

iMessage
🔒 Encrypted

Tuesday 3:05 PM

Good afternoon, Dr. Stockman,
Cole Waterman here from MLive-The Saginaw News.

I have a copy of an administrative complaint filed against you by the AG's Office on behalf of LARA on June 10, 2026. It states you had 30 days from receipt of it to issue a written response to the allegations contained therein.
I am reaching out to see if you've provided such a response. If so, would you be willing to share it?

Additionally, is there any comment you'd like to provide in response to the allegations in the complaint, particularly those regarding the handling of the 17-year-old Manistique resident Grace L. Miller death investigation?

# EXHIBIT C

Debtor's July 7, 2026 Notice of Bankruptcy Filing and Automatic Stay.

*In re David Lewi-Emmanuel Stockman, Case No. 26-20982-dob*

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

RUSSELL L. BUSH, M.D., MPH,
    Plaintiff,

v.

MICHIGAN INSTITUTE OF FORENSIC
SCIENCE & MEDICINE, P.C.,
and
DAVID STOCKMAN, M.D.,
    Defendants.

Case No. 2:25-cv-12659-GAD-APP
Hon. Gershwin A. Drain

_____/

DAVID STOCKMAN, M.D.,
    Defendant / Counter-Plaintiff,

v.

RUSSELL L. BUSH, M.D., MPH,
    Plaintiff / Counter-Defendant,

and

COUNTY OF SAGINAW, MICHIGAN,
    Counterclaim Defendant.

_____/

## NOTICE OF BANKRUPTCY FILING AND AUTOMATIC STAY

**TO THE COURT, PLAINTIFF, AND ALL PARTIES:**

PLEASE TAKE NOTICE that on or about **June 26, 2026**, Defendant **David Stockman** filed a

voluntary petition for relief under **Chapter 11, Subchapter V** of the Bankruptcy Code in the

United States Bankruptcy Court for the Eastern District of Michigan. The bankruptcy case

number is **26-20982**.

Pursuant to **11 U.S.C. § 362(a)**, the filing of the petition operates as an **automatic stay** of all collection activities and the continuation of any judicial proceeding against the Debtor, including enforcement of the Court's June 18, 2026 Order awarding attorney's fees and costs in the amount of $4,176.00. All parties are directed to immediately cease any collection or enforcement efforts without first obtaining relief from the automatic stay from the Bankruptcy Court.

The Debtor respectfully requests that this Court take notice of the bankruptcy filing and stay all further proceedings in this action pending further order of the Bankruptcy Court or this Court.

Respectfully submitted,

Dated: July 7, 2026

/s/ David Stockman
**David Stockman, M.D.**
Pro Se Defendant
3871 Fortune Blvd
Saginaw, MI 48603
Tel: (989) 341-3017
Email: dstockma4@icloud.com

---

## CERTIFICATE OF SERVICE

I certify that on July 7, 2026, I served a copy of this Notice via CM/ECF (NEF) on all registered users in Case No. 2:25-cv-12659-GAD-APP, including counsel for Plaintiff Russell Bush, and by First Class Mail on any pro se parties.

/s/ David Stockman

# EXHIBIT D

June 10, 2026 unresolved administrative complaint publicly attached by Respondents.

STATE OF MICHIGAN
DEPARTMENT OF LICENSING AND REGULATORY AFFAIRS
BUREAU OF PROFESSIONAL LICENSING
BOARD OF MEDICINE
DISCIPLINARY SUBCOMMITTEE

In the Matter of

DAVID L. STOCKMAN, M.D.
License No. 4301108678                          Complaint No. 43-25-002084
_____/

<u>ADMINISTRATIVE COMPLAINT</u>

Assistant Attorney General S. Tutt Gorman, on behalf of the Department of

Licensing and Regulatory Affairs, Bureau of Professional Licensing (Complainant),

files this complaint against David L. Stockman, M.D. (Respondent), alleging upon

information and belief as follows:

1.      The Board of Medicine, an administrative agency established by the

Public Health Code, MCL 333.1101 *et seq.*, is authorized to find that a licensee has

violated the Code and impose sanctions through its Disciplinary Subcommittee

under the Code.

2.      Respondent is currently licensed to practice medicine and holds a

controlled substance license pursuant to the Code.  At all relevant times,

Respondent practiced as a physician and forensic pathologist at Michigan Health

Clinics and Michigan Institute of Forensic Science & Medicine (MIFSM) in

Saginaw, Michigan.

