**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**NORTHERN DIVISION - BAY CITY**

| | |
|---|---|
| In re: | Case No. 26-20982-dob |
| | Chapter 7 |
| **DAVID LEWI-EMMANUEL STOCKMAN,** | Hon. Daniel S. Opperman |
| Debtor. | |
| ____________________________________/ | |

**STIPULATION FOR VOLUNTARY RULE 2004 EXAMINATION OF OFFIONG FRANCIS IKPATT, M.D.**

David Lewi-Emmanuel Stockman (the "Debtor") and Offiong Francis Ikpatt, M.D. ("Dr. Ikpatt"), by their electronic signatures below, stipulate and agree as follows:

1. The Debtor is the debtor in the above-captioned Chapter 7 case. Samuel D. Sweet is the Chapter 7 Trustee.
2. Dr. Ikpatt has had prior professional dealings and communications with the Debtor and with persons associated with the Michigan Institute of Forensic Science & Medicine ("MIFSM"). The Debtor seeks information that may bear on administration of the bankruptcy estate, including the identification, preservation, evaluation, or valuation of potential claims, defenses, liabilities, business relationships, and other estate-related matters.
3. Dr. Ikpatt voluntarily consents to an examination under Federal Rule of Bankruptcy Procedure 2004. The parties request that the Court enter the proposed order authorizing the examination on the agreed terms stated below.
4. The examination will be conducted remotely by videoconference, including Zoom or another mutually agreed platform, while Dr. Ikpatt is located in Newfoundland and Labrador, Canada. The parties will select a mutually convenient date and time. Unless otherwise agreed in writing, the examination will occur within forty-five (45) days after entry of the Court's order.

5. Dr. Ikpatt agrees to appear voluntarily and does not require service of a subpoena as a condition of the agreed appearance. Nothing in this Stipulation waives any objection to compulsory process in another proceeding or any jurisdictional objection unrelated to this agreed Rule 2004 examination.

6. The examination may be taken under oath and stenographically recorded by a court reporter. The parties may also agree to a neutral video recording. The examination will not exceed seven (7) hours of examination time absent further written agreement or order of the Court.

7. The examination may concern nonprivileged matters within the scope of Rule 2004(b), including Dr. Ikpatt's professional dealings and communications with the Debtor; his knowledge concerning MIFSM, its forensic and autopsy-related operations, business relationships, personnel, contracts, revenues, liabilities, and professional activities; communications involving the Debtor, MIFSM, Russell Bush, Marcus Atkins, or other persons involved in MIFSM-related matters; and facts that may bear on potential estate claims, defenses, damages, liabilities, or administration.

8. This Stipulation does not itself compel document production. Dr. Ikpatt may voluntarily provide documents or electronically stored information by further written agreement. Any compulsory document request not agreed to requires further agreement or appropriate court process.

9. Dr. Ikpatt does not waive attorney-client privilege, work-product protection, privacy rights, or any other applicable privilege or protection. The Debtor likewise preserves all rights and objections. Any question implicating a claimed privilege or protection may be addressed on the record and, if necessary, presented to the Court.

10. Dr. Ikpatt's agreement to participate is not an admission of liability, wrongdoing, the merits of any claim, or the existence or value of any cause of action. The agreement is solely intended to permit an orderly voluntary examination under Rule 2004.

11. Nothing in this Stipulation limits the authority, rights, or duties of Chapter 7 Trustee Samuel D. Sweet. The Trustee will receive notice through CM/ECF upon filing, may attend the examination, and may request access to the transcript for estate-administration purposes, subject to applicable privilege, confidentiality, and further order of the Court.

12. Because the examination is consensual, the parties request entry of the proposed order without the necessity of a contested hearing.

13. Each signatory expressly authorizes the use of the "/s/" electronic signature appearing below for filing this Stipulation with the Court and represents that the signature is placed with that signatory's consent.

Dated: September 3, 2026

**AGREED:**
/s/ David Lewi-Emmanuel Stockman
**David Lewi-Emmanuel Stockman**
Debtor, Pro Se
5805 McCarty Road
Saginaw, Michigan 48603
dstockma4@icloud.com

**AGREED:**
/s/ Offiong Francis Ikpatt, M.D.
**Offiong Francis Ikpatt, M.D.**
148 Torbay Road
St. John's, NL A1A 2H2
Canada

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**NORTHERN DIVISION - BAY CITY**

In re:

**DAVID LEWI-EMMANUEL STOCKMAN,**
Debtor.
____________________________________/

Case No. 26-20982-dob
Chapter 7
Hon. Daniel S. Opperman

**PROPOSED ORDER AUTHORIZING VOLUNTARY RULE 2004 EXAMINATION OF OFFIONG FRANCIS IKPATT, M.D.**

Upon the filed Stipulation of David Lewi-Emmanuel Stockman and Offiong Francis Ikpatt, M.D., and the Court being otherwise sufficiently advised,

1. The Stipulation is APPROVED.
2. Offiong Francis Ikpatt, M.D. may be examined under Federal Rule of Bankruptcy Procedure 2004 on the consensual terms stated in the Stipulation.
3. The examination shall occur remotely by videoconference on a mutually agreed date and time, ordinarily within forty-five (45) days after entry of this Order unless the parties agree otherwise in writing.
4. Dr. Ikpatt's appearance is voluntary. No subpoena is required as a condition of the agreed appearance.
5. The examination may be taken under oath and stenographically recorded and shall not exceed seven (7) hours of examination time absent further written agreement or order of the Court.
6. The examination may address nonprivileged matters within the scope of Rule 2004(b), including the subject areas identified in the Stipulation.
7. This Order does not compel document production. Any document or ESI production shall be by further written agreement or appropriate court process.
8. All applicable privileges, protections, confidentiality rights, and objections are preserved.

9. Nothing in this Order limits the authority, rights, or duties of Chapter 7 Trustee Samuel D. Sweet. The Trustee may attend the examination and may request access to the transcript for estate-administration purposes, subject to applicable privilege, confidentiality, or further order.

10. The Court retains jurisdiction to enforce or modify this Order.

**IT IS SO ORDERED.**