UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION - BAY CITY

IN RE:

DAVID LEWI-EMMANUEL STOCKMAN,

Debtor.

Case No. 26-20982-dob
Chapter 7 Proceeding
Hon. Daniel S. Opperman

_____________________________________/

ORDER PARTIALLY GRANTING AND PARTIALLY DENYING MOTION FOR ORDER TO SHOW CAUSE, CIVIL CONTEMPT, AND SANCTIONS, AND DIRECTING PRESERVATION OF EVIDENCE

This matter came before the Court on August 13, 2026 for hearing on Debtor's Emergency Motion for Order to Show Cause, Civil Contempt, and Sanctions ("Motion") (Docket No. 90). The Court heard arguments from Debtor and Stephan M. Gaus, appearing on behalf of creditor Russell L. Bush, M.D. Subsequently, the Debtor submitted a proposed order (Docket No. 179) and Russell Bush filed an objection to that proposed order (Docket No. 199). The Court has reviewed these pleadings and concludes this order should be entered without a hearing. For the reasons stated on the record, and solely to memorialize the Court's oral ruling without enlarging the relief granted at the hearing, IT IS ORDERED:

1. Debtor's Emergency Motion for Order to Show Cause, Civil Contempt, and Sanctions (Docket No. 90) is PARTIALLY GRANTED solely to the extent of preservation of evidence.
2. Stephan M. Gaus and his office, Garske Hewitt & Rodenbo, PLC, shall preserve and shall not scrub, erase, delete, destroy, overwrite, purge, or otherwise cause the loss of all emails, text messages, communications, drafts, metadata, and communications with Cole Waterman, MLive, any other media outlet, or any other third party believed to be connected with any media outlet concerning: (a) the July 15, 2026 filing of the Debtor addressed at the August 13, 2026 hearing; (b) the Administrative Complaint regarding the Debtor

addressed at that hearing; or (c) this bankruptcy case, to the extent encompassed by the preservation request the Court addressed and granted on August 13, 2026.

3. This Order requires preservation only. It does not require production or disclosure of material at this time and does not adjudicate or waive any claim of attorney-client privilege, work-product protection, or other applicable privilege or protection.
4. No relief beyond the preservation relief stated above is granted by this written Order. Nothing in this Order adjudicates any separately pending request for sanctions, damages, disqualification, discovery, protective relief, or relief based on conduct not adjudicated at the August 13, 2026 hearing.
5. The preservation obligation imposed by this Order remains in effect until further order of this Court.

The remainder of the relief requested in the Motion is DENIED.

**Signed on September 4, 2026**

**/s/ Daniel S. Opperman**

**Daniel S. Opperman**
**United States Bankruptcy Judge**