**Fill in this information to identify your case and this filing:**

Debtor 1 David Lewi-Emmanuel Stockman
First Name Middle Name Last Name

Debtor 2
(Spouse, if filing) First Name Middle Name Last Name

United States Bankruptcy Court for the: Eastern District of Michigan

Case number 26-20982-dob

☒ heck if this is an mended filing

# Official Form 106A/B

# Schedule A/B: Property

12/15

**In each category, separately list and describe items. List an asset only once. If an asset fits in more than one category, list the asset in the category where you think it fits best. Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.**

## Part 1: Describe Each Residence, Building, Land, or Other Real Estate You Own or Have an Interest In

1. **Do you own or have any legal or equitable interest in any residence, building, land, or similar property?**

☐ No. Go to Part 2.
☒ Yes. Where is the property?

1.1. 5805 McCarty Rd.
Street address, if available, or other description

Saginaw MI 48603
City State ZIP Code

Saginaw
County

**What is the property?** Check all that apply.
☒ Single-family home
☐ Duplex or multi-unit building
☐ Condominium or cooperative
☐ Manufactured or mobile home
☐ Land
☐ Investment property
☐ Timeshare
☐ Other ______

**Who has an interest in the property?** Check one.
☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☒ At least one of the debtors and another

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

**Current value of the entire property?** $ 750,000

**Current value of the portion you own?** $ 750,000

**Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.**

Debtor and nonfiling spouse, husband and wife, tenants by the entirety.

☐ **Check if this is community property** (see instructions)

**Other information you wish to add about this item, such as local property identification number:** Parcel ID 23-12-4-08-2023-004; appraised by Frankenmuth Credit Union at $750,000 in 2025.

If you own or have more than one, list here:

1.2. ______
Street address, if available, or other description

______
City State ZIP Code

______
County

**What is the property?** Check all that apply.
☐ Single-family home
☐ Duplex or multi-unit building
☐ Condominium or cooperative
☐ Manufactured or mobile home
☐ Land
☐ Investment property
☐ Timeshare
☐ Other ______

**Who has an interest in the property?** Check one.
☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

**Current value of the entire property?** $______

**Current value of the portion you own?** $______

**Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.**

______

☐ **Check if this is community property** (see instructions)

**Other information you wish to add about this item, such as local property identification number:** ______

1.3. ______________________________
Street address, if available, or other description

______________________________

______________________________
City State ZIP Code

______________________________
County

**What is the property?** Check all that apply.

- ☐ Single-family home
- ☐ Duplex or multi-unit building
- ☐ Condominium or cooperative
- ☐ Manufactured or mobile home
- ☐ Land
- ☐ Investment property
- ☐ Timeshare
- ☐ Other ______________________________

**Who has an interest in the property?** Check one.

- ☐ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another

**Other information you wish to add about this item, such as local property identification number:** ______________________________

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

| **Current value of the entire property?** | **Current value of the portion you own?** |
|---|---|
| $________ | $________ |

**Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.**

______________________________

☐ **Check if this is community property** (see instructions)

2. **Add the dollar value of the portion you own for all of your entries from Part 1, including any entries for pages you have attached for Part 1. Write that number here. ............................................................................➔** $ 750,000

## Part 2: Describe Your Vehicles

**Do you own, lease, or have legal or equitable interest in any vehicles, whether they are registered or not?** Include any vehicles you own that someone else drives. If you lease a vehicle, also report it on *Schedule G: Executory Contracts and Unexpired Leases.*

3. **Cars, vans, trucks, tractors, sport utility vehicles, motorcycles**

- ☐ No
- ☒ Yes

3.1. Make: Chevrolet
Model: Silverado
Year: 2021
Approximate mileage: 71,000
Other information:
Titled solely to Debtor 1; financed through GM Financial; VIN and exact mileage pending.

**Who has an interest in the property?** Check one.

- ☒ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another

☐ **Check if this is community property** (see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

| **Current value of the entire property?** | **Current value of the portion you own?** |
|---|---|
| $ 45,000 | $ 45,000 |

If you own or have more than one, describe here:

3.2. Make: ________
Model: ________
Year: ________
Approximate mileage: ________
Other information:

**Who has an interest in the property?** Check one.

- ☐ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another

☐ **Check if this is community property** (see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

| **Current value of the entire property?** | **Current value of the portion you own?** |
|---|---|
| $________ | $________ |

3.3. Make: ____________
Model: ____________
Year: ____________
Approximate mileage: ____________
Other information:

**Who has an interest in the property?** Check one.

- ❑ Debtor 1 only
- ❑ Debtor 2 only
- ❑ Debtor 1 and Debtor 2 only
- ❑ At least one of the debtors and another

❑ **Check if this is community property** (see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

| Current value of the entire property? | Current value of the portion you own? |
|---|---|
| $ | $ |

3.4. Make: ____________
Model: ____________
Year: ____________
Approximate mileage: ____________
Other information:

**Who has an interest in the property?** Check one.

- ❑ Debtor 1 only
- ❑ Debtor 2 only
- ❑ Debtor 1 and Debtor 2 only
- ❑ At least one of the debtors and another

❑ **Check if this is community property** (see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

| Current value of the entire property? | Current value of the portion you own? |
|---|---|
| $ | $ |

