**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**NORTHERN DIVISION - BAY CITY**

IN RE:
DAVID LEWI-EMMANUEL STOCKMAN,
Debtor-in-Possession.
_________________________________/

DAVID LEWI-EMMANUEL STOCKMAN,
Plaintiff
v.

WILDFIRE CREDIT UNION;
BEN DENAY, individually;
KARL L. WENZLOFF, individually;
WENZLOFF & FIREMAN, P.C.;
STEPHAN GAUS, individually; and
GARSKE HEWITT RODENBO PLC,
formerly known as GARSKE HEWITT,
PLC
Defendants
_________________________________/

Case No. **26-20982-dob**

Hon. Daniel S. Opperman

# MOTION TO VACATE ORDER AUTHORIZING VOLUNTARY RULE 2004 EXAMINATION OF OFFIONG FRANCIS IKPATT, M.D.

Now Comes Stephan Gaus, counsel for Creditor Bush, and being respectful of his professional duties to the Court as an Officer of the Court, files this Motion to bring light to a probable Fraud upon the Court relating to the supposed Stipulation between David Stockman, M.D. and Offiong Francis Ikpatt, M.D., which resulted in the Court entering this Order, and in support thereof states as follows:

1. That I am counsel for Creditor Russell Bush, M.D. in this matter.
2. Michigan Rules of Professional Conduct 3.3b states:

> "If a lawyer knows that the lawyer's client or other person intends to engage, is engaging, or has engaged in criminal or fraudulent conduct related to an adjudicative proceeding involving the client, ***the lawyer shall take reasonable remedial measures, including, if necessary, <u>disclosure to the tribunal.</u>"***

3. That I was not personally acquainted with Dr. Ikpatt prior to reaching out to him on Sept. 9, 2026 regarding the validity of the purported Stipulation. We have spoken by phone twice and exchanged a few emails.
4. That I became aware of the purported Stipulation between Dr. Stockman and Dr. Ikpatt on Sunday, Sept. 6, 2026 upon my return from vacation.
5. That based upon my personal telephone conversations with Dr. Ikpatt on Sept. 9, 2026, I learned from Dr. Ikpatt that the purported Stipulation, as was presented to the Court as Document 227, was fraudulent in the eyes of Dr. Ikpatt.
6. That to make the point clearer, on Sept. 10, 2026, I sent Dr. Ikpatt an email, Exhibit A attached, which states:

*"Dr. Ikpatt:*

*Thank you for taking my call today. As you now know, David Stockman filed a Stipulation (Document 227) with the Bankruptcy Court that represents to the Court that you*

*- agreed with the Stipulation, and*
*- you gave him permission to digitally sign it for you, and*
*- you gave him permission to file it with the Court.*

*I sent you a copy of the purported Stipulation yesterday and I understand that you have reviewed it.*

*You informed me today that based upon your review of the purported Stipulation, the following things are true:*

*- that you had never seen this document before I sent it to you, and*
*- that you did not give Dr. Stockman permission to digitally sign it for you, and*
*- that you did not ever give Dr. Stockman permission to file this document with the Court as a representation of your voluntary consent to give the 2004 exam*

*It is my further understanding that you spoke to Dr. Stockman yesterday and directed him to take the steps necessary to withdraw the Stipulation from the Court file by this morning, September 10, 2026.*

*I would appreciate it if you would confirm for me that these representations are accurate. I will use your response in a Motion that I will file to vacate the Order signed by the Judge mandating your appearance.*

*If you wish to make corrections to these comments, please do so.*

*Stephan Gaus"*

7. That in reply, Dr. Ikpatt responded with an email, Exhibit B, also dated September 10, 2026, quoting my email, and then adding the bold print material below:

*"You informed me today that based upon your review of the purported Stipulation, the following things are true:*

*- that you had never seen this document before I sent it to you, and*
*- that you did not give Dr. Stockman permission to digitally sign it for you, and*
*- that you did not ever give Dr. Stockman permission to file this document with the Court as a representation of your voluntary consent to give the 2004 exam*

*It is my further understanding that you spoke to Dr. Stockman yesterday and directed him to take the steps necessary to withdraw the Stipulation from the Court file by this morning, September 10, 2026.*

***YES to all the above.***
***Please keep me updated****.*

*Francis."*

8. That before I could take steps to notify the Court of the alleged fraud, the Court entered the Motion allowing the "Voluntary Examination" based upon the Stipulation.

