**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**NORTHERN DIVISION – BAY CITY**

| | |
|---|---|
| In re: | Case No. 26-20982-dob |
| DAVID LEWI-EMMANUEL STOCKMAN, | Chapter 7 |
| Debtor. | Hon. Daniel S. Opperman |

**COLE WATERMAN'S RESPONSE IN OPPOSITION TO DEBTOR'S EMERGENCY THIRD MOTION FOR SANCTIONS: IMMEDIATE INTERIM PRESERVATION ORDER, EXPEDITED DISCOVERY AND DEPOSITIONS, ORDER TO SHOW CAUSE, DETERMINATION OF POSTPETITION AUTOMATIC-STAY VIOLATIONS, SANCTIONS, AND DAMAGES AGAINST STEPHAN M. GAUS; GARSKE HEWITT PLC, MARCUS ATKINS; SHANE RANDEL STARR, M.D.; BETHANY CHARLTON; AND THE COVENANT HEALTHCARE ENTITIES**

Cole Waterman ("Waterman") is a non-party to this proceeding. He is an investigative journalist who has reported on the Debtor, David Lewi-Emmanuel Stockman ("Stockman" or the "Debtor"), periodically over the last few years. There are no allegations of which Waterman is aware that Waterman somehow possesses assets of the Debtor's Estate or even knowledge of such assets. Yet Waterman has now been forced to respond to two separate motions filed by Stockman seeking discovery from Waterman purportedly relating to disputes with various other individuals against whom Stockman has asserted claims. These motions interfere with and distract from the Chapter 7 Trustee's role in administering the estate,

violate basic principles of discovery, and trample the protections provided journalists like Waterman by the First Amendment and applicable law. Stockman's actions targeting Waterman must stop.

Waterman, by and through his undersigned counsel, now hereby files this response (the "Response") to Debtor's Emergency Third Motion for Sanctions: Immediate Interim Preservation Order, Expedited Discovery and Depositions, Order to Show Cause, Determination of Postpetition Automatic-Stay Violations, Sanctions, and Damages Against Stephan M. Gaus; Garske Hewitt PLC; Marcus Atkins; Shane Randel Starr, M.D.; Bethany Charlton; and the Covenant Healthcare Entities (the "Motion") (Doc. 223). In support of this Objection, Waterman respectfully states as follows:

## FACTUAL BACKGROUND

1. David Lewi-Emmanuel Stockman is the Debtor in this bankruptcy proceeding and the Movant.

2. Waterman is a public safety reporter for MLive, reporting primarily on Saginaw and Bay Counties.

3. Waterman has covered Stockman due to the public interest in the many civil and regulatory disputes to which he is a party.

4. Stockman has previously attempted and failed to drag Waterman into meritless proceedings before this Court. In July 2025, Stockman filed Adversary

Proceeding 25-02024 within the bankruptcy proceedings initiated by Magdalena Perez, No. 1:24-bk-21078. There, Stockman purported to sue Waterman, the owner of MLive, and other MLive employees for defamation. This Court dismissed the adversary proceeding with prejudice.

5. On August 31, 2026, Stockman filed a Motion for Order Authorizing Rule 2004 Examination of Cole Waterman (Doc. 214), seeking discovery from Waterman about Stockman's own estate. Waterman objected. (Doc. 251.)

6. Now, Stockman seeks a Fed. R. Civ. P. 45 subpoena directed at Waterman for documents and a deposition related to communications with parties to adversary proceedings initiated by Stockman. Others subject to the Motion are counsel for creditors, in addition to being the targets of adversary proceedings filed by Stockman.

7. This Court recently suspended all adversary proceedings filed by Stockman, to allow the Chapter 7 Trustee to determine the course of action. (*See* Case No. 26-ap-2030, Doc. 17; Case No. 26-ap-2027, Doc. 26; Case No. 26-ap-2026, Doc. 17; Case No. 26-ap-2025, Doc. 26; Case No. 26-ap-2024, Doc. 19; and Case No. 26-ap-2023, Doc. 14.)

