**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**

| | |
|---|---|
| In re: | **Chapter:** 11 |
| **David Lewi-Emmanuel Stockman,** | **Case No.:** 26-20982-dob |
| Debtor. | **Judge:** Daniel S. Opperman |

**MOTION FOR RELIEF FROM AUTOMATIC STAY TO PERMIT RECOVERY OF THIRD PARTY OWNED MEDICAL EQUIPMENT**

Process Record Slide Limited ("PRS"), by its Director and authorized representative Chi Biu Lam, respectfully moves under 11 U.S.C. § 362(d)(1), Federal Rule of Bankruptcy Procedure 4001, and applicable local rules for limited relief from the automatic stay, to the extent the stay applies, so that PRS may recover three items of equipment that PRS owns. PRS states as follows:

**Relief Requested**

**1.** PRS asks the Court to modify the automatic stay solely to permit PRS and Michigan Health Clinic to arrange the voluntary release and removal of the Equipment identified below, and to permit PRS to use otherwise lawful non-bankruptcy remedies if voluntary release does not occur.

**2.** PRS also asks the Court to state that Michigan Health Clinic and its personnel may voluntarily release the Equipment to PRS without violating the automatic stay.

**3.** Because Mr. Lam is in the United States for a limited business visit ending in October 2026 and the Equipment has reportedly been located and set aside, PRS asks the Court to waive the 14-day stay of effectiveness under Federal Rule of Bankruptcy Procedure 4001(a)(3), so any order granting relief is effective immediately upon entry.

**4.** PRS does not request a money judgment, payment of $94,400, allowance of a proof of claim, or any distribution from the bankruptcy estate in this Motion.

**Facts**

**5.** PRS is a Hong Kong company. It owns medical/pathology equipment and is represented in this matter by its Director and Chief Executive Officer, Chi Biu Lam (Denny Lam).

**6.** Beginning in late 2023 and continuing into 2024, PRS provided three items of equipment to Michigan Health Clinic for free trial use: (a) one Heidstar 200 Slides Scanner, stated value $65,000; (b) one Labsim Cassette Printer, stated value $14,700; and (c) one Labsim Slide Printer, stated value $14,700 (collectively, the "Equipment").

**7.** The trial arrangement was simple: if Michigan Health Clinic was satisfied, a purchase or payment arrangement could be confirmed; if the Equipment was not suitable, it would be returned and PRS would arrange removal. PRS did not transfer title merely by allowing trial use.

**8.** Michigan Health Clinic used the Equipment for approximately one to two years and repeatedly requested improvements. PRS made requested improvements and continued to assist the clinic.

**9.** After learning of financial problems involving David Stockman, PRS asked whether the Equipment would be purchased or returned.

**10.** In approximately April 2025, Mr. Stockman stated that the clinic needed the Equipment but that he could not pay the full amount at once. He requested installment terms.

**11.** PRS prepared an Irrevocable Equipment Leasing Agreement on April 17, 2025. Mr. Stockman signed it through DocuSign on April 19, 2025. A redacted copy is attached as Exhibit A.

**12.** Section 4.1 of the agreement states that title remains with PRS until full payment is received and the purchase option, if any, is exercised.

**13.** The agreement required a $47,200 initial payment by April 23, 2025 and later monthly installments. PRS received no initial payment and no installment payment. Total payment received was $0.

**14.** Because no payment was made, title never transferred under the express terms of the agreement. PRS remains the asserted 100% owner of the Equipment.

**15.** Mr. Stockman filed an individual Chapter 11 case on May 5, 2025, Case No. 25-20567-dob. That case was dismissed on May 29, 2025 and closed on June 6, 2025.

**16.** PRS did not learn of that 2025 personal bankruptcy filing until September 15, 2026. PRS had continued to request payment or return without understanding that the earlier bankruptcy case had been filed and dismissed.

**17.** The present Chapter 11 case, Case No. 26-20982-dob, was filed on June 26, 2026 and is assigned to Judge Daniel S. Opperman.

**18.** On September 15, 2026, Mr. Lam personally went to Michigan Health Clinic at 3925 Fortune Blvd., Suite 2, Saginaw, Michigan 48603 to request immediate return of the Equipment.

**19.** Rebecca, who identified herself as an owner or person in control of Michigan Health Clinic, stated that the three items had been located and set aside. She stated that the clinic would not release them without an order from the Bankruptcy Court because of the agreement with Mr. Stockman and his bankruptcy case.

**20.** PRS has never received any payment for the Equipment, and Michigan Health Clinic has had the benefit of using it for nearly two years without payment.

**21.** Mr. Lam delayed traveling to the United States because his father died, he personally suffered a serious illness requiring recovery in Hong Kong, and he needed to care for his mother. During that period, he hoped Mr. Stockman would honor the payment arrangement.

