# ADVERSARY PROCEEDING COVER SHEET

(Instructions on Reverse)

**ADVERSARY PROCEEDING NUMBER** (Court Use Only)

| PLAINTIFFS | DEFENDANTS |
|---|---|
| NeoGenomics Laboratories, Inc. | Michigan Health Clinics, P.C.; David L. Stockman, M.D. |
| **ATTORNEYS (Firm Name, Address, and Telephone No.)** | **ATTORNEYS (If Known)** |
| Daniel J. Martin (P67848), Balch & Bingham LLP, 1901 Sixth Avenue North, Suite 1500, Birmingham, AL 35203; (205) 251-8100; dmartin@balch.com | David L. Stockman, M.D., pro se for himself only, 5805 McCarty Road, Saginaw, MI 48603; (989) 341-3017; dstockma4@icloud.com. MHC: no current counsel identified. |
| **PARTY** (Check One Box Only) | **PARTY** (Check One Box Only) |
| ☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☑ Creditor ☐ Other<br>☐ Trustee | ☑ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Removal under 28 U.S.C. §§ 1334(b) and 1452(a) and Fed. R. Bankr. P. 9027 of state-court contract/account claims, asserted individual liability claims, counterclaims, defenses, setoff, and recoupment rights related to the Chapter 7 estate.

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(a) - Recovery of Money/Property**

☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(b) - Validity, Priority or Extent of Lien**

☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(c) - Approval of Sale of Property**

☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(d) - Objection/Revocation of Discharge**

☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(e) - Revocation of Confirmation**

☐ 51-Revocation of confirmation

**FRBP 7001(f) - Dischargeability**

☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(f) - Dischargeability (continued)**

☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(g) - Injunctive Relief**

☐ 71-Injunctive relief - imposition of stay
☐ 72-Injunctive relief - other

**FRBP 7001(h) Subordination of Claim or Interest**

☐ 81-Subordination of claim or interest

**FRBP 7001(i) Declaratory Judgment**

☐ 91-Declaratory judgment

**FRBP 7001(j) Determination of Removed Action**

1 ☑ 01-Determination of removed claim or cause

**Other**

☐ SS-SIPA Case - 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| | |
|---|---|
| ☑ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
| ☐ Check if a jury trial is demanded in complaint | Demand $ 1,006,003.50 |

Other Relief Sought: Interest, costs, and other relief stated in the removed pleadings.

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>David Lewi-Emmanuel Stockman | BANKRUPTCY CASE NO.<br>26-20982-dob | |
| DISTRICT IN WHICH CASE IS PENDING<br>Eastern District of Michigan | DIVISION OFFICE<br>Bay City | NAME OF JUDGE<br>Daniel S. Opperman |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** | | |
| PLAINTIFF<br>None | DEFENDANT<br>None | ADVERSARY PROCEEDING NO.<br>None |
| DISTRICT IN WHICH ADVERSARY IS PENDING<br>N/A | DIVISION OFFICE<br>N/A | NAME OF JUDGE<br>N/A |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>*/s/ David L. Stockman*<br>Removing Party / Defendant and Counter-Plaintiff | | |
| DATE<br>September 23, 2026 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>David L. Stockman, M.D. | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs and Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**NORTHERN DIVISION - BAY CITY**

| | |
|---|---|
| In re:<br>DAVID LEWI-EMMANUEL STOCKMAN,<br>Debtor. | Bankruptcy Case No. 26-20982-dob<br>Chapter 7<br>Hon. Daniel S. Opperman |
| NEOGENOMICS LABORATORIES, INC.,<br>Plaintiff/Counter-Defendant, | Adversary Proc. No. ___________<br>(to be assigned) |
| v. | Removed from Saginaw County Circuit Court |
| MICHIGAN HEALTH CLINICS, P.C., and<br>DAVID L. STOCKMAN, M.D.,<br>Defendants, | Case No. 23-002346-CB<br>Hon. M. Randall Jurrens |
| and<br>DAVID L. STOCKMAN, M.D.,<br>Defendant/Counter-Plaintiff.<br>_______________________________________/ | |

**NOTICE OF REMOVAL UNDER 28 U.S.C. §§ 1334 AND 1452(a) AND FED. R. BANKR. P. 9027**

Defendant and Counter-Plaintiff David L. Stockman, M.D. ("Stockman"), appearing pro se only for himself and as the debtor in Bankruptcy Case No. 26-20982-dob, and not purporting to represent Michigan Health Clinics, P.C. ("MHC"), files this Notice of Removal under 28 U.S.C. § 1452(a) and Federal Rule of Bankruptcy Procedure 9027. Under E.D. Mich. LR 83.50(a), bankruptcy-related proceedings are referred to the bankruptcy judges, and LR 83.50(d)(1) specifically directs that notices of removal under § 1452(a) be filed with the bankruptcy clerk.

## I. STATE-COURT ACTION

1. The action removed is NeoGenomics Laboratories, Inc. v. Michigan Health Clinics, P.C. and David L. Stockman, M.D., Saginaw County Circuit Court Case No. 23-002346-CB, pending before Hon. M. Randall Jurrens.
2. NeoGenomics commenced the action on October 30, 2023 against MHC. In September 2024, NeoGenomics filed an amended complaint asserting breach of contract against MHC; unjust

enrichment against MHC and Stockman; open account against MHC; account stated against MHC; and conversion against MHC and Stockman.

3. On October 18, 2024, Stockman filed a Counterclaim against NeoGenomics. The Counterclaim asserts abuse of process, defamation, intentional infliction of emotional distress, fraud and misrepresentation, declaratory relief, and sanctions/fees arising from NeoGenomics' decision to pursue Stockman personally. Stockman does not concede the present ownership, viability, or procedural status of any claim that became property of the Chapter 7 estate; Trustee Sweet's authority over estate property is preserved.
4. On July 25, 2025, the state court entered an opinion and order granting Stockman's motion to dismiss the amended complaint as to the claims against Stockman. The later procedural history concerning any attempted repleading is disputed and is preserved for adjudication after removal.
5. On August 25, 2026, after the bankruptcy case commenced, NeoGenomics filed a Motion to Separate Claims against MHC. NeoGenomics asks the state court to proceed to final adjudication of claims against MHC while expressly recognizing that other claims are stayed. The motion seeks a separate trial and pretrial schedule on breach of contract, open account, and account stated.

