UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION – BAY CITY

In Re:

DAVID LEWI-EMMANUEL STOCKMAN,

Debtor,
_____________________________________/

Chapter 7
Case No. 26-20982-dob
Hon. Daniel S. Opperman

**CREDITOR BUSH AND ATTORNEY GAUS'S RESPONSE TO DEBTOR'S MOTION FOR ORDER TO SHOW CAUSE AND OTHER RELIEF (DOC 262)**

Stephan Gaus ("Mr. Gaus"), through his counsel, Maddin, Hauser, Roth & Heller, PC, and Russell Bush, through his counsel, Garske Hewitt Rodenbo, PLC, state the following in response to Debtor's Motion for Order to Show Cause and Other Relief:

Debtor contends that on August 13, 2026, Mr. Gaus made a "knowing false statement of material fact" to this Court in violation of Rule 3.3(a)(1) of the Michigan Rules of Professional Conduct at oral argument on one of Debtor's motions. (*See generally* 9-10-26 Motion (ECF 262) and *see* p. 6, ¶16) (Emphasis added) More specifically, he contends Mr. Gaus lied when he stated that, "I didn't reach out to Cole Waterman [or] Terry Camp . . . [t]hey reached out to me." (*Id.*, ¶2)

The August 13 hearing was on Debtor's July 24, 2026 Emergency Motion seeking sanctions and other relief against Mr. Gaus. (*See* ECF 234, p. 1, ¶2 [Order as to ECF 90]) That motion arose out of Creditor Russell Bush's July 15, 2026 motion filed by Mr. Gaus concerning a removal notice Debtor filed in another case and related media coverage. (*See* Ex. A ["Motion to Strike and Vacate" (ECF 5) filed in Case No. 26-12261-GAD-PTM to ECF 90, pp. 1-4 Emergency Motion])

In his July 24 Emergency Motion, Debtor argued that Mr. Gaus filed the Motion to Strike and Vacate and supporting documents at least in part to obtain media coverage of portions of the filing. (ECF 90, p. 1) Debtor sought to support that claim with the argument that the speed with which reporter Cole Waterman contacted him about the filing meant that Mr. Gaus *likely* told Waterman about the filing for purposes of publicizing it. (*Id.*) Based on solely on that purported proposition, Debtor now claims that Mr. Gaus deliberately misled the Court on August 13, 2026.

Messrs. Bush and Gaus ask this Court to deny this motion out-of-hand and treat it as another abusive filing that is part and parcel of Debtor's prolific history of vexatious conduct.

<u>First</u>, the timing of the reporters' contacting of Debtor in relation to the July 15, 2026 filing of the Motion to Strike and Vacate is not probative as to the question whether Mr. Gaus's July 24, 2026 statement to the Court was truthful. Credentialed

journalists covering court proceedings need only submit an online Media Account CM/ECF Application on the Eastern District website to obtain "a media account that would allow the user to sign up to receive Notices of Electronic Filing (NEFs) in any cases of interest." *See* https://www.mied.uscourts.gov/about/media/ It is nonsense to suppose that the journalists in question do not have such accounts, receive such notifications on their devices, and did not contact him as a result of such an alert or another PACER related method of notification.

Second, nearly the entirety of Debtor's motion is focused on obtaining discovery pertaining to press coverage of his August 2024 default in the Wildfire Credit Union matter – a topic that Mr. Gaus' July 24, 2026 statement had nothing to do with – and that concerns prepetition conduct which falls solely within the purview of the Trustee.

Third, Debtor cites Fed. R. Civ. P. 26(b)(1) as incorporated in Fed. R. Bankr. Pro. 9014. But none of the discovery he seeks is relevant to any party's claims or defenses and thus all of it falls outside the scope of discovery set forth in Rule 26(b)(1). Debtor also seeks to invoke the inherent authority of the Court to sanction misconduct. But there is nothing about the argument he makes that would justify that. Not even close.

In light of the above, we respectfully ask the Court to waive the hearing on Debtor's motion and enter an order denying his motion. We also respectfully request the Court urge Debtor to cease his vexatious conduct and advise and warn Debtor that,

absent a showing to the contrary after notice and opportunity to be heard, the record is now more than sufficient to warrant: (1) a declaration that he is a vexatious litigant; and (2) the imposition of a pre-filing order relieving other parties of the need to respond to further filings absent the specific permission by the Court.

Respectfully submitted,

MADDIN HAUSER ROTH & HELLER, PC

*/s/ Steven M. Wolock*
STEVEN M. WOLOCK (P38497)
*Attorneys for Steven Gaus*
*and Garske Hewitt Rodenbo, PLC*
One Towne Square
Fifth Floor
Southfield, MI 48076
248.354.4030
swolock@maddinhauser.com

GARSKE HEWITT & RODENBO, PLC

*/s/ Stephan M. Gaus*
Stephan M. Gaus (P28943)
*Attorney for Plaintiff Russell L. Bush, M.D.*
708 S. Euclid Avenue
Bay City, MI 48706
(989) 355-0100
gaus@ghr.law

Date: October 2, 2026

**PROOF OF SERVICE**

The undersigned states that on October 2, 2026 he served *Creditor Bush and Attorney Gaus's Response to Debtor's Motion for Order to Show Cause and Other Relief (Doc 262)* on the parties of record through the CM/ECF Efiling System of the US Eastern District of Michigan Bankruptcy Court.

I declare the foregoing statement to be true to the best of my information, knowledge and belief.

*/s/ Almado Doko*
Almado Doko