3.      Section 16221(a) of the Code authorizes the Disciplinary Subcommittee to sanction a licensee for a violation of general duty, consisting of negligence or failure to exercise due care, including negligent delegation to, or supervision of employees or other individuals, whether or not injury results, or any conduct, practice, or condition that impairs, or may impair, the ability to safely and skillfully engage in the practice of the health profession.

4.      Section 16221(b)(i) of the Code authorizes the Disciplinary Subcommittee to sanction a licensee for personal disqualifications, consisting of incompetence, which is defined in section 16106(1) of the Code to mean a departure from, or failure to conform to, minimal standards of acceptable and prevailing practice for a health profession, whether or not actual injury to an individual occurs.

5.      Section 16221(b)(vi) of the Code authorizes the Disciplinary Subcommittee to sanction a licensee for personal disqualifications, consisting of lack of good moral character, which is defined in MCL 338.41 to mean the propensity on the part of the person to serve the public in the licensed area in a fair, honest, and open manner.

6.      Section 16221(r) of the Code authorizes the Disciplinary Subcommittee to sanction a licensee for a violation of the Medical Records Access Act, 2004 PA, MCL 333.26261 to 333.26271.

7.      Section 26265(2)(a) of the Medical Records Access Act provides that a healthcare provider shall, as promptly as required under the circumstances, but not later than 30 days after receipt of the request or if the medical record is not

2

maintained or accessible on-site not later than 60 days after receipt of the request, make the medical record available for inspection or copying, or both, at the health care provider's or health facility's business location during regular business hours or provide a copy of all or part of the medical record, as requested by the patient or his or her authorized representative.

8.      Section 16226 of the Code authorizes the Disciplinary Subcommittee to impose sanctions against persons licensed by the Board if, after an opportunity for a hearing, the Disciplinary Subcommittee determines that a licensee violated one or more of the subdivisions contained in section 16221 of the Code.

## FACTUAL ALLEGATIONS

9.      From approximately 2019 through 2026, Respondent served as a forensic pathologist consultant for MIFSM which provided medical examiner services to several counties in Michigan, including Alger, Marquette, Gogebic and Schoolcraft.

10.      During this time period, Respondent repeatedly failed to produce completed autopsy reports and death-investigation records despite direct requests, formal demands, and subpoenas.  As a result, the decedents' families were prevented from properly administering their loved one's estate.  In many instances, even when Respondent provided the reports, they were incomplete or not provided at all, despite numerous requests from families, as well as local officials.

11.      The Counties requested missing death certificates/autopsy reports from Respondent for 18 individuals who died between October 2024 and March

3

2025.  Respondent did not provide those reports until August 11, 2025, in response to the Bureau's subpoena.  And even then, Respondent only provided reports for 8 of the 18 individuals requested.

G.M.

12.     G.M., a 17-year-old female, passed away in her sleep on October 7, 2024.  On or about January 8, 2025, the family of G.M. formally requested their daughter's autopsy and toxicology reports from Respondent.  To date, Respondent has not provided the documents to the family.

13.     As part of the investigation and in response to a request from the investigator, Respondent provided G.M.'s report to the Bureau on August 11, 2025.

14.     In G.M.'s report, Respondent indicated that there were no "gross structural abnormalities of the conduction system" and no "structural or histological cardiac abnormalities."  However, Respondent's report does not include any histology, tissue samples, or examination that would support these findings. G.M.'s report also indicated that a relative previously tested positive for the pathogenic RYR2 gene variant which can be linked to cardiac arrhythmias[1], including catecholaminergic polymorphic ventricular tachycardia (CPVT). However, Respondent failed to refer G.M.'s family to a company that performs arrythmia/cardiopathy panels to determine if other family members carried the gene variation.

---

[1] Cardiac arrhythmias refers to problems with the rate or rhythm of the heartbeat.

4

<u>COUNT I</u>

15.     Respondent's conduct as described above constitutes a violation of general duty, consisting of negligence or failure to exercise due care, including negligent delegation to, or supervision of employees or other individuals, whether or not injury results, or any conduct, practice, or condition that impairs, or may impair, the ability to safely and skillfully engage in the practice of the health profession, in violation of section 16221(a) of the Code.

<u>COUNT II</u>

16.     Respondent's conduct as described above constitutes a departure from, or failure to conform to, minimal standards of acceptable and prevailing practice for a health profession, whether or not actual injury to an individual occurs, in violation of section 16221(b)(i) of the Code.