4. **Watercraft, aircraft, motor homes, ATVs and other recreational vehicles, other vehicles, and accessories**
*Examples:* Boats, trailers, motors, personal watercraft, fishing vessels, snowmobiles, motorcycle accessories

- ☒ No
- ❑ Yes

4.1. Make: ____________
Model: ____________
Year: ____________
Other information:

**Who has an interest in the property?** Check one.

- ❑ Debtor 1 only
- ❑ Debtor 2 only
- ❑ Debtor 1 and Debtor 2 only
- ❑ At least one of the debtors and another

❑ **Check if this is community property** (see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

| Current value of the entire property? | Current value of the portion you own? |
|---|---|
| $ | $ |

If you own or have more than one, list here:

4.2. Make: ____________
Model: ____________
Year: ____________
Other information:

**Who has an interest in the property?** Check one.

- ❑ Debtor 1 only
- ❑ Debtor 2 only
- ❑ Debtor 1 and Debtor 2 only
- ❑ At least one of the debtors and another

❑ **Check if this is community property** (see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

| Current value of the entire property? | Current value of the portion you own? |
|---|---|
| $ | $ |

5. **Add the dollar value of the portion you own for all of your entries from Part 2, including any entries for pages you have attached for Part 2. Write that number here** ........ ➔ $ 45,000

## Part 3: Describe Your Personal and Household Items

**Do you own or have any legal or equitable interest in any of the following items?**

**Current value of the portion you own?**
Do not deduct secured claims or exemptions.

6. **Household goods and furnishings**
*Examples*: Major appliances, furniture, linens, china, kitchenware
☐ No
☒ Yes. Describe......... Furniture, appliances, linens, kitchenware; debtor's 50% interest in jointly owned household goods. $ 12,000

7. **Electronics**
*Examples:* Televisions and radios; audio, video, stereo, and digital equipment; computers, printers, scanners; music collections; electronic devices including cell phones, cameras, media players, games
☐ No
☒ Yes. Describe.......... Ordinary TVs, computers, phones, and electronics. $ 2,000

8. **Collectibles of value**
*Examples:* Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; stamp, coin, or baseball card collections; other collections, memorabilia, collectibles
☐ No
☒ Yes. Describe.......... Ordinary books, art, memorabilia and collectibles; no item over $1,000 reported. $ 500

9. **Equipment for sports and hobbies**
*Examples:* Sports, photographic, exercise, and other hobby equipment; bicycles, pool tables, golf clubs, skis; canoes and kayaks; carpentry tools; musical instruments
No
☒ Yes. Describe.......... Workout/exercise equipment; estimated current value of Debtor's interest. $ 15,000

10. **Firearms**
*Examples:* Pistols, rifles, shotguns, ammunition, and related equipment
No
☒ Yes. Describe.......... One old shotgun. $ 50

11. **Clothes**
*Examples:* Everyday clothes, furs, leather coats, designer wear, shoes, accessories
☐ No
☒ Yes. Describe.......... Everyday clothing and shoes owned solely by Debtor 1. $ 1,000

12. **Jewelry**
Examples: Everyday jewelry, costume jewelry, engagement rings, wedding rings, heirloom jewelry, watches, gems, gold, silver
☒ No
Yes. Describe.......... $

13. **Non-farm animals**
*Examples:* Dogs, cats, birds, horses
☒ No
☐ Yes. Describe.......... $

14. **Any other personal and household items you did not already list, including any health aids you did not list**
☒ No
☐ Yes. Give specific information. .............. $

15. **Add the dollar value of all of your entries from Part 3, including any entries for pages you have attached for Part 3. Write that number here** ........ ➔ $ 30,550

## Part 4: Describe Your Financial Assets

**Do you own or have any legal or equitable interest in any of the following?**

**Current value of the portion you own?** Do not deduct secured claims or exemptions.

16. **Cash**
*Examples:* Money you have in your wallet, in your home, in a safe deposit box, and on hand when you file your petition

☐ No
☒ Yes .......... Cash: .......... $ 500

17. **Deposits of money**
*Examples:* Checking, savings, or other financial accounts; certificates of deposit; shares in credit unions, brokerage houses, and other similar institutions. If you have multiple accounts with the same institution, list each.

☐ No
☒ Yes .......... Institution name:

17.1. Checking account: Bank of America - joint checking with nonfiling spouse; open on petition date; closed postpetition. $ 0
17.2. Checking account:
17.3. Savings account: $
17.4. Savings account: $
17.5. Certificates of deposit: $
17.6. Other financial account: $
17.7. Other financial account: $
17.8. Other financial account: $
17.9. Other financial account: $

18. **Bonds, mutual funds, or publicly traded stocks**
*Examples:* Bond funds, investment accounts with brokerage firms, money market accounts

☒ No
☐ Yes .......... Institution or issuer name:

$
$
$

19. **Non-publicly traded stock and interests in incorporated and unincorporated businesses, including an interest in an LLC, partnership, and joint venture**

☐ No
☒ Yes. Give specific information about them..........

Name of entity: % of ownership:

See attached addendum.