9. That prior to me filing this Motion, Dr. Ikpatt contacted Dr. Stockman and directed him to 'withdraw' the Stipulation by the morning of Sept. 10th, 2026. It has not been withdrawn.

10. That prior to filing the Motion I had contacted Trustee Sweet to inquire of him what course of action he might consider in the matter of the Dr. Hruby matter. He encouraged the filing of this style of Motion, and requested that I file it. I did not contact him again.

Wherefore, I ask the Court to Vacate the Order and order such other sanction as the Court deems just, and requests the Court to specifically consider:

a. Determining Stockman to be a vexatious litigator restricted in such manner as the Court deems appropriate

b. Awarding an economic sanction of actual attorney's fees and costs related to the Stipulation.

Respectfully submitted,
GARSKE HEWITT & RODENBO, PLC

/s/ Stephan M. Gaus

Stephan M. Gaus (P28943)
Attorney for Plaintiff Russell L. Bush, M.D.
708 S. Euclid Avenue
Bay City, MI 48706
(989) 355-0100
gaus@ghr.law

# EXHIBIT A

GARSKE HEWITT & RODENBO

Stephan Gaus <gaus@ghr.law>

## Alleged Stipulation

**Stephan Gaus** <gaus@ghr.law> Thu, Sep 10, 2026 at 2:04 PM
To: "ofrikpatt@yahoo.com" <ofrikpatt@yahoo.com>
Bcc: Russell Bush <masterblaster0823@gmail.com>

Dr. Ikpatt:

Thank you for taking my call today. As you now know, David Stockman filed a Stipulation (Document 227) with the Bankruptcy Court that represents to the Court that you

- agreed with the Stipulation, and
- you gave him permission to digitally sign it for you, and
- you gave him permission to file it with the Court.

I sent you a copy of the purported Stipulation yesterday and I understand that you have reviewed it.

You informed me today that based upon your review of the purported Stipulation, the following things are true:

- that you had never seen this document before I sent it to you, and
- that you did not give Dr. Stockman permission to digitally sign it for you, and
- that you did not ever give Dr. Stockman permission to file this document with the Court as a representation of your voluntary consent to give the 2004 exam

It is my further understanding that you spoke to Dr. Stockman yesterday and directed him to take the steps necessary to withdraw the Stipulation from the Court file by this morning, September 10, 2026.

I would appreciate it if you would confirm for me that these representations are accurate. I will use your response in a Motion that I will file to vacate the Order signed by the Judge mandating your appearance.

If you wish to make corrections to these comments, please do so.

Stephan Gaus

# EXHIBIT B

GARSKE HEWITT & RODENBO

Stephan Gaus <gaus@ghr.law>

# Alleged Stipulation

**FRANCIS IKPATT** <ofrikpatt@yahoo.com> Thu, Sep 10, 2026 at 2:08 PM
To: Stephan Gaus <gaus@ghr.law>

You informed me today that based upon your review of the purported Stipulation, the following things are true:

- that you had never seen this document before I sent it to you, and
- that you did not give Dr. Stockman permission to digitally sign it for you, and
- that you did not ever give Dr. Stockman permission to file this document with the Court as a representation of your voluntary consent to give the 2004 exam

It is my further understanding that you spoke to Dr. Stockman yesterday and directed him to take the steps necessary to withdraw the Stipulation from the Court file by this morning, September 10, 2026.

YES to all the above.
Please keep me updated.

Francis.

[Quoted text hidden]
[Quoted text hidden]

Secured by Paubox - HITRUST certified

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**NORTHERN DIVISION - BAY CITY**

IN RE:
DAVID LEWI-EMMANUEL STOCKMAN,
Debtor-in-Possession.
_______________________________________/

DAVID LEWI-EMMANUEL STOCKMAN,
Plaintiff
v.

WILDFIRE CREDIT UNION;
BEN DENAY, individually;
KARL L. WENZLOFF, individually;
WENZLOFF & FIREMAN, P.C.;
STEPHAN GAUS, individually; and
GARSKE HEWITT RODENBO PLC,
formerly known as GARSKE HEWITT,
PLC
Defendants
_______________________________________/

Case No. **26-20982-dob**

Hon. Daniel S. Opperman

## CERTIFICATE OF SERVICE

I hereby certify that on September 10, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and that I served a copy upon the following pro se party by electronic mail:

David Lewi-Emmanuel Stockman

5805 McCarty Road

Saginaw, MI 48603

dstockma4@icloud.com

/s/ Stephan Gaus

Stephan Gaus