8. In deference to the Chapter 7 Trustee, this attempt at discovery should similarly be rejected.

9. Moreover, Stockman's request violates the fundamental rules

governing the scope of discovery.

10. Stockman's Motion is clearly designed to abuse and harass, and it should be denied.

## ARGUMENT

### I. The Chapter 7 Trustee, Not Stockman, Should Control these Proceedings

11. This is a proceeding under Chapter 7. In a Chapter 7 proceeding, one of the duties of the chapter 7 trustee is to "collect and reduce to money the property of the estate." 11 U.S.C. § 704(a)(1). "Because causes of action belong to the estate," § 704(a)(1) "grants the trustee the exclusive right to assert the debtor's claims." *Stevenson v. J.C. Bradford & Co. (In re Cannon)*, 277 F.3d 838, 853 (6th Cir. 2002) (citations omitted). *See also CH Holding Co. v. Miller Parking Co.*, 973 F.Supp.2d 733, 737-38 (E.D. Mich. 2013) (finding that trustee has "exclusive authority to recover and distribute all assets that are the property of the bankrupt debtor's estate").

12. Here, the Court has already applied these principles, suspending all adversary proceedings "pending the Chapter 7 Trustee's determination as to whether and how to proceed." (*See* Orders discussed *supra* ¶ 7.) The same principles should apply here: the Chapter 7 Trustee, not Stockman, should control these proceedings.

### II. Basic Discovery Principles and the First Amendment Protect Waterman's Newsgathering

13. Regardless, Stockman's request for discovery must be denied because

it targets a member of the press based on his newsgathering. Though the Sixth Circuit has declined to recognize a reporter's privilege, courts in the Sixth Circuit and this District have ruled that, in analyzing discovery directed to the media, courts must nevertheless "make certain that the proper balance is struck between freedom of the press and the obligation to all citizens to give relevant testimony." *In re Grand Jury Proceedings*, 810 F.2d 580, 586 (6th Cir. 1987). "[O]ne's status as a news-gatherer must be balanced along with the requesting party's need for the information, its relevance, and other well-established discovery factors that are addressed to the court's discretion." *Omokehinde v. Detroit Bd. of Educ.*, 251 F.R.D. 261, 265 (E.D. Mich. Dec. 13, 2007) (denying a motion to compel communications sent by a journalist to the plaintiff). *See also In re DaimlerChrysler AG Secs. Litig.*, 216 F.R.D. 395, 406 (E.D. Mich. 2003) (denying motion to compel compliance with subpoenas served on non-party reporters); *Davis v. Cnty. of Wayne*, No. 2:24-CV-10203, 2026 WL 789225, at *1 (E.D. Mich. Jan. 26, 2026), report and recommendation adopted, No. 2:24-CV-10203, 2026 WL 1082318 (E.D. Mich. Mar. 31, 2026) (denying discovery from journalist).

14. These protections prevent the conversion of the press into "private discovery agents":

> "If the parties to any lawsuit were free to subpoena the press at will, it would likely become standard operating procedure for those litigating against an entity that had been the subject of press attention to sift through the press

> files in search of information supporting their claims. The resulting wholesale exposure of press files to litigant scrutiny would burden the press with heavy costs of subpoena compliance, and could otherwise impair its ability to perform its duties-particularly if potential sources were deterred from speaking to the press, or insisted on remaining anonymous, because of the likelihood that they would be sucked into litigation ... And permitting litigants unrestricted, court-enforced access to journalistic resources would risk the symbolic harm of making journalists appear to be an investigative arm of the judicial system, the government, or private parties."

*Daimler Chrysler*, 216 F.R.D. at 406 (quoting *Gonzales v. Nat'l Broadcasting Co., Inc.*, 194 F.3d 29, 35 (2nd Cir. 1999)).

15. Here, Stockman requests that this Court issue a Rule 45 subpoena and order Waterman, a member of the press, to preserve communications with the other respondents to the Motion (respondents who are parties to adversary proceedings), to produce the same communications on an expedited basis, and to sit for a deposition solely for the purpose of testifying as to conversations with journalistic sources (*see* Doc. 223 at ¶ 41 (describing the deposition as related to "directed communications" between Waterman and "the identified ***source*** participants" (emphasis added).)