**22.** Mr. Lam contacted approximately five bankruptcy attorneys in the Saginaw area seeking representation for this limited recovery matter. None agreed to undertake the matter. He therefore sought procedural guidance from the Clerk's Office and prepared this Motion without counsel.

**23.** PRS files this Motion out of caution. Its position is that the Equipment is third-party property and is not property of Mr. Stockman's bankruptcy estate. PRS nevertheless seeks an express order so that the Equipment can be released without concern that the automatic stay will be violated.

**Legal Basis**

**24.** Under 11 U.S.C. § 541(a)(1), the bankruptcy estate includes the debtor's legal or equitable interests in property as of the petition date. The estate generally cannot receive a greater ownership interest than the debtor held.

**25.** The signed agreement acknowledges that title remains with PRS until full payment. No payment was made. PRS therefore asserts that Mr. Stockman did not own the Equipment on the petition date.

**26.** Under 11 U.S.C. § 362(d)(1), the Court shall grant relief from the automatic stay for cause. Cause exists here because PRS has received no payment or other adequate protection, continued retention deprives PRS of its property, and the clinic has stated that it will release the Equipment upon receipt of a court order.

**27.** The requested relief is narrow. It does not seek collection of a debt, a money judgment, or adjudication of damages. It seeks only removal of the bankruptcy-stay obstacle so the specific Equipment may be voluntarily returned or recovered through lawful means.

**28.** Immediate effectiveness is justified under Federal Rule of Bankruptcy Procedure 4001(a)(3) because the Equipment has reportedly been located and set aside, the clinic is waiting for an order, and Mr. Lam's time in the United States is limited.

**Request for Relief**

WHEREFORE, PRS respectfully requests that the Court enter the attached proposed order:

- modifying the automatic stay, to the extent applicable, to permit PRS to arrange the voluntary release and removal of the Equipment;
- confirming that Michigan Health Clinic and its personnel may voluntarily release the Equipment to PRS without violating the automatic stay;

- permitting PRS, if voluntary release does not occur, to pursue otherwise lawful non-bankruptcy remedies concerning the Equipment;
- waiving the 14-day stay under Federal Rule of Bankruptcy Procedure 4001(a)(3) and making the order effective immediately upon entry;
- clarifying that the order does not grant a money judgment, authorize a breach of the peace, or adjudicate rights in property other than the specifically identified Equipment; and
- granting such other limited relief as the Court deems just. If the Court determines that PRS must appear through licensed counsel, PRS respectfully requests a short period to retain counsel rather than denial with prejudice.

Respectfully submitted,

___________________________________

Chi Biu Lam (Denny Lam)
Director and Authorized Representative
Process Record Slide Limited
18 Monroe Street, Apt. PH D, New York, NY 10002
Telephone: +1 734 219 1247
Email: denny@ihc-prs.com
Alternate email: denny.cb.lam@gmail.com
Date: ___________________________

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| In re:<br>**David Lewi-Emmanuel Stockman,**<br>Debtor. | **Chapter:** 11<br>**Case No.:** 26-20982-dob<br>**Judge:** Daniel S. Opperman |

**PROPOSED ORDER GRANTING RELIEF FROM AUTOMATIC STAY TO PERMIT RECOVERY OF THIRD PARTY OWNED MEDICAL EQUIPMENT**

This matter came before the Court on the Motion of Process Record Slide Limited ("PRS") for relief from the automatic stay. The Court reviewed the Motion, Brief, Declaration, and record and finds cause for the limited relief stated below.

**IT IS ORDERED THAT:**

**1.** The Motion is GRANTED.

**2.** The automatic stay under 11 U.S.C. § 362 is modified, to the extent applicable, to permit PRS to arrange the voluntary release and removal of the following equipment: (a) one Heidstar 200 Slides Scanner; (b) one Labsim Cassette Printer; and (c) one Labsim Slide Printer (collectively, the "Equipment").

**3.** Michigan Health Clinic and its personnel are authorized to voluntarily release the Equipment located at or controlled from 3925 Fortune Blvd., Suite 2, Saginaw, Michigan 48603 to PRS or its authorized carrier, and such voluntary release will not violate the automatic stay.

**4.** If voluntary release does not occur, PRS may pursue otherwise lawful non-bankruptcy remedies concerning the Equipment without violating the automatic stay.

**5.** The Debtor, the estate, and any trustee shall not assert the automatic stay as a bar to the recovery activity authorized by this Order.

**6.** This Order does not grant a money judgment, determine damages, allow or disallow a proof of claim, determine priority, or authorize collection of money from the Debtor or estate.