## II. BANKRUPTCY JURISDICTION AND RELATION TO THE ESTATE

6. Stockman filed a voluntary bankruptcy petition on June 26, 2026. The bankruptcy case is now pending under Chapter 7 as In re David Lewi-Emmanuel Stockman, Case No. 26-20982-dob. Samuel D. Sweet is the Chapter 7 trustee.
7. Jurisdiction exists under 28 U.S.C. § 1334(b) because the removed claims and counterclaims are at least related to the pending bankruptcy case. Their outcome could affect property of the estate, claims against the estate, estate causes of action, setoff or recoupment rights, and administration of the Chapter 7 estate.

8. Stockman's filed Schedule A/B discloses a 100% ownership interest in MHC. That ownership interest is property of the bankruptcy estate under 11 U.S.C. § 541(a), regardless of the scheduled estimate of equity.

9. Stockman's filed Schedule A/B also discloses a $1,553,904 contractual-compensation receivable claimed directly against MHC. A judgment materially affecting MHC's liabilities, liquidity, defenses, or property can affect the value or collectability of that scheduled estate asset and the value of the estate's stock interest.

10. Stockman's filed Schedule A/B further discloses counterclaims, setoff, recoupment, and related defensive monetary rights arising from the NeoGenomics litigation as contingent and unliquidated rights, while preserving the Chapter 7 trustee's authority over estate property.

11. NeoGenomics asserts a claim exceeding $1 million arising from the same laboratory-services relationship. Its August 25, 2026 request to obtain a final corporate judgment while personal claims and estate-related rights are stayed creates an immediate controversy concerning the automatic stay, estate ownership and control, setoff and recoupment, claim preclusion and issue preclusion, and the economic effect of a corporate judgment on scheduled estate property.

## III. CLAIMS AND CAUSES OF ACTION REMOVED

12. Pursuant to 28 U.S.C. § 1452(a), Stockman removes, to the fullest extent permitted by law, the claims and causes of action in Case No. 23-002346-CB that fall within 28 U.S.C. § 1334(b), including any prepetition claim NeoGenomics asserts against Stockman personally; Stockman's counterclaims, setoff, recoupment, defenses, and related rights, subject to Trustee Sweet's authority over estate property; and the claims asserted against MHC to the extent their adjudication could conceivably affect property or administration of the bankruptcy estate.

13. Stockman does not purport to appear for or practice law on behalf of MHC. This Notice is filed by Stockman as a party to the state-court action and as the debtor. The scope of removal,

standing to prosecute estate claims, and any request for remand or abstention remain subject to determination by the Bankruptcy Court.

14. Removal is procedural only. It does not transfer ownership of an estate cause of action from Trustee Sweet to Stockman; does not authorize Stockman to prosecute estate property without authority; and does not waive any right concerning remand, abstention, claim allowance, setoff, recoupment, or the automatic stay.

## IV. PRIOR REMAND AND PRESENT BANKRUPTCY BASIS

15. The action was previously removed to the United States District Court on nonbankruptcy jurisdictional theories. On August 7, 2026, in Case No. 4:26-cv-11482-SDK-EAS, the District Court remanded the case to state court. This Notice does not seek review, reconsideration, or appellate correction of the August 7 remand order.

16. The present Notice invokes 28 U.S.C. §§ 1334 and 1452(a) and Rule 9027 in light of the pending bankruptcy case, the estate interests identified above, and NeoGenomics's post-bankruptcy August 25, 2026 request to separate and finally adjudicate claims while other claims are stayed.

17. Stockman also discloses the June 17, 2026 Opinion and Order in Case No. 1:25-cv-13417-GAD-APP, ECF No. 12, which imposed prefiling restrictions concerning new actions in the District Court, including notices of removal, and the August 7, 2026 remand order's reference to that restriction. This Notice is submitted directly to the Bankruptcy Clerk under the filing procedure expressly stated in E.D. Mich. LR 83.50(d)(1). Stockman does not ask the Bankruptcy Court to review or modify those district-court orders and expressly preserves all issues concerning their scope and application.

## V. AUTOMATIC STAY

18. To the extent a prepetition claim against Stockman remains pending, prosecution of that claim is subject to 11 U.S.C. § 362(a) unless relief from stay is entered by the Bankruptcy Court.

19. This Notice does not assert that MHC automatically receives Stockman's personal automatic stay merely because Stockman owns MHC. It presents the entire integrated controversy to the bankruptcy forum so that the bankruptcy court can determine the effect of the stay, estate-property issues, and the proper sequencing or adjudication of overlapping claims.

20. Nothing in this Notice grants NeoGenomics relief from the automatic stay, and nothing in this Notice waives Stockman's or Trustee Sweet's rights under § 362 or § 541.

**VI. TIMELINESS UNDER RULE 9027**

21. The order for relief was entered on June 26, 2026. Under Rule 9027(a)(2)(A), a prepetition claim pending when the bankruptcy case commenced may be removed within 90 days after the order for relief. Ninety days from June 26, 2026 is September 24, 2026. This Notice is filed before that date.

22. For any claim or cause of action that has been stayed under 11 U.S.C. § 362, Rule 9027(a)(2)(B) separately provides a removal period extending to 30 days after entry of an order terminating the stay.

23. Stockman does not rely on the Rule 9027(a)(2)(B) period to concede that any stay has terminated or that any particular claim presently may proceed.