<u>COUNT III</u>

17.     Respondent's conduct as described above demonstrates a lack of good moral character in violation of section 16221(b)(vi) of the Code.

<u>COUNT IV</u>

18.     Respondent's conduct as described above constitutes a violation of Section 26265(2) the Medical Records Access Act and section 16221(r) of the Code.

RESPONDENT IS HEREBY NOTIFIED that, pursuant to section 16231(8) of the Public Health Code, Respondent has 30 days from receipt of this complaint to submit a written response to the allegations contained in it.  Pursuant to section 16192(2) of the Code, Respondent is deemed to be in receipt of the complaint 3 days

5

after the date of mailing listed in the attached proof of service.  The written response shall be submitted by email to the Department of Licensing and Regulatory Affairs, Bureau of Professional Licensing to LARA-BPL-RegulationSection@michigan.gov, with a copy mailed to the undersigned assistant attorney general.  If unable to submit a response by email, Respondent may submit by regular mail to the Department of Licensing and Regulatory Affairs, Bureau of Professional Licensing, P.O. Box 30670, Lansing, MI 48909, with a copy mailed to the undersigned assistant attorney general.

Pursuant to section 16231(9) of the Code, failure to submit a written response within the 30-day period shall be treated as an admission of the allegations contained in the complaint and shall result in transmittal of the complaint directly to the Board's Disciplinary Subcommittee for imposition of an appropriate sanction.

In the event Respondent's license is suspended or revoked, Respondent's controlled substance license shall be automatically void pursuant to section 7311(6) of the Public Health Code.

Respectfully submitted,

/s/ S. Tutt Gorman
S. Tutt Gorman (P72943)
Assistant Attorney General
Licensing & Regulation Division
P.O. Box 30758
Lansing, MI 48909
Telephone: (517) 335-7569
Dated: June 10, 2026              Fax: (517) 241-1997

LF: 2025-0444266-A/Stockman, David L., M.D., 002084/Administrative Complaint – 2026-06-10

# EXHIBIT E

District-court docket showing the removed action and postpetition
filings.

Query     Reports     Utilities     Help     Log Out

DQ,LR11.2_NOTICE,PROSE_SERVICE,reassigned

# U.S. District Court
## Eastern District of Michigan (Bay City)
## CIVIL DOCKET FOR CASE #: 1:26-cv-12261-GAD-PTM

Bush v. Michigan Institute of Forensic Science & Medicine, PC et al
Assigned to: District Judge Gershwin A. Drain
Referred to: Magistrate Judge Patricia T. Morris
Cause: 28:1334 Bankruptcy Appeal

Date Filed: 07/06/2026
Jury Demand: Defendant
Nature of Suit: 423 Bankruptcy Withdrawal
Jurisdiction: Federal Question

**Plaintiff**

**Russell L. Bush**

V.

**Defendant**

**Michigan Institute of Forensic Science & Medicine, PC**

**Defendant**

**David L. Stockman**

represented by **David L. Stockman**
3871 Fortune Boulevard
Saginaw, MI 48603
PRO SE

| Date Filed | # | Docket Text |
|---|---|---|
| 07/06/2026 | 1 | NOTICE OF REMOVAL by David L. Stockman from USBC, case number 26-20982. (Attachments: # 1 25-13417 Enjoining Order)[Flint Virtual Intake] (SSch) Modified on 7/6/2026 (SSch). (Entered: 07/06/2026) |
| 07/06/2026 |  | Text-Only Order of reassignment from District Judge Linda V. Parker to District Judge Gershwin A. Drain pursuant to Local Rule 83.11. (SSch) (Entered: 07/06/2026) |
| 07/06/2026 | 2 | Notice of Filing Fee Not Paid. **Correction due by 7/20/2026** (SSch) **[Centrally Printed for Service]** (Entered: 07/06/2026) |
| 07/07/2026 | 3 | NOTICE of Bankruptcy Filing and Request for Stay by David L. Stockman. [Pro Se Upload] (NAhm) (Entered: 07/07/2026) |

| 07/07/2026 | 4 | Notice Regarding Parties' Responsibility to Notify Court of Address Changes (ABun) **[Centrally Printed for Service]** (Entered: 07/07/2026) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 07/07/2026 13:18:08 | | | |
| **PACER Login:** | simonleak | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 1:26-cv-12261-GAD-PTM |
| **Billable Pages:** | 2 | **Cost:** | 0.20 |