20. **Government and corporate bonds and other negotiable and non-negotiable instruments**

*Negotiable instruments* include personal checks, cashiers' checks, promissory notes, and money orders.
*Non-negotiable instruments* are those you cannot transfer to someone by signing or delivering them.

☒ No
☐ Yes. Give specific information about them...................... Issuer name:

| Issuer name | Value |
|---|---|
| | $ |
| | $ |
| | $ |

21. **Retirement or pension accounts**

*Examples:* Interests in IRA, ERISA, Keogh, 401(k), 403(b), thrift savings accounts, or other pension or profit-sharing plans

☐ No
☒ Yes. List each account separately.

| Type of account: | Institution name: | |
|---|---|---|
| 401(k) or similar plan: | | $ |
| Pension plan: | | $ |
| IRA: | | $ |
| Retirement account: | TIAA-CREF / Central Michigan University 403(b) retirement plan. | 63,000 |
| Keogh: | | $ |
| Details: | | |
| Additional account: | Robinhood Traditional IRA - approx. $7,000 petition-date value; postpetition liquidation/transfer to IRS reported. | 7,000 est. |

22. **Security deposits and prepayments**

Your share of all unused deposits you have made so that you m
*Examples:* Agreements with landlords, prepaid rent, public utiliti
companies, or others

☒ No
☐ Yes.........................

| | Institution name or individual: | |
|---|---|---|
| Electric: | | $ |
| Gas: | | $ |
| Heating oil: | | $ |
| Security deposit on rental unit: | | $ |
| Prepaid rent: | | $ |
| Telephone: | | $ |
| Water: | | $ |
| Rented furniture: | | $ |
| Other: | | $ |

23. **Annuities** (A contract for a periodic payment of money to you, either for life or for a number of years)

☒ No
☐ Yes......................... Issuer name and description:

| Issuer name and description | Value |
|---|---|
| | $ |
| | $ |
| | $ |

24. **Interests in an education IRA**, **in an account in a qualified ABLE program**, **or under a qualified state tuition program.**
26 U.S.C. §§ 530(b)(1), 529A(b), and 529(b)(1).

☒ No
☐ Yes .................................. Institution name and description. Separately file the records of any interests.11 U.S.C. § 521(c):

$
$
$

25. **Trusts, equitable or future interests in property (other than anything listed in line 1), and rights or powers exercisable for your benefit**

☒ No
☐ Yes. Give specific information about them.... $

26. **Patents, copyrights, trademarks, trade secrets, and other intellectual property**
*Examples*: Internet domain names, websites, proceeds from royalties and licensing agreements

☐ No
☒ Yes. Give specific information about them.... Elsevier and other royalty, copyright, website/domain and licensing rights; see continuation. $ 50

27. **Licenses, franchises, and other general intangibles**
*Examples*: Building permits, exclusive licenses, cooperative association holdings, liquor licenses, professional licenses

☐ No
☒ Yes. Give specific information about them.... Michigan medical and professional licenses/credentials; nontransferable; no known market value. $ 0

**Money or property owed to you?**

**Current value of the portion you own?**
Do not deduct secured claims or exemptions.

**28. Tax refunds owed to you**

☒ No
☐ Yes. Give specific information about them, including whether you already filed the returns and the tax years. ....................

Federal, state, and local tax refunds: $0.

| | | |
|---|---|---|
| Federal: | $ | 0 |
| State: | $ | 0 |
| Local: | $ | 0 |

29. **Family support**
*Examples:* Past due or lump sum alimony, spousal support, child support, maintenance, divorce settlement, property settlement

☒ No
☐ Yes. Give specific information.............

| | |
|---|---|
| Alimony: | $ |
| Maintenance: | $ |
| Support: | $ |
| Divorce settlement: | $ |
| Property settlement: | $ |

30. **Other amounts someone owes you**
*Examples:* Unpaid wages, disability insurance payments, disability benefits, sick pay, vacation pay, workers' compensation, Social Security benefits; unpaid loans you made to someone else

☐ No
☒ Yes. Give specific information.............. See attached addendum. 2,186,686.21

31. **Interests in insurance policies**
*Examples:* Health, disability, or life insurance; health savings account (HSA); credit, homeowner's, or renter's insurance

☐ No
☒ Yes. Name the insurance company of each policy and list its value. ...

| Company name: | Beneficiary: | Surrender or refund value: |
|---|---|---|
| Homeowners insurance - carrier/policy pending | Debtor/spouse/lienholder as applicable | $ 0 |
| Automobile insurance - carrier/policy pending | Debtor/GM Financial as applicable | $ 0 |
| Northwestern Mutual life insurance - reported $7,000,000 death benefit; cash surrender value not yet verified. | Beneficiary: verify | 0.00 |

32. **Any interest in property that is due you fr**Northwestern Mutual life insurance - reported $7,000,000 death benefit; cash surrender value $0. Beneficiary: verify.
If you are the beneficiary of a living trust, exp
property because someone has died.

☒ No
☐ Yes. Give specific information............. $

33. **Claims against third parties, whether or not you have filed a lawsuit or made a demand for payment**
*Examples:* Accidents, employment disputes, insurance claims, or rights to sue

☐ No
☒ Yes. Describe each claim. ....................
See attached addendum.