16. Stockman's demand would require Waterman to shoulder the heavy burden of discovery on his constitutionally protected reporting and sources. This burden is especially onerous where Waterman was reporting ***on Stockman*** and purportedly through communications with individuals and entities already party to

these or related proceedings—Stockman himself or the other parties to the Motion possess the requested information, and the press is not to be the investigatory arm of a private litigant, whether in bankruptcy or any proceeding. *See Daimler Chrysler*, *supra*. The undue burden includes not only the costs of compliance with the subpoena but also the chilling effect that allowing such discovery would cause. Permitting such discovery generally chills reporting on matters of public concern like Stockman's conduct, in that reporters such as Waterman may cease reporting if the subjects of their reporting can drag them into litigation. It also may chill future sources from discussing matters of public concern with the press. *See id.*

## III. Sanctions Against Stockman Are Appropriate

17. The Motion is, essentially, a motion to compel under Fed. R. Civ. P 37, although one where no subpoena has previously been served. Should the Court deny the Motion, it should also issue a protective order and award Waterman his fees incurred in opposing the Motion.[1]

18. Under Fed. R. Civ. P. 37(a)(5)(B):

> If the motion is denied, the court may issue any protective order authorized under Rule 26(c) and must, after giving an opportunity to be heard, require the movant, the

[1] If the Motion is granted, fees should ***not*** be awarded to Stockman because (1) Stockman failed to first meet and confer in good faith and (2) Waterman's nondisclosure was substantially justified in that no discovery has actually been served on him and he in good faith—relying on First Amendment and related principles—believes the discovery to be unduly burdensome. *See* Fed. R. Civ. P. 37(a)(5)(A).

> attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees. But the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust.

19. First, the Court should issue a protective order precluding Stockman from seeking any further discovery from Waterman through any procedural mechanism. Waterman has been forced to incur significant costs, as well as suffering the distraction from his protected role as a journalist, responding to Stockman's harassment. The next request by Stockman—and this is not hypothetical, Stockman has already filed another motion seeking similar relief (*see* Doc. 258 and 262)—will be no less meritless. The harassment and vexatious use of this Court must stop.

20. Second, the Court should award Waterman his costs and fees incurred, in the amount of $5,000. Waterman is a non-party forced to repeatedly brief the same issues in response to these baseless filings. The Court should deploy all powers at its disposal to end Stockman's abuses.

## CONCLUSION

21. Stockman's Motion is another abuse of the court rules, targeting a member of the press to support Stockman's fishing for evidence related to disputes with other parties from whom Stockman can obtain the information. The Motion violates the basic tenants of the discovery rules and unnecessarily burdens the free

press, in contravention of the First Amendment. For the reasons set forth herein, Waterman respectfully requests that the Court deny the Motion and grant such other relief as is just and proper.

Respectfully submitted,

HONIGMAN LLP
*Attorneys for Cole Waterman*

By: */s/ Scott B. Kitei*

J. Michael Huget (P39150)
Scott B. Kitei (P78064)
Andrew M. Pauwels (P79167)
Honigman LLP
2290 First National Building
660 Woodward Avenue
Detroit, MI 48226-3506
313.465.7000
mhuget@honigman.com
skitei@honigman.com
apauwels@honigman.com

Dated: September 16, 2026

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**NORTHERN DIVISION – BAY CITY**

| | |
|---|---|
| In re: | Case No. 26-20982-dob |
| DAVID LEWI-EMMANUEL STOCKMAN, | Chapter 7 |
| Debtor. | Hon. Daniel S. Opperman |

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 16, 2026, I caused the foregoing document to be electronically filed using the Court's e-filing system, which caused the document to be served on all counsel of record. Further, on September 16, 2026, I caused to be served a copy of the Response and this Certificate of Service on pro se party David Stockman by U.S. Mail and e-mail as follows:

David Lewi-Emmanuel Stockman
5805 McCarty Road
Saginaw, MI 48603
dstockma4@icloud.com

Date: September 16, 2026

*/s/ Scott B. Kitei*
Scott B. Kitei (P78064)