**7.** This Order does not authorize forcible entry, breach of the peace, or seizure of property other than the specifically identified Equipment. It does not determine any independent rights or defenses of Michigan Health Clinic except that voluntary release of the Equipment is permitted and does not violate the automatic stay.

**8.** For cause shown, the 14-day stay under Federal Rule of Bankruptcy Procedure 4001(a)(3) is waived. This Order is effective immediately upon entry.

**9.** All rights and defenses not expressly resolved by this Order are reserved.

**IT IS SO ORDERED.**

Dated: ___________________________

_________________________________________

**UNITED STATES BANKRUPTCY JUDGE**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**

| | |
|---|---|
| In re:<br>**David Lewi-Emmanuel Stockman,**<br>Debtor. | **Chapter:** 11<br>**Case No.:** 26-20982-dob<br>**Judge:** Daniel S. Opperman |

## EXHIBIT INDEX IN SUPPORT OF MOTION FOR RELIEF FROM AUTOMATIC STAY

PRS submits the following exhibit with the Motion:

| Exhibit | Description |
|---|---|
| A | Redacted copy of the Irrevocable Equipment Leasing Agreement signed through DocuSign on April 19, 2025, including the DocuSign Certificate of Completion. The full financial account number has been redacted under Federal Rule of Bankruptcy Procedure 9037. |

**Additional supporting documents to add if available**

Before filing, PRS may add separately numbered exhibits if available and accurate, including:

- communications confirming the original free-trial arrangement and delivery;
- serial numbers, purchase records, invoices, photographs, or shipping documents identifying the Equipment;
- bank or accounting records showing $0 received;
- communications from Rebecca or Michigan Health Clinic confirming that the Equipment was located, set aside, and would be released upon receipt of a court order; and
- written demands for return and responses.

Do not file originals. Redact protected personal identifiers and unnecessary financial account information.

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN

In re: David Lewi-Emmanuel Stockman

Chapter 11
Case No. 26-20982-dob
Judge Daniel S. Opperman

---

# EXHIBIT A

## Redacted Executed Equipment Leasing Agreement

Signed through DocuSign on April 19, 2025

The full financial account number appearing in the agreement has been permanently redacted. Only the last four digits are shown, consistent with Federal Rule of Bankruptcy Procedure 9037.
An unnecessary driver-license image has been omitted from this exhibit.

*Exhibit A cover page*

Docusign Envelope ID: A3D73C41-73F5-49D7-AED8-801A74EB15AE

**IRREVOCABLE EQUIPMENT LEASING AGREEMENT**

This **Irrevocable Equipment Leasing Agreement** (the "Agreement") is made and entered into as of the date of the last signature below (the "Effective Date") by and between:

**LESSOR:**
Process Record Slide Limited, a company registered in Unit D, 3/F Freder Center, Tokwawan, Kowloon, Hong Kong ("Lessor"), represented by Mr. Chi Biu Lam (Denny); and

**LESSEE:**
Dr. David Stockman, an individual residing at 5775 Macarty Road, Saginaw, MI 48603-9604, USA ("Lessee").

**1. LEASED EQUIPMENT**

1.1 Lessor is the rightful owner of the following equipment (collectively, the "Equipment"):

- (1) **Heidstar 200 Slides Scanner** (Value: **USD 65,000**)
- (2) **Labsim Cassette Printer** (Value: **USD 14,700**)
- (3) **Labsim Slide Printer** (Value: **USD 14,700**)
  **Total Lease Value: USD 94,400**

1.2 Lessee has inspected and approved the Equipment and **irrevocably agrees** to lease it under these terms.

**2. LEASE TERMS & PAYMENT**

2.1 **Initial Payment:**

- Lessee shall pay **USD 47,200** (50% of total value) via wire transfer by **April 23, 2025** to:
  **Beneficiary:** Process Record Slide Limited
  **Bank:** Hang Seng Bank Limited
  **Address:** 83 Des Voeux Road Central, Hong Kong
  **SWIFT:** HASEHKHH
  **Account No.:** XXXX-XXXX-6883

2.2 **Monthly Installments:**

- **24 payments** of **USD 3,060** commencing on **1st May 2025**
- Includes:
    - Remaining 50% balance (**USD 47,200**)
    - Maintenance fees (**USD 14,000** for 2 years)
    - Interest at **1.2% monthly** (capped at Michigan's legal maximum)

2.3 **Late Fees:**

- **1.5% monthly** on overdue amounts (max **2%** as default under MCL 440.9628)

**3. DEFAULT & REMEDIES**

3.1 **Events of Default:**

- Failure to pay within **15 days** of due date
- Bankruptcy/insolvency proceedings
- Unauthorized relocation of Equipment