**VII. RULE 9027 REQUIREMENTS; CONSENT**

24. This Notice contains the short and plain statement required by Rule 9027(a)(1)(A).

25. Stockman CONSENTS, for purposes of Rule 9027(a)(1)(B), to the Bankruptcy Court's entry of final orders and judgment to the fullest extent permitted by 28 U.S.C. § 157 and Article III. Stockman does not speak for any other party's consent.

26. Attached to this Notice are the two principal state-court pleadings submitted with this filing: Exhibit A, NeoGenomics' original Complaint and Summons commencing Case No. 23-002346-CB; and Exhibit B, Stockman's Counterclaim filed October 18, 2024. Stockman submits these actual filed-source documents and will promptly supplement the removed record with any

additional process or pleading the Bankruptcy Court directs under Fed. R. Bankr. P. 9027(a)(1)(C).

27. Under E.D. Mich. LR 83.50(a) and (d)(1), the removed proceeding is filed with the Bankruptcy Clerk and is subject to the District Court's standing reference to the bankruptcy judges. No separate motion to refer is requested.

**NOTICE AND REQUEST FOR DOCKETING**

Stockman gives notice of removal under 28 U.S.C. § 1452(a) and Fed. R. Bankr. P. 9027 and requests that the Clerk docket the removed matter as an adversary proceeding related to Bankruptcy Case No. 26-20982-dob. After the Bankruptcy Clerk dockets the Notice, Stockman will promptly serve the Notice and file a copy with the Saginaw County Circuit Court as required by Rule 9027(b).

Respectfully submitted,
/s/ David L. Stockman
David L. Stockman, M.D.
Debtor, Pro Se
5805 McCarty Road
Saginaw, MI 48603
(989) 341-3017
dstockma4@icloud.com
Dated: September 23, 2026

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**NORTHERN DIVISION - BAY CITY**

| | |
|---|---|
| In re:<br>DAVID LEWI-EMMANUEL STOCKMAN,<br>Debtor. | Bankruptcy Case No. 26-20982-dob<br>Chapter 7<br>Hon. Daniel S. Opperman |
| NEOGENOMICS LABORATORIES, INC.,<br>Plaintiff/Counter-Defendant, | Adversary Proc. No. __________<br>(to be assigned) |
| v. | Removed from Saginaw County Circuit Court |
| MICHIGAN HEALTH CLINICS, P.C., and<br>DAVID L. STOCKMAN, M.D.,<br>Defendants, | Case No. 23-002346-CB<br>Hon. M. Randall Jurrens |
| and<br>DAVID L. STOCKMAN, M.D.,<br>Defendant/Counter-Plaintiff.<br>________________________________________/ | |

**CERTIFICATE OF SERVICE**

I certify that on September 23, 2026, I served a true and correct copy of the Notice of Removal, the Adversary Proceeding Cover Sheet, Exhibit A (NeoGenomics Complaint and Summons), and Exhibit B (Stockman Counterclaim) by CM/ECF on all registered parties for whom CM/ECF service is available; by email and first-class U.S. mail on Daniel J. Martin (P67848), Balch & Bingham LLP, 1901 Sixth Avenue North, Suite 1500, Birmingham, Alabama 35203, dmartin@balch.com; by first-class U.S. mail on Michigan Health Clinics, P.C. at its address of record; and by CM/ECF where available on Chapter 7 Trustee Samuel D. Sweet and the Office of the United States Trustee.

/s/ David L. Stockman
David L. Stockman
Debtor, Pro Se
5805 McCarty Road
Saginaw, MI 48603
Dated: September 23, 2026

**UNITED STATES BANKRUPTCY COURT**

**EASTERN DISTRICT OF MICHIGAN**

**NORTHERN DIVISION - BAY CITY**

In re: DAVID LEWI-EMMANUEL STOCKMAN, Debtor.
Case No. 26-20982-dob | Chapter 7 | Hon. Daniel S. Opperman

# EXHIBIT A

## NEOGENOMICS LABORATORIES, INC. - COMPLAINT AND SUMMONS

Approved, SCAO | Original - Court / 1st copy - Defendant | 2nd copy - Plaintiff / 3rd copy - Return

| STATE OF MICHIGAN<br>JUDICIAL DISTRICT<br>JUDICIAL CIRCUIT<br>SAGINAW COUNTY | SUMMONS | CASE NO.<br>23-002346-CB<br>Case Code: CB |
|---|---|---|

Court address: 111 S. Michigan Avenue, Saginaw, Michigan 48602

Court telephone no.: (989) 790-5540

| Plaintiff's name, address, and telephone no. | | Defendant's name, address, and telephone no. |
|---|---|---|
| NeoGenomics Laboratories, Inc.<br>9490 NeoGenomics Way<br>Fort Myers, FL 33912<br>Telephone: (239) 768-0600 | v | Michigan Health Clinics, P.C.<br>Attn: Stephen Feldman, Registered Agent<br>32300 Northwestern Highway<br>Suite 200<br>Farmington Hills, MI 48334<br>Telephone: (248) 855-6500 |
| Plaintiff's attorney, bar no., address, and telephone no.<br>Daniel J. Martin, P67848<br>Jones Walker LLP<br>420 20th Street North, Suite 1100, Birmingham, AL 35203<br>Telephone: (205) 244-5307 | | |

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (MC 21). The summons section will be completed by the court clerk.

### Domestic Relations Case

☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (MC 21) listing those cases.

☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

### Civil Case

☑ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.

☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).

☑ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in ☐ this court, ☐ ______________________ Court, where it was given case number ______________ and assigned to Judge ______________.

The action ☐ remains ☐ is no longer pending.

Summons section completed by court clerk. **SUMMONS**

**NOTICE TO THE DEFENDANT**: In the name of the people of the State of Michigan you are notified:

1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside of Michigan).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date | Expiration date* | Court clerk |
|---|---|---|
| 10/30/2023 | 01/29/2024 | Vanessa Guerra |

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

## PROOF OF SERVICE

**TO PROCESS SERVER**: You must serve the summons and complaint and file proof of service with the court clerk before the expiration date on the summons. If you are unable to complete service, you must return this original and all copies to the court clerk.