34. **Other contingent and unliquidated claims of every nature, including counterclaims of the debtor and rights to set off claims**
☐ No
☒ Yes. Describe each claim. ....................
See attached addendum.

35. **Any financial assets you did not already list**
☒ No
☐ Yes. Give specific information............

36. **Add the dollar value of all of your entries from Part 4, including any entries for pages you have attached for Part 4. Write that number here** ........................ ➔ $ 2,257,236.21

## Part 5: Describe Any Business-Related Property You Own or Have an Interest In. List any real estate in Part 1.

37. **Do you own or have any legal or equitable interest in any business-related property?**
☒ No. Go to Part 6.
☐ Yes. Go to line 38.

**Current value of the portion you own?**
Do not deduct secured claims or exemptions.

38. **Accounts receivable or commissions you already earned**
☐ No
☐ Yes. Describe....... $

39. **Office equipment, furnishings, and supplies**
*Examples:* Business-related computers, software, modems, printers, copiers, fax machines, rugs, telephones, desks, chairs, electronic devices
☐ No
☐ Yes. Describe....... $

40. **Machinery, fixtures, equipment, supplies you use in business, and tools of your trade**

❑ No
❑ Yes. Describe....... $________

41. **Inventory**

❑ No
❑ Yes. Describe....... $________

42. **Interests in partnerships or joint ventures**

❑ No
❑ Yes. Describe.......

| Name of entity: | % of ownership: | |
|---|---|---|
| | % | $ |
| | % | $ |
| | % | $ |

43. **Customer lists, mailing lists, or other compilations**

❑ No
❑ Yes. **Do your lists include personally identifiable information** (as defined in 11 U.S.C. § 101(41A))**?**

❑ No
❑ Yes. Describe....... $________

44. **Any business-related property you did not already list**

❑ No
❑ Yes. Give specific information .........

$
$
$
$
$
$

45. **Add the dollar value of all of your entries from Part 5, including any entries for pages you have attached for Part 5. Write that number here** ........ ➔ $ 0

**Part 6: Describe Any Farm- and Commercial Fishing-Related Property You Own or Have an Interest In.**
**If you own or have an interest in farmland, list it in Part 1.**

46. **Do you own or have any legal or equitable interest in any farm- or commercial fishing-related property?**

☒ No. Go to Part 7.
❑ Yes. Go to line 47.

**Current value of the portion you own?**
Do not deduct secured claims or exemptions.

47. **Farm animals**

*Examples*: Livestock, poultry, farm-raised fish

❑ No
❑ Yes......................... $________

48. **Crops—either growing or harvested**

- ❑ No
- ❑ Yes. Give specific information. ............ $________

49. **Farm and fishing equipment, implements, machinery, fixtures, and tools of trade**

- ❑ No
- ❑ Yes ........................ $________

50. **Farm and fishing supplies, chemicals, and feed**

- ❑ No
- ❑ Yes ........................ $________

51. **Any farm- and commercial fishing-related property you did not already list**

- ❑ No
- ❑ Yes. Give specific information. ............ $________

52. **Add the dollar value of all of your entries from Part 6, including any entries for pages you have attached for Part 6. Write that number here** ........ ➔ $ 0

## Part 7: Describe All Property You Own or Have an Interest in That You Did Not List Above

53. **Do you have other property of any kind you did not already list?**
*Examples:* Season tickets, country club membership

- ☒ No
- ❑ Yes. Give specific information. ............ $________ $________ $________

54. **Add the dollar value of all of your entries from Part 7. Write that number here** ........ ➔ $ 0

## Part 8: List the Totals of Each Part of this Form

55. **Part 1: Total real estate, line 2** ........ ➔ $ 750,000.00

56. **Part 2: Total vehicles, line 5** $ 45,000.00

57. **Part 3: Total personal and household items, line 15** $ 30,550.00

58. **Part 4: Total financial assets, line 36** $ 2,257,236.21

59. **Part 5: Total business-related property, line 45** $ 0.00

60. **Part 6: Total farm- and fishing-related property, line 52** $ 0.00

61. **Part 7: Total other property not listed, line 54** + $ 0.00

62. **Total personal property.** Add lines 56 through 61. .................... $ 2,332,786.21 **Copy personal property total -> + $** 2,332,786.21

63. **Total of all property on Schedule A/B.** Add line 55 + line 62. ........ $ 3,082,786.21

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**NORTHERN DIVISION**

| | |
|---|---|
| In re: | Case No. 26-20982-dob |
| | Chapter 7 |
| DAVID L. STOCKMAN, | Hon. Daniel S. Opperman |

Debtor.

## ADDENDUM TO SCHEDULE A/B
## QUESTION 19 - BUSINESS OWNERSHIP INTERESTS

Debtor supplements Schedule A/B, Question 19, to identify his direct ownership interests and the subsidiary entities through which those interests are held. Unless otherwise stated, the values below are the Debtor's good-faith estimates of the fair market value of his ownership interests as of the petition date. Subsidiaries are disclosed for completeness and are not assigned a separate value where the Debtor's economic interest is held through and reflected in the parent entity.