3.2 **Lessor's Rights:**

- **Immediate repossession** without court order
- **Acceleration** of all unpaid amounts
- Lessee liable for:
    - **18% interest** on arrears (MI statutory max)
    - **All legal/collection costs**
    - **Repossession expenses**

3.3 **Irrevocability:**

- Lessee **waives all termination rights** under Michigan law
- Payments are **absolute and unconditional**

**4. OWNERSHIP & USE**

4.1 **Title** remains with Lessor until:

- Full payment received **and**
- Lessee exercises purchase option (if any)

4.2 **Equipment Location:**

- Must remain at **5775 Macarty Road, Saginaw, MI** unless Lessor consents in writing

**5. MICHIGAN LAW PROVISIONS**

5.1 **Governing Law:** Michigan UCC (MCL 440.1101 et seq.)

5.2 **Jurisdiction:** Saginaw County Circuit Court

5.3 **Waiver:** Lessee waives rights under MCL 440.9628

**6. GENERAL TERMS**

6.1 **Entire Agreement**

6.2 **No Oral Modifications**

6.3 **Severability**

**IN WITNESS WHEREOF**, the parties execute this Agreement:

**LESSOR:**

Process Record Slide Limited

DocuSigned by:

By: ____________________________

C39EB0868A9C4D7...

Chi Biu Lam, Director

Date: 2025/4/17

**LESSEE:**

Dr. David Stockman

Signature: ____________________________

7CF7021BE8D34B4...

Date: ____________________________

2025/4/19

2025/4/19

2025/4/19

docusign

## 完成证书

| | | |
|---|---|---|
| 信封 ID: A3D73C41-73F5-49D7-AED8-801A74EB15AE | | 状态: 已完成 |

主题: 请使用 Docusign 签署： IRREVOCABLE EQUIPMENT LEASING AGREEMENT - Dr Stockman.pdf, Dr Stockman Driving...

源信封:

| | | |
|---|---|---|
| 文档页面: 4 | 签名: 2 | 信封组织人: |
| 证书页面: 2 | 首字母: 0 | Denny Lam |
| 自动导航: 已启用 | | denny@ihc-prs.com |
| 信封 ID 标记: 已启用 | | IP 地址: 193.32.148.32 |

时区: (UTC-08:00) 太平洋时间（美国和加拿大）

## 记录跟踪

| | | |
|---|---|---|
| 状态: 原始<br>2025/4/17 21:49:55 | 持有人: Denny Lam<br>denny@ihc-prs.com | 位置: DocuSign |

| 签名者事件 | 签名 | 时间戳记 |
|---|---|---|
| Denny Lam<br>denny@ihc-prs.com<br>安全级别: 电子邮件, 帐户验证（无） | <br>采用签名： 上传的签名图像<br>使用 IP 地址: 193.32.148.32 | 已发送: 2025/4/17 21:52:38<br>已查看: 2025/4/17 21:53:14<br>已签名: 2025/4/17 21:53:50<br>自由格式签名 |
| 电子记录和签名披露:<br>未通过 Docusign 提供 | | |
| Doctor David Stockman<br>david@mihealthclinic.com<br>安全级别: 电子邮件, 帐户验证（无） | <br>采用签名： 在设备书写签名<br>使用 IP 地址: 71.82.181.210<br>已使用手机登录 | 已发送: 2025/4/17 21:52:40<br>已查看: 2025/4/18 4:51:47<br>已签名: 2025/4/19 15:11:30<br>自由格式签名 |
| 电子记录和签名披露:<br>未通过 Docusign 提供 | | |

| 亲自签名者事件 | 签名 | 时间戳记 |
|---|---|---|

| 编辑者传送事件 | 状态 | 时间戳记 |
|---|---|---|

| 代理传送事件 | 状态 | 时间戳记 |
|---|---|---|

| 中间传送事件 | 状态 | 时间戳记 |
|---|---|---|

| 已认证传送事件 | 状态 | 时间戳记 |
|---|---|---|

| 副本抄送事件 | 状态 | 时间戳记 |
|---|---|---|

| 见证事件 | 签名 | 时间戳记 |
|---|---|---|

| 公证人事件 | 签名 | 时间戳记 |
|---|---|---|

| 信封摘要事件 | 状态 | 时间戳 |
| --- | --- | --- |
| 信封已发送 | 已哈希处理/加密 | 2025/4/17 21:52:40 |
| 已认证已传送 | 安全性已检查 | 2025/4/18 4:51:47 |
| 签名完成 | 安全性已检查 | 2025/4/19 15:11:30 |
| 已完成 | 安全性已检查 | 2025/4/19 15:11:30 |

| 付款事件 | 状态 | 时间戳 |
| --- | --- | --- |