## CERTIFICATE OF SERVICE / NONSERVICE

☐ I served ☐ personally ☐ by registered or certified mail, return receipt requested, and delivery restricted to the the addressee (copy of return receipt attached) a copy of the summons and the complaint, together with the attachments listed below, on:

☐ I have attempted to serve a copy of the summons and complaint, together with the attachments listed below, and have been unable to complete service on:

| Name | Date and time of service |
|---|---|
| Place or address of service | |
| Attachments (if any) | |

☐ I am a sheriff, deputy sheriff, bailiff, appointed court officer or attorney for a party.

☐ I am a legally competent adult who is not a party or an officer of a corporate party. I declare under the penalties of perjury that this certificate of service has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

| Service fee | Miles traveled | Fee | |
|---|---|---|---|
| $ | | $ | |
| Incorrect address fee | Miles traveled | Fee | TOTAL FEE |
| $ | | $ | $ |

Signature

Name (type or print)

## ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of a copy of the summons and complaint, together with

Attachments (if any) on Date and time

Signature on behalf of

Name (type or print)

MCL 600.1910, MCR 2.104, MCR 2.105

IN THE CIRCUIT COURT OF SAGINAW COUNTY, MICHIGAN

| | |
|---|---|
| NEOGENOMICS LABORATORIES, INC., ) | |
| Plaintiff, ) | |
| v. ) | |
| MICHIGAN HEALTH CLINICS, P.C., ) | CASE NO.: 23-002346-CB |
| Defendants. ) | CASE CODE: CB |

**Defendant NeoGenomics Laboratories, Inc.'s Complaint**

> There is no other civil action between these parties arising out of the same transaction or occurrence as alleged in this complaint pending in this court, nor has any such action been previously filed and dismissed or transferred after having been assigned to a judge, nor do I know of any other civil action, not between these parties, arising out of the same transaction or occurrence as alleged in this complaint that is either pending or was previously filed and dismissed, transferred, or otherwise disposed of after having been assigned to a judge in this court.

Plaintiff NeoGenomics Laboratories, Inc., by and through its attorney, Daniel J. Martin, states as follows:

#101732326v3

## Parties, Jurisdiction and Venue

1. Plaintiff, NEOGENOMICS LABORATORIES, INC., is a Florida corporation duly authorized and validly existing under the laws of the State of Florida with its principal place of business located in the State of Florida.

2. Defendant, MICHIGAN HEALTH CLINICS, P.C., is a Michigan professional corporation with its principal place of business located in Saginaw, Michigan, doing business in the County of Saginaw, State of Michigan.

3. Jurisdiction is proper in this Court pursuant to MCL 600.605 and 705. The amount in controversy in this action exceeds $25,000.

4. Venue is appropriate in Saginaw County pursuant to MCL 600.1621(a).

## Factual Allegations

5. Defendant agreed to pay Plaintiff for laboratory testing work on specimens that Defendant sent to Plaintiff.

6. Defendant paid Plaintiff for lab work under the agreement for a period of time but then stopped paying Plaintiff on or around March 2022 and yet continued to send lab work to Plaintiff.

7. On or about December 15, 2022, Defendant signed a Participating Member Laboratory Services Agreements with a national group purchasing organization ("GPO") and with Plaintiff that allowed Defendant to obtain Plaintiff's laboratory testing services at certain listed prices.

8. Defendant did not pay the amounts owed to Plaintiff for the lab work done on or around March 2022 through on or around July 2023.

9. Plaintiff sent Defendant invoices for the above-mentioned services and Defendant did not object to the invoices or deny owing the amounts stated in the invoices.

10. Plaintiff made numerous attempts to get Defendant to pay for the lab work Plaintiff performed but Defendant did not make payment.

11. The current outstanding amount that Defendant owes Plaintiff is $1,006,003.50. *See* Affidavit, **Exhibit 1**.

## COUNT I

## BREACH OF CONTRACT

12. Plaintiff adopts the preceding allegations as if fully stated here.

13. Plaintiff performed under the parties' agreement but Defendant has breached the agreement by failing to pay as promised. As a result of its failure to pay Defendant currently owes Plaintiff a total balance of past due invoices in the amount of $1,006,003.50.

14. Defendant's conduct as described in this Complaint constitutes a breach of the agreement entered into between the parties.

WHEREFORE, Plaintiff demands an award of $1,006,003.50 plus all other compensatory damages, interest, costs, attorneys' fees, and any and all such other relief as justice requires for losses resulting from Defendant's breach of contract.

## COUNT II

## UNJUST ENRICHMENT

15. Plaintiff adopts the preceding allegations as if fully stated here.

16. Defendant received the benefit of Plaintiff performing the lab tests that Defendant ordered.

17. Defendant's receipt and retention of the results of the lab tests that Plaintiff performed without paying for such lab tests is unjust and inequitable to Plaintiff.

WHEREFORE, Plaintiff demands an award of $1,006,003.50 plus all other compensatory damages, interest, costs, attorneys' fees, and any and all such other relief as justice requires for losses resulting from Defendant's unjust enrichment.

**COUNT III**

**OPEN ACCOUNT**

18. Plaintiff adopts the preceding allegations as if fully stated here.

19. Defendant has an account with Plaintiff that Defendant used to make a series of orders for lab testing over time.

20. Defendant expressly and impliedly promised to pay Plaintiff for the lab orders Defendant sent to Plaintiff.

21. Defendant has wrongfully failed to pay Plaintiff on the open account. The total amount Defendant owes on its open account with Plaintiff is $1,006,003.50.

WHEREFORE, Plaintiff demands an award of $1,006,003.50 plus all other compensatory damages, interest, costs, attorneys' fees, and any and all such other relief as justice requires for losses resulting from Defendant's failure to pay its open account.