1. Michigan Health Clinics, P.C. - EIN 38-3472092. Debtor owns 100% of Michigan Health Clinics, P.C. Michigan Health Clinics is a physician-clinic operating entity with relatively few unencumbered tangible assets. The majority of its higher-value medical and other equipment is leased and/or encumbered. Based on the limited unencumbered asset base, the entity's obligations, and the lack of positive net realizable equity in a sale, Debtor estimates the fair market value of his ownership interest at $0.00.

The following entities are subsidiaries of, or held underneath, Michigan Health Clinics, P.C.:

- Covenant Pathology Associates, P.C., formerly known as Coordinated Health Providers, P.C. - EIN 84-4421692. No separate value is assigned apart from Debtor's interest in Michigan Health Clinics, P.C.
- Urologic Diagnostic Laboratories - EIN 87-3870461. Subsidiary of Covenant Pathology Associates, P.C. No separate value is assigned apart from Debtor's interest in Michigan Health Clinics, P.C.

- Specialized Pathology Partners, P.C., formerly known as Orthopedic and Sarcoma Associates - EIN 47-5055965. Dissolved. No separate value is assigned apart from Debtor's interest in Michigan Health Clinics, P.C.
- Michigan Skin Clinic - EIN 81-3167576. Dissolved. No separate value is assigned apart from Debtor's interest in Michigan Health Clinics, P.C.
- Michigan Institute of Forensic Science & Medicine - EIN 83-4362800. No separate value is assigned apart from Debtor's interest in Michigan Health Clinics, P.C.
- Michigan Institute of Toxicology - EIN 84-3614445. No separate value is assigned apart from Debtor's interest in Michigan Health Clinics, P.C.

2. Becker-Pressente LLC - EIN 81-4088286. Debtor owns 100% of Becker-Pressente LLC. The entity's only remaining real property is 3925 Fortune Blvd., Saginaw, Michigan. Estimated value of Debtor's ownership interest: $0.00, based on the absence of positive realizable equity to Debtor after consideration of entity-level secured obligations, encumbrances, and liabilities.

3. BPE Group LLC - EIN 84-4810868. Debtor owns 100% of BPE Group LLC. BPE Group is a holding company whose value is derived from its subsidiary interests. Based on Debtor's good-faith assessment of the net realizable value of those subsidiary interests, together with the obligations associated with the entities, Debtor estimates the fair market value of his ownership interest in BPE Group LLC at $0.00.

The following entities are owned by or held underneath BPE Group LLC:

- Great Lakes Bay Staffing Company, Inc. - EIN 92-3783525. No separate value is assigned apart from Debtor's interest in BPE Group LLC.
- Michigan Billing Company, Inc. - EIN 88-2178626. No separate value is assigned apart from Debtor's interest in BPE Group LLC.

4. Saginaw MTA Properties LLC - EIN 85-2612429. Debtor owns 100% of Saginaw MTA Properties LLC. The entity presently has no assets. Its former real property was foreclosed to GOF Finance in May 2025. Estimated value of Debtor's ownership interest: $0.00.

This addendum is intended to supplement Question 19 only. It does not separately list the assets or liabilities of non-debtor entities as assets or liabilities of the Debtor, except to the extent relevant to the valuation of the Debtor's ownership interests.

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**NORTHERN DIVISION**

| | |
|---|---|
| In re: | Case No. 26-20982-dob |
| | Chapter 7 |
| DAVID LEWI-EMMANUEL STOCKMAN, | Hon. Daniel S. Opperman |
| Debtor. | |

## ADDENDUM TO SCHEDULE A/B
## QUESTION 30 - OTHER AMOUNTS SOMEONE OWES DEBTOR

Debtor supplements Schedule A/B, Question 30, to identify prepetition amounts claimed to be owed directly to Debtor. For disclosure purposes, the receivables below are scheduled at their claimed face amounts. Actual recovery may be affected by defenses, offsets, collectability, accounting reconciliation, and pending litigation. Related causes of action are separately disclosed under Question 33 where applicable, without duplicating value.

**1. Michigan Health Clinics, P.C. - $1,553,904.00.** Contractual compensation owed directly to Debtor pursuant to Debtor's compensation agreement with Michigan Health Clinics, P.C.

**2. Michigan Institute of Forensic Science & Medicine - $300,000.00.** Contractual compensation owed directly to Debtor pursuant to Debtor's compensation agreement with Michigan Institute of Forensic Science & Medicine.

**3. Covenant Medical Center, Inc. d/b/a Covenant HealthCare and/or Covenant HealthCare System - $65,000.00.** Unpaid personal medical-director and laboratory-director compensation consisting of fifteen unpaid $3,000 monthly installments ($45,000.00) plus approximately $20,000.00 in additional invoiced professional services and expenses. The amount is disputed and subject to reconciliation. Related litigation is pending in Adv. Proc. No. 26-02024-dob and is separately disclosed under Question 33.

**4. CompHealth - $10,000.00.** Unpaid income owed directly to Debtor for professional work performed before the petition date.

**5. Ziad Daoud, Ph.D. - $244,782.21.** Disputed claim for recovery arising from alleged personal advances, expenditures, contributions, and Debtor's claimed proportional interest in appreciation and/or proceeds relating to Daoud's former Michigan residence. Related litigation is pending in Adv. Proc. No. 26-02023-dob and is separately disclosed under Question 33.