**COUNT IV**

**ACCOUNT STATED**

22. Plaintiff adopts the preceding allegations as if fully stated here.

23. Defendant has an account with Plaintiff that Defendant used to make a series of orders for lab testing over time.

24. Defendant sent requests for lab testing to Plaintiff and Plaintiff provided the requested lab testing, testing for which Defendant expressly and impliedly agreed to pay.

25. The total amount Defendant owes on its account with Plaintiff is $1,006,003.50.

26. Plaintiff provided Defendant with a statement of account showing that Defendant owes $1,006,003.50.

27. Defendant did not object to or deny the statement of account showing Defendant owes Plaintiff $1,006,003.50.

28. Plaintiff submits the Affidavit attached as Exhibit 1 as an accurate statement of the account.

WHEREFORE, Plaintiff demands an award of $1,006,003.50 plus all other compensatory damages, interest, costs, attorneys' fees, and any and all such other relief as justice requires for the unpaid account stated.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that this Court enter a Judgment in its favor and against Defendant in the amount of $1,006,003.50, together with interest, costs and attorney's fees, and for such other relief as justice requires.

Respectfully submitted this 30th day of October, 2023.

*/s/ Daniel J. Martin*
Daniel J. Martin (P67848)
Attorney for NeoGenomics Laboratories, Inc.

JONES WALKER, LLP
420 20th Street North, Suite 1100
Birmingham, Alabama 35203
Telephone: (205) 244-5307
Facsimile: (205) 244-5400
DanielMartin@joneswalker.com

**PLEASE SERVE DEFENDANTS BY CERTIFIED MAIL**

**RETURN RECEIPT REQUESTED**

Michigan Health Clinic
Attn: Stephen Feldman, Registered Agent
32300 Northwestern Highway
Suite 200
Farmington Hills, MI 48334

Michigan Health Clinic
3925 Fortune Boulevard
Suite E
Saginaw, MI 48603

Michigan Health Clinic
4707 McLeod
Saginaw, MI 48604

Michigan Health Clinic
Attn: Cullen James
3925 Fort One
Saginaw, MI 48603

*/s/ Daniel J. Martin*
OF COUNSEL

# EXHIBIT 1

STATE OF MICHIGAN
IN THE CIRCUIT COURT OF SAGINAW COUNTY

| | | |
|---|---|---|
| NEOGENOMICS LABORATORIES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | CASE NO.: |
| MICHIGAN HEALTH CLINICS, P.C., | ) | |
| Defendants. | ) | |

---

## AFFIDAVIT OF CLARENCE COOPER

---

STATE OF FLORIDA )
LEE COUNTY )

**BEFORE ME,** the undersigned authority, personally came and appeared:

**CLARENCE COOPER**

who, after being duly sworn, did depose and say:

1. My name is Clarence Cooper.
2. I am over the age of 21, and I am competent and capable of making and offering this Affidavit.
3. I have personal knowledge of the facts and statements contained herein, and each of them is true and correct to the best of my knowledge, information, and belief.
4. I am the Assistant General Counsel of NeoGenomics Laboratories, Inc. (hereinafter "NeoGenomics").

#101743038v1

5. NeoGenomics is a premier cancer diagnostic, pharma services, and information services company serving oncologists, pathologists, pharmaceutical companies, and academic centers in their pursuit of providing better futures for people living with cancer.

6. Michigan Health Clinics, P.C. owes NeoGenomics $1,006,003.50 for services performed during 2022 and 2023.

7. NeoGenomics sent Michigan Health Clinics, P.C. invoices for the above-mentioned services and Michigan Health Clinics, P.C. did not object to the invoices or deny owing the amounts stated in the invoices.

8. Attached as **Exhibit A** is a copy of a summary of the account showing the invoices for services NeoGenomics performed but for which Michigan Health Clinics, P.C. has not paid.

9. I declare under penalty of perjury that the foregoing is true and correct.

Executed this 25th day of October, 2023.

CLARENCE COOPER

SWORN TO AND SUBSCRIBED BEFORE ME THIS 25th DAY OF October, 2023

NOTARY PUBLIC

NAME: Angela Baerwalde

MY COMMISSION EXPIRES: 9-1-2024

ANGELA BAERWALDE
MY COMMISSION #HH038378
EXPIRES: SEP 01, 2024
Bonded through 1st State Insurance



#101743038v1

# EXHIBIT A

NeoGenomics Laboratories, Inc.
9490 NeoGenomics Way
Fort Myers, FL 33912

Phone: (866) 776 5907 FAX: (888) 443-4153

| Michigan Health Clinic | | CLIENT: 15811 | |
|---|---|---|---|
| INDICATE CREDIT CARD USING FOR PAYMENT | | | |
| ☐ VISA<br>VISA | ☐ MasterCard | ☐ AMERICAN EXPRESS<br>American Express | ☐ DISCOVER<br>Discover |
| CARD NUMBER | | SECURITY CODE | |
| SIGNATURE | | EXP DATE (MM/YY) | |
| INVOICE DATE<br>07/10/2023 | AMOUNT DUE<br>$4,490.00 | ENTER AMOUNT PAID<br>$ | |
| INVOICE # 6562670 | | | |

Michigan Health Clinic
4707 McLeod
Saginaw, MI 48604

PLEASE REMIT WITHIN 30 DAYS TO:
NeoGenomics Laboratories, Inc.
PO BOX 947403
Atlanta, GA 30394-7403

DETACH AND RETURN THIS PORTION WITH YOUR PAYMENT - RETAIN BOTTOM PORTION FOR YOUR RECORDS

MESSAGES:

Effective August 1, 2023 NeoGenomics Laboratories, Inc. will begin applying a credit card processing fee of 3%, or the maximum applicable based upon your state's regulations, for payments made using any brand of credit card. It's a great time to make the switch to ACH. Please contact AVClientBilling@neogenomics.com to help get set up with ACH direct.