**6. Majd Jundi - $13,000.00.** Amount owed directly to Debtor as compensation or reimbursement for visa-related expenses incurred or paid by Debtor on Jundi's behalf.

**Total claimed face amount of receivables disclosed in this Question 30 Addendum: $2,186,686.21.**

This addendum identifies amounts claimed to be owed directly to Debtor and is not intended to schedule receivables belonging solely to a separate corporation or other non-debtor entity.

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**NORTHERN DIVISION**

| | |
|---|---|
| In re: | Case No. 26-20982-dob<br>Chapter 7 |
| DAVID LEWI-EMMANUEL STOCKMAN, | Hon. Daniel S. Opperman |
| Debtor. | |

## ADDENDUM TO SCHEDULE A/B
## QUESTION 33 - CLAIMS AGAINST THIRD PARTIES

Debtor supplements Schedule A/B, Question 33, to disclose pending lawsuits and affirmative claims against third parties. This disclosure is made broadly for bankruptcy disclosure purposes and does not concede the merits, ownership, standing, collectability, or present value of any claim. Some matters may include claims belonging to the Chapter 7 estate, claims personal to Debtor, claims of separate non-debtor entities, or mixed claims. The rights and authority of the Chapter 7 Trustee are expressly preserved. Where a monetary receivable is also disclosed in Question 30, no additional duplicative value is assigned here. Counterclaims, setoff, recoupment, and indemnification rights are separately disclosed in the Question 34 Addendum where applicable.

**1. Stockman v. Ziad Daoud, Ph.D. - Adv. Proc. No. 26-02023-dob (Bankr. E.D. Mich.).** Recovery action concerning alleged personal advances and expenditures associated with Daoud's relocation, immigration matters, residence renovations, and property taxes, together with Debtor's claimed proportional interest in appreciation and/or sale proceeds of Daoud's former Michigan residence. The action seeks approximately $244,782.21. The monetary claim is also disclosed in Question 30; no additional duplicative value is assigned here. Status/value: pending; claimed amount stated above, subject to defenses and adjudication.

**2. Stockman v. Covenant Medical Center, Inc. d/b/a Covenant HealthCare, et al. - Adv. Proc. No. 26-02024-dob (Bankr. E.D. Mich.).** Action for unpaid personal pathology/medical-director and laboratory-director compensation, declaratory relief, tortious interference, civil conspiracy, and related damages. The direct compensation component includes at least $65,000 in unpaid monthly

medical-director payments and additional invoiced services/expenses and is also disclosed in Question 30. Other tort and consequential damages remain unliquidated. Status/value: pending; no duplicate value assigned to the Question 30 receivable.

**3. Stockman v. Garske, Hewitt & Rodenbo, PLC, Stephan M. Gaus, et al. - Adv. Proc. No. 26-02025-dob (Bankr. E.D. Mich.).** Action seeking turnover and accounting, declaratory relief, common-law and statutory conversion remedies, unjust enrichment, and conditional avoidance/recovery of an alleged postpetition transfer. The dispute concerns funds, accounting, trust-account or related records, alleged overpayment/surplus, and transfers connected to litigation involving Gaus and his law firm. Status/value: pending; unliquidated.

**4. Stockman v. GOF Finance-C, LLC - Adv. Proc. No. 26-02026-dob (Bankr. E.D. Mich.).** Action challenging the amount, allowance, enforceability, secured status, lien extent, and discharge treatment of GOF's asserted obligations. Debtor seeks a complete accounting of payments, foreclosure credits, rents, deposits, collateral recoveries and other credits; asserts fair-value, recoupment and setoff theories; and seeks restitution or recovery of any overpayment together with declaratory and equitable relief. Status/value: pending; unliquidated and dependent on accounting and adjudication.

**5. Stockman v. Wildfire Credit Union, Ben Denay, Karl L. Wenzloff, Wenzloff & Fireman, P.C., Stephan Gaus, and Garske Hewitt Rodenbo PLC - Adv. Proc. No. 26-02027-dob (Bankr. E.D. Mich.).** Verified adversary action concerning Wildfire's asserted debt/default and related litigation conduct. The complaint seeks determinations concerning dischargeability and claim allowance and asserts abuse-of-process, civil-conspiracy, conditional-indemnification, monetary, declaratory, and equitable theories arising from the default proceeding and alleged attribution of business-account conduct to Debtor personally. Status/value: pending; unliquidated.

**6. Stockman v. Covenant HealthCare System, et al. - Adv. Proc. No. 26-02030-dob (Bankr. E.D. Mich.) ("Covenant 2 / T-Shirt").** Action concerning alleged unauthorized commercial and defamatory use of Debtor's name, photograph, copied signature, medical degree, professional title, and

professional identity, including a custom-shirt campaign and related workplace and media dissemination. The complaint also alleges false association/endorsement, defamation by implication, tortious interference, antitrust violations, civil conspiracy, agency/ratification liability, and seeks declaratory, injunctive, preservation, and monetary relief. Status/value: pending; unliquidated.