We are going GREEN! Did you know that our Clients can view and pay invoices online? Contact us at: AVCLIENTBILLING@neogenomics.com to update your contact information and transition to electronic invoices.

| CURRENT | 31 - 60 DAYS | 61 - 90 DAYS | 91 - 120 DAYS | OVER 120 DAYS | AMOUNT DUE |
|---|---|---|---|---|---|
| $4,490.00 | $150,598.00 | $94,702.00 | $91,055.00 | $665,158.50 | $1,006,003.50 |

| INVOICED TO: | BILLING DATE | AMOUNT OWED | INVOICE # |
|---|---|---|---|
| 15811 Michigan Health Clinic | 07/10/2023 | $4,490.00 | 6562670 |

## DETAIL FOR CURRENT INVOICE

| SERVICE DATE | QTY | PROCEDURE | DESCRIPTION | PATIENT | UNIT PRICE | AMOUNT |
|---|---|---|---|---|---|---|
| 06/27/2023 | 1 | BL88120.TC | Bladder Cancer FISH - Tech Only | | $400.00 | $400.00 |
| 06/27/2023 | 1 | BL88120.TC | Bladder Cancer FISH - Tech Only | | $400.00 | $400.00 |
| 06/28/2023 | 1 | BL88120.TC | Bladder Cancer FISH - Tech Only | | $400.00 | $400.00 |
| 06/28/2023 | 1 | BL88120.TC | Bladder Cancer FISH - Tech Only | | $400.00 | $400.00 |
| 06/23/2023 | 1 | BL88120.TC | Bladder Cancer FISH - Tech Only | | $400.00 | $400.00 |
| 06/28/2023 | 1 | BL88120.TC | Bladder Cancer FISH - Tech Only | | $400.00 | $400.00 |
| 06/28/2023 | 1 | BL88121.TC | Bladder Cancer FISH Auto - Tech Only | | $400.00 | $400.00 |
| 06/27/2023 | 1 | BL88120.TC | Bladder Cancer FISH - Tech Only | | $400.00 | $400.00 |
| 06/28/2023 | 1 | BL88120.TC | Bladder Cancer FISH - Tech Only | | $400.00 | $400.00 |
| 06/06/2023 | 5 | HIST88341TC | IHC Qualitative Addt'l Single Antibody - TC | | $45.00 | $225.00 |
| 06/06/2023 | 1 | HIST88342TC | IHC per specimen, initial single antibody - TC | | $45.00 | $45.00 |
| 06/06/2023 | 1 | HIST88360TC | IHC Quantitative Morphometric Analysis - TC | | $50.00 | $50.00 |
| 06/06/2023 | 5 | HIST88341TC | IHC Qualitative Addt'l Single Antibody - TC | | $45.00 | $225.00 |
| 06/06/2023 | 1 | HIST88342TC | IHC per specimen, initial single antibody - TC | | $45.00 | $45.00 |
| 06/06/2023 | 1 | HIST88360TC | IHC Quantitative Morphometric Analysis - TC | | $50.00 | $50.00 |
| 06/06/2023 | 1 | MOL81342 | T-Cell Receptor Gamma Gene Rearrangement | | $250.00 | $250.00 |

| | |
|---|---|
| BALANCE FORWARD | $1,001,513.50 |
| TOTAL BALANCE DUE | $1,006,003.50 |

| CURRENT | 31 - 60 DAYS | 61 - 90 DAYS | 91 - 120 DAYS | OVER 120 DAYS | AMOUNT DUE |
|---|---|---|---|---|---|
| $4,490.00 | $150,598.00 | $94,702.00 | $91,055.00 | $665,158.50 | $1,006,003.50 |

| INVOICED TO | BILLING DATE | INVOICE # |
|---|---|---|
| 15811 Michigan Health Clinic | 07/10/2023 | 6562670 |

INVOICE HISTORY

| DATE | INVOICE # | CHARGES | | PAYMENTS | ADJUSTMENTS | BALANCE |
|---|---|---|---|---|---|---|
| 07/10/2023 | 6562670 | $4,490.00 | Unapplied: | $0.00 | $0.00 | $4,490.00 |
| 07/03/2023 | 6546365 | $14,800.00 | | $0.00 | $0.00 | $14,800.00 |
| 06/26/2023 | 6524026 | $19,200.00 | | $0.00 | $0.00 | $19,200.00 |
| 06/19/2023 | 6503998 | $16,940.00 | | $0.00 | $0.00 | $16,940.00 |
| 06/12/2023 | 6484839 | $18,470.00 | | $0.00 | $0.00 | $18,470.00 |
| 06/05/2023 | 6463950 | $11,669.00 | | $0.00 | $0.00 | $11,669.00 |
| 05/29/2023 | 6440618 | $20,800.00 | | $0.00 | $0.00 | $20,800.00 |
| 05/22/2023 | 6419938 | $22,640.00 | | $0.00 | $0.00 | $22,640.00 |
| 05/15/2023 | 6398152 | $26,079.00 | | $0.00 | $0.00 | $26,079.00 |
| 05/08/2023 | 6377227 | $23,766.00 | | $0.00 | $0.00 | $23,766.00 |
| 04/30/2023 | 6354685 | $70,936.00 | | $0.00 | $0.00 | $70,936.00 |
| 03/31/2023 | 6277049 | $91,055.00 | | $0.00 | $0.00 | $91,055.00 |
| 02/28/2023 | 6183164 | $70,915.00 | | $0.00 | $0.00 | $70,915.00 |
| 01/31/2023 | 6103789 | $76,429.00 | | $0.00 | $0.00 | $76,429.00 |
| 12/31/2022 | 6023773 | $91,606.00 | | $0.00 | $0.00 | $91,606.00 |
| 11/30/2022 | 5937585 | $35,995.00 | | $0.00 | $0.00 | $35,995.00 |
| 10/31/2022 | 5853863 | $72,985.00 | | $0.00 | $0.00 | $72,985.00 |
| 09/30/2022 | 5768215 | $36,529.75 | | $0.00 | $0.00 | $36,529.75 |
| 08/31/2022 | 5676407 | $50,619.75 | | $0.00 | $0.00 | $50,619.75 |
| 07/31/2022 | 5585319 | $49,879.00 | | $0.00 | $0.00 | $49,879.00 |
| 06/30/2022 | 5498721 | $58,980.00 | | $0.00 | $0.00 | $58,980.00 |
| 05/31/2022 | 5413261 | $56,645.00 | | $0.00 | $0.00 | $56,645.00 |
| 04/30/2022 | 5329013 | $45,240.00 | | $0.00 | $0.00 | $45,240.00 |
| 03/31/2022 | 5243882 | $19,335.00 | | $0.00 | $0.00 | $19,335.00 |
| | | | | | AMOUNT DUE | $1,006,003.50 |