**7. Stockman v. Cole Waterman, et al. - Saginaw County Circuit Court Case No. 26-001695-NO.** Civil-stalking and related damages action arising from alleged repeated and unwanted electronic/media conduct, including coordinated publication and republication, social-media amplification, pseudonymous/shared-account activity, family identification, publication of restricted forensic-workspace imagery, and display or dissemination of mocking apparel using Debtor's image and signature. The complaint seeks damages exceeding $25,000, exemplary damages, costs, and narrowly tailored declaratory/injunctive and preservation relief. Status/value: pending; unliquidated.

**8. Stockman v. Flint TV License Company, LLC, et al. - Case No. 2:26-cv-03215-BHH-PJG (D.S.C.).** Media-defamation action against the corporate publishers associated with ABC12/WJRT, MLive/Advance, and Becker's. The complaint alleges false or misleading publications and implications concerning Debtor's personal banking conduct, lawsuit/default history, arbitration/judgment status, bankruptcy motives, autopsy certification, medical-license status, and related professional matters. It alleges resulting injury to South Carolina locum-tenens assignments and other professional opportunities and seeks compensatory, special, punitive, declaratory, corrective, and other relief. Status/value: pending; unliquidated.

Debtor reserves the right to supplement this addendum as pleadings are amended, claims are dismissed or transferred, the Chapter 7 Trustee determines ownership or prosecution rights, or additional prepetition claims are identified. Nothing in this addendum is intended to assign to Debtor personally a cause of action that belongs solely to a separate corporation or other non-debtor entity.

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**NORTHERN DIVISION**

In re:

DAVID LEWI-EMMANUEL STOCKMAN,

Debtor.

Case No. 26-20982-dob
Chapter 7
Hon. Daniel S. Opperman

## ADDENDUM TO SCHEDULE A/B QUESTION 34 - CONTINGENT AND UNLIQUIDATED CLAIMS, COUNTERCLAIMS, SETOFF, RECOUPMENT, AND INDEMNIFICATION RIGHTS

Debtor supplements Schedule A/B, Question 34, to disclose contingent and unliquidated rights, including counterclaims, setoff, recoupment, and indemnification rights. These rights are stated separately from the affirmative claims disclosed in Question 33. No additional value is assigned where the same economic recovery is already reflected in Question 33 or another portion of Schedule A/B.

**1. COUNTERCLAIMS / SETOFF / RECOUPMENT - NeoGenomics Laboratories, Inc. v. Stockman, Case No. 4:25-cv-14038 (E.D. Mich.).** Debtor discloses and preserves any affirmative counterclaims, setoff, recoupment, and related defensive monetary rights arising from the NeoGenomics litigation and the transactions underlying that dispute. The precise scope of the rights is controlled by the operative pleadings and remains subject to adjudication. Present value: unliquidated.

**2. SETOFF / RECOUPMENT - Stockman v. GOF Finance-C, LLC, Adv. Proc. No. 26-02026-dob (Bankr. E.D. Mich.).** Debtor asserts rights of setoff and/or recoupment against GOF's asserted indebtedness based on payments, payment application, foreclosure credits, collateral value and recoveries, rents, deposits, proceeds, fees, interest, deficiency calculations, and other credits arising from the same lending, foreclosure, and collection relationships. The related affirmative accounting, restitution, and declaratory claims are disclosed in Question 33. No separate duplicative value is assigned here.

**3. RECOUPMENT / CONDITIONAL INDEMNIFICATION - Stockman v. Wildfire Credit Union, et al., Adv. Proc. No. 26-02027-dob (Bankr. E.D. Mich.).** Debtor asserts recoupment and

conditional indemnification rights arising from the same creditor-debtor relationship, default process, account dispute, and related conduct underlying Wildfire's asserted claim. The adversary complaint also seeks claim allowance and dischargeability determinations and pleads monetary and equitable relief. The related affirmative claims are disclosed in Question 33. Present value: unliquidated; no separate duplicative value assigned.

This addendum is intended as a bankruptcy disclosure of potentially valuable defensive and contingent rights. It does not concede that any opposing claim is valid, does not waive any defense, and does not assign to Debtor personally a claim belonging solely to a separate non-debtor entity. The Chapter 7 Trustee's rights and authority with respect to estate property and estate causes of action are preserved.

**Fill in this information to identify your case:**

Debtor 1: David Lewi-Emmanuel Stockman
First Name / Middle Name / Last Name

Debtor 2 (Spouse, if filing): ____________________
First Name / Middle Name / Last Name

United States Bankruptcy Court for the: Eastern District of Michigan District of ________

Case number (If known): 26-20982-dob

☒ Check if this is an amended filing

Official Form 106C

# Schedule C: The Property You Claim as Exempt

04/25

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. Using the property you listed on *Schedule A/B: Property* (Official Form 106A/B) as your source, list the property that you claim as exempt. If more space is needed, fill out and attach to this page as many copies of *Part 2: Additional Page* as necessary. On the top of any additional pages, write your name and case number (if known).