| CURRENT | 31 - 60 DAYS | 61 - 90 DAYS | 91 - 120 DAYS | OVER 120 DAYS | AMOUNT DUE |
|---|---|---|---|---|---|
| $4,490.00 | $150,598.00 | $94,702.00 | $91,055.00 | $665,158.50 | $1,006,003.50 |

| INVOICED TO | BILLING DATE | INVOICE # |
|---|---|---|
| 15811 Michigan Health Clinic | 07/10/2023 | 6562670 |

**UNITED STATES BANKRUPTCY COURT**

**EASTERN DISTRICT OF MICHIGAN**

**NORTHERN DIVISION - BAY CITY**

In re: DAVID LEWI-EMMANUEL STOCKMAN, Debtor.
Case No. 26-20982-dob | Chapter 7 | Hon. Daniel S. Opperman

# EXHIBIT B

## DAVID L. STOCKMAN - COUNTERCLAIM FILED OCTOBER 18, 2024

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF SAGINAW

NEOGENOMICS LABORATORIES, INC.,

Plaintiff, Case No. 23-002346-CB
vs. Hon. M. Randall Jurrens

MICHIGAN HEALTH CLINICS, P.C. d/b/a
MI Health Clinic, a Michigan Professional Corporation

And

David Stockman

Defendant, and Counter-Plaintiff

---

Daniel J. Martin (P67848)
JONES WALKER, LLP
Attorney for Plaintiff NeoGenomics
420 20th Street North, Suite 1100
Birmingham. Alabama 35203
(205) 244-5307
danielmartin@joneswalker.com

JAMES J. KELLY (P72111)
JIM KELLY LAW, PC
Attorneys for Defendant
30300 Northwestern Hwy, Ste 324
Farmington Hills, Michigan 48334
(O) (248) 449-4400
Jim@jimkellylaw.com

DAVID STOCKMAN (Pro se and hybrid)
3871 Fortune Boulevard
Saginaw, Michigan 48603
(989) 341-3017
dstockma4@icloud.com

---

**COUNTERCLAIM OF DEFENDANT DAVID STOCKMAN**

**Defendant David Stockman**, by way of counterclaim against **NeoGenomics Laboratories, Inc.**, states as follows:

**I. Introduction and Background**

1. **Plaintiff NeoGenomics Laboratories, Inc.** is a corporation headquartered in Florida that provides laboratory services to medical practices.

2. **Defendant and Counter-Plaintiff David Stockman** is an individual and officer of Michigan Health Clinics, P.C., with a primary business address in Michigan.

3. On or around **September 25, 2024**, NeoGenomics amended its complaint to include David Stockman personally, despite knowing that Stockman was not personally liable under the contracts or agreements at issue.

4. The decision to name Stockman personally was both **suspicious** and **unwarranted**, following an earlier attempt by NeoGenomics to seek **default judgment** against Michigan Health Clinics in **2023**, which did not name Stockman as a defendant.

5. NeoGenomics has engaged in a **pattern of harassment** and **bad faith litigation** aimed at intimidating David Stockman, with the intent to coerce a settlement through improper legal tactics. As a result, Stockman has suffered significant financial losses, emotional distress, and reputational harm.

## II. Factual Basis for the Counterclaims

6. NeoGenomics' actions, including the filing of an amended complaint in **September 2024** to name David Stockman personally, have caused significant harm to Stockman.

7. Despite knowing that Stockman was not personally liable for the debts or obligations of Michigan Health Clinics, NeoGenomics willfully included him in the lawsuit, without providing any new evidence or legal justification for this decision.

8. NeoGenomics has repeatedly acted in bad faith, as demonstrated by their attempt to seek a **default judgment** in **2023** against Michigan Health Clinics without naming Stockman, and then amending the complaint nearly a year later to target him personally.

9. As a result of these actions, Stockman has been forced to incur substantial legal costs, has experienced significant emotional and reputational harm, and has lost business opportunities due to the damage to his professional standing.

## III. Causes of Action

### Count I – Abuse of Process

10. NeoGenomics has **abused the legal process** by filing claims against David Stockman personally without any legitimate legal or factual basis.

11. The **timing** of the amended complaint, which was filed nearly a year after NeoGenomics sought default judgment against Michigan Health Clinics, raises serious concerns about NeoGenomics' motives in naming Stockman personally.

12. NeoGenomics' purpose in amending the complaint was not to seek a legitimate legal remedy, but to **harass, intimidate, and coerce** Stockman into settling claims that he is not legally liable for.

13. This **improper use** of the legal system has caused Stockman to incur unnecessary legal expenses and suffer emotional distress.

**Wherefore, David Stockman requests this Court:**

- Award **compensatory damages** in the amount of **$100,000** for the legal costs, lost time, and emotional harm caused by NeoGenomics' abuse of process.
- Award **punitive damages** in the amount of **$200,000** for NeoGenomics' malicious use of the legal system.
- Award **such further relief** as the Court deems just and proper.