**For each item of property you claim as exempt, you must specify the amount of the exemption you claim. One way of doing so is to state a specific dollar amount as exempt. Alternatively, you may claim the full fair market value of the property being exempted up to the amount of any applicable statutory limit. Some exemptions—such as those for health aids, rights to receive certain benefits, and tax-exempt retirement funds—may be unlimited in dollar amount. However, if you claim an exemption of 100% of fair market value under a law that limits the exemption to a particular dollar amount and the value of the property is determined to exceed that amount, your exemption would be limited to the applicable statutory amount.**

## Part 1: Identify the Property You Claim as Exempt

1. **Which set of exemptions are you claiming?** *Check one only, even if your spouse is filing with you.*
   - ☒ You are claiming state and federal nonbankruptcy exemptions. 11 U.S.C. § 522(b)(3)
   - ☐ You are claiming federal exemptions. 11 U.S.C. § 522(b)(2)

2. **For any property you list on *Schedule A/B* that you claim as exempt, fill in the information below.**

| Brief description of the property and line on *Schedule A/B* that lists this property | Current value of the portion you own (Copy the value from *Schedule A/B*) | Amount of the exemption you claim (*Check only one box for each exemption.*) | Specific laws that allow exemption |
|---|---|---|---|
| Brief description: 5805 McCarty Rd. - principal residence; husband and wife, tenants by the entirety<br>Line from *Schedule A/B*: 1.1 | $ 750,000 | ☐ $ ______<br>☒ 100% of fair market value, up to any applicable statutory limit | 11 U.S.C. § 522(b)(3)(B)<br>~~MCL 600.5451(1)(n)~~<br>MCL 600.6023a |
| Brief description: 2021 Chevrolet Silverado<br>Line from *Schedule A/B*: 3.1 | $ 45,000 | ☒ $ 4,725<br>☐ 100% of fair market value, up to any applicable statutory limit | MCL 600.5451(1)(g)<br>~~2026 adjusted limit~~ |
| Brief description: Everyday clothing and shoes; excluding furs<br>Line from *Schedule A/B*: 11 | $ 1,000 | ☐ $ ______<br>☒ 100% of fair market value, up to any applicable statutory limit | MCL 600.5451(1)(a)(iii) |

3. **Are you claiming a homestead exemption of more than $214,000?**
   (Subject to adjustment on 4/01/25 and every 3 years after that for cases filed on or after the date of adjustment.)
   - ☒ No
   - ☐ Yes. Did you acquire the property covered by the exemption within 1,215 days before you filed this case?
     - ☐ No
     - ☐ Yes

Debtor 1 David Lewi-Emmanuel Stockman
First Name Middle Name Last Name

Case number (*if known*) 26-20982-dob

**Part 2: Additional Page**

| Brief description of the property and line on *Schedule A/B* that lists this property | Current value of the portion you own<br>Copy the value from *Schedule A/B* | Amount of the exemption you claim<br>*Check only one box for each exemption* | Specific laws that allow exemption |
|---|---|---|---|
| Brief description: Household goods/furnishings, appliances, and multiple home sports/exercise items<br>Line from *Schedule A/B*: 6 and 9 | 27,000 | ☒ $ 5,125<br>☐ 100% of fair market value, up to any applicable statutory limit | MCL 600.5451(1)(c)<br>2026 adjusted limits:<br>$775/item; $5,125 aggregate |
| Brief description: One computer and accessories within ~~electronics~~<br>Line from *Schedule A/B*: 7 | $ 2,000* | ☒ $ 875<br>☐ 100% of fair market value, up to any applicable statutory limit | MCL 600.5451(1)(h)<br>2026 adjusted limit<br>*line 7 total electronics |
| Brief description: TIAA-CREF / Central Michigan University 403(b) retirement plan<br>Line from *Schedule A/B*: 21 | $ 63,000 | ☐ $<br>☒ 100% of fair market value, up to any applicable statutory limit | 11 U.S.C. § 522(b)(3)(C)<br>(403(b) retirement funds) |
| Brief description: Family pictures included within line 8 collectibles<br>Line from *Schedule A/B*: 8 | $ Nominal | ☐ $<br>☒ 100% of fair market value, up to any applicable statutory limit | MCL 600.5451(1)(a)(i) |
| Brief description: Robinhood Traditional IRA<br>Line from *Schedule A/B*: 21 | $ 7,000 | ☐ $<br>☒ 100% of fair market value, up to any applicable statutory limit | 11 U.S.C. § 522(b)(3)(C);<br>MCL 600.5451(1)(k) |
| Brief description:<br>Line from *Schedule A/B*: | $ | ☐ $<br>☐ 100% of fair market value, up to any applicable statutory limit | |
| Brief description:<br>Line from *Schedule A/B*: | $ | ☐ $<br>☐ 100% of fair market value, up to any applicable statutory limit | |
| Brief description:<br>Line from *Schedule A/B*: | $ | ☐ $<br>☐ 100% of fair market value, up to any applicable statutory limit | |
| Brief description:<br>Line from *Schedule A/B*: | $ | ☐ $<br>☐ 100% of fair market value, up to any applicable statutory limit | |
| Brief description:<br>Line from *Schedule A/B*: | $ | ☐ $<br>☐ 100% of fair market value, up to any applicable statutory limit | |
| Brief description:<br>Line from *Schedule A/B*: | $ | ☐ $<br>☐ 100% of fair market value, up to any applicable statutory limit | |
| Brief description:<br>Line from *Schedule A/B*: | $ | ☐ $<br>☐ 100% of fair market value, up to any applicable statutory limit | |