**Count II – Defamation**

14. NeoGenomics made **false and defamatory statements** regarding Stockman's personal involvement and liability during the course of litigation, including the assertion that he was personally responsible for debts and obligations that were solely the responsibility of Michigan Health Clinics, P.C.

15. These **false statements** have damaged Stockman's professional reputation, both within the medical community and among business partners, leading to a loss of business opportunities, clients, and professional relationships.

16. NeoGenomics made these statements with **reckless disregard for the truth**, knowing that Stockman was not personally liable for any contractual obligations with NeoGenomics.

**Wherefore, David Stockman requests this Court:**

- Award **compensatory damages** in the amount of **$150,000** for the harm to his personal and professional reputation and lost business opportunities.
- Award **punitive damages** in the amount of **$250,000** for NeoGenomics' reckless and malicious conduct.
- Award **such further relief** as the Court deems just and proper.

**Count III – Intentional Infliction of Emotional Distress (IIED)**

17. NeoGenomics' actions in **naming Stockman personally** in the lawsuit were **extreme, outrageous**, and intended to cause emotional harm.

18. NeoGenomics pursued claims against Stockman with the **intent to cause severe emotional distress**, or with reckless disregard for the likelihood of causing such harm.

19. As a result of NeoGenomics' conduct, Stockman has experienced significant **emotional distress**, including anxiety, stress, and reputational harm, which has negatively impacted his personal and professional life.

**Wherefore, David Stockman requests this Court:**

- Award **compensatory damages** in the amount of **$100,000** for the emotional distress caused by NeoGenomics, including future harm.
- Award **punitive damages** in the amount of **$200,000** for NeoGenomics' intentional or reckless conduct.
- Award **such further relief** as the Court deems just and proper.

**Count IV – Fraud and Misrepresentation**

20. NeoGenomics made **false and misleading representations** regarding Stockman's personal liability for the debts and obligations of Michigan Health Clinics, P.C.

21. NeoGenomics knew, or should have known, that these representations were false, as Stockman had no personal contractual obligations with NeoGenomics.

22. Stockman relied on these misrepresentations to his detriment, suffering financial losses, reputational harm, and emotional distress as a result.

**Wherefore, David Stockman requests this Court:**

- Award **compensatory damages** in the amount of **$150,000** for the financial losses and reputational harm caused by NeoGenomics' fraudulent conduct.
- Award **punitive damages** in the amount of **$250,000** for NeoGenomics' deliberate misrepresentation.
- Award **such further relief** as the Court deems just and proper.

**Count V – Declaratory Judgment**

23. Stockman is entitled to a **declaratory judgment** that he is not personally liable for any claims made by NeoGenomics, as the contracts and agreements at issue were solely between NeoGenomics and Michigan Health Clinics, P.C.
24. NeoGenomics' decision to name Stockman personally in the lawsuit in **September 2024** is **suspicious**, given that they had previously sought default judgment against Michigan Health Clinics without naming Stockman.
25. NeoGenomics has wrongfully attempted to hold Stockman personally liable without any legal or factual basis for doing so.

**Wherefore, David Stockman requests this Court:**

- Issue a **declaratory judgment** that David Stockman has no personal liability in this matter, as the claims brought against him are **suspicious** and lack a valid legal basis.
- Award **such further relief** as the Court deems just and proper.

**Count VI – Sanctions and Attorney's Fees**

26. NeoGenomics filed and pursued claims against Stockman personally in **bad faith**, knowing that he had no personal liability under the agreements in question.
27. NeoGenomics' conduct has caused Stockman to incur significant **legal expenses** defending against these frivolous claims.

**Wherefore, David Stockman requests this Court:**

- Award **sanctions** in the amount of **$50,000** against NeoGenomics for filing and pursuing claims in bad faith.
- Award **attorney's fees and costs** in the amount of **$75,000** incurred in defending against NeoGenomics' wrongful claims.
- Award **such further relief** as the Court deems just and proper.

**Prayer for Relief**

**Wherefore**, David Stockman prays for the following relief:

1. **$100,000** in compensatory damages for legal costs, lost time, and emotional harm due to **abuse of process**.
2. **$200,000** in punitive damages for NeoGenomics' malicious conduct.
3. **$150,000** in compensatory damages for **defamation**, including harm to reputation and lost business.
4. **$250,000** in punitive damages for NeoGenomics' reckless conduct.
5. **$100,000** in compensatory damages for **intentional infliction of emotional distress**, including future emotional harm.
6. **$200,000** in punitive damages for NeoGenomics' intentional or reckless conduct.
7. **$150,000** in compensatory damages for **fraud and misrepresentation**.
8. **$250,000** in punitive damages for NeoGenomics' deliberate misrepresentation.
9. A **declaratory judgment** that David Stockman is not personally liable for the claims made by NeoGenomics and that the timing of his inclusion is **suspicious** and lacks merit.
10. **$50,000** in sanctions and **$75,000** for attorney's fees and costs for bad faith litigation.

11. **Prejudgment interest** on all monetary damages awarded at a rate of **5-10%**.

12. **Such further relief** as the Court deems just and proper.

**Respectfully submitted,**

*/s/ David Stockman*
David Stockman
Defendant and Counter Plaintiff, Hybrid and Pro se
3871 Fortune Boulevard
Saginaw, MI 48603
989-341-3017
dstockma4@icloud.com

Jim Kelly Law, PC
30300 Northwestern Hwy, Ste 324
Farmington Hills, MI 48334
(248) 449-4444

Dated: Oct. 18, 2024

Certificate of Service

I certify that on 18 October 2024 I served the a copy of the Counterclaim of Defendant David Stockman upon the attorney of record for NeoGenomics Laboratories, Inc., Daniel J. Martin, by email.

Daniel J. Martin, Attorney for Plaintiff
Jones Walker, LLP
420 20th Street North, Suite 1100
Birmingham, AL 35203
danielmartin@joneswalker.com