**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**NORTHERN DIVISION - BAY CITY**

**IN RE:**
**DAVID LEWI-EMMANUEL STOCKMAN,**
Debtor.
_____________________________________/

Case No. 26-20982-dob
Chapter 7
Hon. Daniel S. Opperman

**DEBTOR'S CONSOLIDATED RESPONSE TO ECF NOS. 261 AND 265; LIMITED CONCURRENCE IN VACATUR OF ECF NOS. 246 AND 247; OPPOSITION TO SANCTIONS AND FILING RESTRICTIONS; AND REQUEST THAT THE COURT REQUIRE THE PRIMARY RECORD AND ISSUE SHOW CAUSE**

This is the Debtor's first response to ECF Nos. 261 and 265. The Debtor agrees only that the two voluntary examination orders may be vacated because Dr. Nicholas Hruby and Dr. Offiong Francis Ikpatt no longer wish to proceed voluntarily. The Debtor does not admit fraud, misrepresentation, bad faith, an unauthorized-signature scheme, or any other misconduct.

The Debtor incorporates by reference, without reattaching, his September 11, 2026 Motion to Strike ECF No. 261 and his September 17, 2026 Motion to Strike or Disregard ECF No. 308. Those filings already place the broader Gaus-candor, witness-contact, affidavit-preparation, and preservation issues before the Court. Reattaching them here would duplicate an extensive docket record and unnecessarily consume pages.

Only one exhibit is attached to this Response: Exhibit A, the complete Stockman-Hruby text-message chain through September 9, 2026. It is attached once because it is the most important contemporaneous evidence of what the Debtor told Dr. Hruby before ECF No. 228 was filed and what Dr. Hruby actually said in response.

## RELIEF REQUESTED

**A.** Vacate ECF No. 246 and ECF No. 247 solely because the voluntary procedures are no longer consensual, without any finding or admission of fraud, bad faith, misrepresentation, or misconduct by the Debtor.

**B.** Deny the requests in ECF Nos. 261 and 265 for attorney fees, costs, sanctions against the Debtor, vexatious-litigant status, or filing restrictions.

**C.** State expressly that vacatur is without prejudice to separate Rule 2004 motions seeking court-authorized examinations of Dr. Hruby and Dr. Ikpatt, together with lawful compulsory process if authorized.

**D.** Require Stephan M. Gaus and Garske Hewitt & Rodenbo, PLC to preserve and produce to the Court, or lodge for in-camera review if the Court directs, the complete native recordings and corresponding call-detail records for Gaus's communications with Dr. Hruby and Dr. Ikpatt concerning these examinations, consent, filing, withdrawal, or sanctions.

**E.** Require Gaus to state the capacity in which he contacted each witness and whether he currently represented Hruby, Ikpatt, or neither at the time of the contacts.

**F.** Reject any blanket attorney-client-privilege assertion covering Gaus's own conduct, call timing, call metadata, witness-contact capacity, existence of recordings, or underlying facts. Any actual privilege or work-product claim should identify the holder, client, participants, date, and basis, with disputed material logged and submitted in camera if necessary.

**G.** Pursuant to Rule 9011(c)(3), request that the Court issue an order requiring Gaus to show cause concerning the factual basis and candor of ECF Nos. 261 and 265, including the omission of the earlier Hruby communications, the attribution of “fraud” to witnesses who did not use that word in the quoted communications, the counsel-written confirmation propositions, and the description to Ikpatt of ECF No. 246 as an order “mandating” his appearance when the entered order expressly made his appearance voluntary.

**H.** If the Court intends to resolve disputed factual issues concerning consent, witness contacts, candor, or credibility, conduct an evidentiary hearing under Rule 9014(d) on the complete primary record rather than counsel summaries.

## BRIEF IN SUPPORT OF RESPONSE

**ISSUES PRESENTED**

1. Whether the Court should vacate the two voluntary Rule 2004 orders without converting the witnesses' later withdrawal from voluntary participation into a finding that the Debtor committed fraud.

2. Whether sanctions, fees, or filing restrictions can fairly be imposed from a record created after Gaus contacted the witnesses while the most important earlier Stockman-Hruby communications were omitted from ECF No. 261.

3. Whether the Court should require the recordings and call records of Gaus's witness contacts before accepting his characterization of what occurred, and whether the Court should issue a show-cause order concerning candor and the factual basis of ECF Nos. 261 and 265.

## CONTROLLING AND MOST APPROPRIATE AUTHORITY

Fed. R. Bankr. P. 2004(a)-(c) - authorizes court-ordered examinations and lawful compulsory process.

Fed. R. Bankr. P. 9014(d) - testimony on disputed material facts in a contested matter is taken in the same manner as testimony in an adversary proceeding.

Fed. R. Bankr. P. 9011(b)(3), (c)(2), and (c)(3) - factual contentions require evidentiary support after reasonable inquiry; party sanctions motions require separate safe-harbor procedure; the Court may independently order an attorney to show cause.

Fed. R. Evid. 106 - related portions of a statement should be considered together when fairness requires completeness.

Upjohn Co. v. United States, 449 U.S. 383, 395-96 (1981) - privilege protects qualifying communications, not the underlying facts themselves.

Michigan Rules of Professional Conduct 3.3, 3.7, and 4.3 - candor to the tribunal, advocate-witness concerns, and communications with unrepresented persons.

11 U.S.C. § 105(a) - authorizes orders necessary or appropriate to carry out the Bankruptcy Code and prevent abuse of process.

## ARGUMENT

### I. VACATUR CAN BE GRANTED WITHOUT ANY FINDING OF FRAUD.

ECF Nos. 246 and 247 authorized voluntary examinations. Once either witness no longer wishes to participate voluntarily, there is no reason to force the consensual procedure to continue. The Debtor therefore does not oppose vacatur of those voluntary orders.

That narrow result does not establish fraudulent intent. Agreement to speak, agreement to an under-oath Zoom examination, receipt of a proposed stipulation, approval to submit the stipulation, review of the PDF, and authorization of a particular electronic-signature convention are distinct factual questions. A dispute over one does not convert the entire sequence into fraud.

The Debtor intends to seek separate court-authorized Rule 2004 examinations of both Hruby and Ikpatt. Vacatur of a voluntary order should therefore be without prejudice to a properly filed future motion and whatever compulsory process the Court lawfully authorizes.

## II. THE HRUBY TEXTS ARE THE CONTEMPORANEOUS STARTING POINT, AND ECF NO. 261 OMITTED THEM.

The central defect in ECF No. 261 is not simply that Gaus failed to attach evidence favorable to the Debtor. It is that Gaus accused the Debtor of "probable Fraud" based on a later witness-contact sequence while omitting the contemporaneous communications that directly bear on what the Debtor knew and believed before filing ECF No. 228.

Exhibit A shows that on September 2 the Debtor told Hruby the requested examination was for the bankruptcy proceeding, by Zoom, under oath, and approximately two hours. When the Debtor asked whether he could identify Hruby as agreeing or instead proceed through the Court, Hruby replied: "Alright. Pointless as I think it is let's get it done asap."

On September 3 the Debtor transmitted the proposed stipulation PDF and wrote: "So I would end up submitting this to the court. When you agree to something it is called a stipulated order. If you are okay with it I will submit it." Hruby replied: "Fine. Looks like a short conversation."

Those texts do not by themselves resolve the narrower /s/ authorization dispute. They do, however, make it improper to present the episode as if the Debtor invented Hruby's willingness to participate. The September 11 Motion to Strike ECF No. 261 already develops this issue in detail. This Response does not repeat that briefing; it attaches the texts once so the Court can read the actual contemporaneous exchange easily.

## III. GAUS BECAME PART OF THE WITNESS EVIDENCE AND THE RECORDINGS SHOULD CONTROL.

Gaus did not merely receive independent witness evidence. He contacted Hruby and Ikpatt, framed propositions for them to confirm, and then relied on the resulting responses to

accuse the Debtor of fraud and seek sanctions. Once counsel's own calls, wording, and descriptions become disputed facts, the best evidence is the primary recording and call record, not counsel's characterization.

The Debtor's prior Motion to Strike already placed the recording issue before the Court and stated that Gaus had said conversations conducted on his office telephone were recorded. That filing requested the native recordings of Gaus's conversations with Hruby and Ikpatt. This Response simply asks the Court to obtain the evidence that can answer the dispute directly.

With Hruby, Gaus's email begins “Thank you for your call.” The Debtor's understanding is that Hruby was returning an earlier contact from Gaus or his office. Whether that understanding is correct is readily established by the call-detail records and recording. There is no need to infer from wording selected after the call.

With Ikpatt, Gaus admits he had not previously known him. Gaus then supplied propositions for Ikpatt to confirm and described the Court's order as “mandating” Ikpatt's appearance. ECF No. 246 actually states that Ikpatt's appearance was voluntary and that no subpoena was required. The recording should establish how Gaus identified himself, what he said about the Court, and what was said before the written confirmation was solicited.

## IV. THE IDENTICAL “LEGAL MESS” LANGUAGE WARRANTS INQUIRY, NOT SPECULATION.

After the intervening contacts, both Hruby and Ikpatt separately told the Debtor that they did not want to become involved in his “legal mess.” The Debtor cannot testify from personal knowledge about who first introduced that phrase during conversations he did not hear. He therefore does not ask the Court to infer witness coercion merely from identical wording.

The identical phrase is nevertheless a legitimate reason to examine the recordings. The Court can determine whether Gaus used that phrase or a materially similar characterization, whether either witness was told things about the Debtor or litigation that affected voluntary

participation, and whether the later written confirmations accurately reflected the witnesses' own independent understanding.

## V. GAUS MUST IDENTIFY HIS CAPACITY; PRIVILEGE CANNOT OPERATE AS A BLANKET SHIELD FOR HIS OWN CONDUCT.

ECF No. 261 says Gaus represented Hruby in legal matters in the past. It does not establish that Gaus represented Hruby in this bankruptcy dispute. ECF No. 265 states that Gaus did not know Ikpatt before contacting him. The Court should therefore require a simple, nonprivileged answer: whom did Gaus represent when he contacted each witness?

Attorney-client privilege protects qualifying confidential communications made for legal advice; it does not make the underlying facts privileged. Upjohn, 449 U.S. at 395-96. Nor should a blanket privilege assertion conceal whether a call occurred, who participated, when it occurred, what telephone system was used, whether a recording exists, or the capacity in which counsel acted. If Gaus claims a particular recording or communication is privileged or work product, he should identify the privilege holder and basis on a proper log, with disputed material reviewed in camera if necessary.

This is especially important because Gaus himself placed the communications at issue by recounting them, quoting the confirmation emails, attributing positions to the witnesses, and seeking sanctions based on them. He cannot simultaneously serve as the evidentiary narrator and use privilege as a categorical bar to testing the accuracy of that narrative.

## VI. THE COURT SHOULD ADDRESS CANDOR THROUGH A NARROW SHOW-CAUSE INQUIRY.

The Debtor does not ask the Court to treat every omission by opposing counsel as misconduct. Lawyers ordinarily select evidence supporting their clients. The problem here is narrower: Gaus affirmatively accused the Debtor of fraud, attributed fraud characterizations to witnesses who did not use that word in the quoted communications, omitted the earlier Hruby

texts that materially bear on intent, used counsel-written confirmation propositions, and described a voluntary order to Ikpatt as an order “mandating” his appearance.

Rule 9011(b)(3) requires factual contentions to have evidentiary support after reasonable inquiry. Rule 9011(c)(3) permits the Court, on its own initiative, to order counsel to show cause why identified conduct has not violated Rule 9011(b). The Debtor therefore requests that the Court issue a narrow show-cause order directed to the factual basis and candor of ECF Nos. 261 and 265, rather than attempt to resolve those issues through a party sanctions motion embedded in this Response.

If the Court concludes that direct factual findings are necessary, Rule 9014(d) provides the cleaner route: testimony from the witnesses and, where necessary, from Gaus concerning his own communications, on the complete primary record.

## CONCLUSION

The Court can resolve the immediate problem simply: vacate the two voluntary orders; make no fraud or misconduct finding against the Debtor; deny Bush/Gaus's collateral sanctions and filing restrictions; preserve the Debtor's right to seek court-authorized Rule 2004 examinations of Hruby and Ikpatt; require the recordings and call records; require Gaus to identify the capacity in which he contacted each witness and to support any privilege claim specifically; and issue a narrow Rule 9011(c)(3) show-cause order concerning the factual presentation in ECF Nos. 261 and 265.

Respectfully submitted,
/s/ David Lewi-Emmanuel Stockman
David Lewi-Emmanuel Stockman
Debtor, Pro Se
5805 McCarty Road
Saginaw, Michigan 48603
Telephone: (989) 341-3017
Email: dstockma4@icloud.com
Dated: October 2, 2026

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**NORTHERN DIVISION - BAY CITY**

**IN RE:**
**DAVID LEWI-EMMANUEL STOCKMAN,**
Debtor.
_____________________________________/

Case No. 26-20982-dob
Chapter 7
Hon. Daniel S. Opperman

**DECLARATION OF DAVID LEWI-EMMANUEL STOCKMAN REGARDING COMMUNICATIONS WITH NICHOLAS HRUBY, M.D. AND OFFIONG FRANCIS IKPATT, M.D.**

I, David Lewi-Emmanuel Stockman, declare under penalty of perjury under 28 U.S.C. § 1746 that the following is true and correct based on my personal knowledge, except where I expressly identify a belief or information reported to me.

1. I am the Debtor in this Chapter 7 case.

2. I have known Dr. Nicholas Hruby and Dr. Offiong Francis Ikpatt for many years. My communications with them were informal because of those longstanding relationships.

3. Before ECF No. 228 was filed, I told Dr. Hruby by text that I was seeking a Rule 2004 examination in my bankruptcy, by Zoom, under oath, for approximately two hours. I asked whether I could identify him as agreeing or whether he wanted me to proceed through the Court.

4. Dr. Hruby replied: “Alright. Pointless as I think it is let’s get it done asap.”

5. On September 3, 2026, I sent Dr. Hruby the proposed stipulation PDF and wrote: “So I would end up submitting this to the court. When you agree to something it is called a stipulated order. If you are okay with it I will submit it.” Dr. Hruby replied: “Fine. Looks like a short conversation.” The complete supplied text chain is Exhibit A.

6. Based on that exchange, I understood Dr. Hruby to have agreed to the examination and to submission of the proposed stipulation. I recognize that whether he separately authorized the precise electronic-signature notation is disputed.

7. After Gaus contacted Dr. Hruby, I spoke with Dr. Hruby. He told me he did not want to become involved in my “legal mess.” He also told me he did not presently intend to oppose a

properly filed examination motion, would participate if the Court ordered it, and did not want questioning to exceed approximately two hours.

8. I understand that the phrase "Thank you for your call" in Gaus's email does not describe the full initiation sequence. My understanding is that Dr. Hruby was returning an earlier contact from Gaus or Gaus's office. I did not personally observe the first call and therefore ask that the call-detail records and recordings establish the sequence.

9. My conversations with Dr. Ikpatt were particularly casual because of our long history. I explained that he would be asked questions under oath by Zoom and that I would need to submit something to the Bankruptcy Court reflecting that he agreed to the examination or Zoom meeting.

10. I understood Dr. Ikpatt to agree to participate. I did not tell him that a voluntary order would force or "mandate" his appearance.

11. After Gaus contacted Dr. Ikpatt, Dr. Ikpatt also told me that he did not want to be involved in my "legal mess."

12. Dr. Ikpatt reported to me that he had received repeated calls and that caller identification displayed "Clerk of the Court." I did not independently verify the originating number and do not state that Gaus used a court telephone as an established fact. I request the call records, recordings, and testimony so the Court can determine exactly what occurred.

13. I do not know Gaus to have been retained by Dr. Ikpatt in this matter. I understand from ECF No. 261 that Gaus represented Dr. Hruby in prior matters, but I do not know him to be Hruby's current lawyer in this bankruptcy dispute.

14. I do not ask the Court to infer improper witness pressure merely because both witnesses later used the same phrase "legal mess." I ask the Court to review the recordings and primary communications because those materials can establish what was actually said.

15. I will not attempt to enforce either voluntary order after vacatur. I intend to file separate Rule 2004 motions asking the Court to authorize examinations of both Dr. Hruby and Dr. Ikpatt because each possesses information I believe is relevant to the estate and its claims, defenses, business history, and valuation issues.

Executed on October 2, 2026, at Saginaw, Michigan.

/s/ David Lewi-Emmanuel Stockman
David Lewi-Emmanuel Stockman

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**NORTHERN DIVISION - BAY CITY**

**IN RE:**
**DAVID LEWI-EMMANUEL STOCKMAN,**
Debtor.
_____________________________________/

Case No. 26-20982-dob
Chapter 7
Hon. Daniel S. Opperman

## EXHIBIT INDEX

Exhibit A - Complete Stockman-Hruby Text Message Chain, September 2-9, 2026

No prior motion, brief, affidavit packet, arbitration material, or duplicate copy of the Hruby texts is reattached. The Debtor relies on and incorporates by reference the prior Motion to Strike filings already on the docket.

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**NORTHERN DIVISION - BAY CITY**

| | |
|---|---|
| **IN RE:** | Case No. 26-20982-dob |
| **DAVID LEWI-EMMANUEL STOCKMAN,** | Chapter 7 |
| Debtor. | Hon. Daniel S. Opperman |

_______________________________________/

**EXHIBIT A**
**COMPLETE STOCKMAN-HRUBY TEXT MESSAGE CHAIN**
**SEPTEMBER 2-9, 2026**

The following pages are the actual text-message exhibit previously supplied with the Debtor's September 11, 2026 Motion to Strike ECF No. 261. They are reproduced here once for ease of review.


NH
Nicholas
I think she will be in the hospital for a week and then have a colostomy bag.
Wed, Sep 2 at 8:55 AM
Hi Nick, hope all is well. I was wondering if you would be willing to sit for a zoom interview for me. It basically is for my bankruptcy proceeding. It allows me to ask questions regarding my estate. I will probably be going into detail regarding your communication with covenant and gaus etc.
Also, that federal case which I am sure you were made aware by gaus of was dismissed.
Edited
Wed, Sep 2 at 1:50 PM
Can you elaborate? I really don't feel like doing a zoom call as I don 't see how I'm relevant to any of this.
I understand if you would feel that way. It is called a 2004 exam. It's pretty liberal and you'd probably have to do it anyway. It's just easier if you agree. It's under oath. You could do it by zoom. I would only need about 2 hours.
!? Any questions regarding Covenant, or Gaus for that matter I can answer in about 2 minutes as there's not much for me to say so I find this really odd. What am I missing?
It will probably be more than that, but if that is what it is then that is what it is. Anyway, if that's the case then it shouldn't take very long. Can I mark you down as agreeing or do you want me to work through the court? It's just easier if I say you agree and we can get it scheduled.
Alright. Pointless as I think it is let's get it done asap.
Thanks
I didn't even see that you called. I'm so sorry I was at the office. Phone turns off automatically. Just let me know what days work best for you or if there is a time or day in the next two weeks that work well.
Read 9/2/26
Mon - Wed, anytime after 1:00 your time (3 hrs earlier here right now)
Thursday 9:13 AM
26-20982.2026-09-03.Stipulation_Rule_2004_Nicholas_Hruby_FINAL.pdf
PDF Document · 190 KB
So I would end up submitting this to the court. When you agree to something it is called a stipulated order. If you are okay with it I will submit it
Thursday 10:34 AM
Fine. Looks like a short conversation.

Page 38


NH
Nicholas
Alright. Pointless as I think it is let's get it done asap.
Thanks
I didn't even see that you called. I'm so sorry I was at the office. Phone turns off automatically. Just let me know what days work best for you or if there is a time or day in the next two weeks that work well.
Read 9/2/26
Mon - Wed, anytime after 1:00 your time (3 hrs earlier here right now)
Thursday 9:13 AM
26-20982.2026-09-03.Stipulation_Rule_2004_Nicholas_Hruby_FINAL.pdf
PDF Document · 190 KB
So I would end up submitting this to the court. When you agree to something it is called a stipulated order. If you are okay with it I will submit it
Thursday 10:34 AM
Fine. Looks like a short conversation.
Today 2:12 PM
Nick, what in the world are you telling Gaus because I submitted the exact same document as above?
I didn't even look at the attachment until now and I don't agree with the stipulations. Most importantly, I was never submitted a final document for review and signature and I did not authorize you or anyone else to electronically sign for me. Not acceptable.
Today 4:06 PM
On the document I sent you, it shows a digital signature
And I sent you a document and asked you if you're OK with it and this is my fault?
So what part of the document are you not OK with?
Call me if you want to talk about it. If you don't it doesn't matter it's gonna go through the courts if that's what you prefer at the end of the day my guess is you're probably gonna have to testify or/be deposed/be examined. The judge probably already thinks that Gause is hiding something and this is just gonna make you look like there is something to hide. I just think it doesn't really matter. There's not really a whole lot to talk about as you said you should probably just testify and not make this into a big deal.
Edited
Any e signature I've ever signed is clearly identified as such and until today I wouldn't have recognized my name in bold print as such. Bottom line is I wasn't asked to sign anything, I didn't sign anything and I didn't designate a signer. Apart from selling you the PC and working as a consultant and then briefly as med. director, I have absolutely no direct knowledge of any of your financial or legal dealings so, yeah, just let it go through the courts.


NH
Nicholas
And I sent you a document and asked you if you're OK with it and this is my fault?
So what part of the document are you not OK with?
Call me if you want to talk about it. If you don't it doesn't matter it's gonna go through the courts if that's what you prefer at the end of the day my guess is you're probably gonna have to testify or/be deposed/be examined. The judge probably already thinks that Gause is hiding something and this is just gonna make you look like there is something to hide. I just think it doesn't really matter. There's not really a whole lot to talk about as you said you should probably just testify and not make this into a big deal.
Edited
Any e signature I've ever signed is clearly identified as such and until today I wouldn't have recognized my name in bold print as such. Bottom line is I wasn't asked to sign anything, I didn't sign anything and I didn't designate a signer. Apart from selling you the PC and working as a consultant and then briefly as med. director, I have absolutely no direct knowledge of any of your financial or legal dealings so, yeah, just let it go through the courts.
So let's back track. What do you not agree with regarding doing the interview?
Wednesday 7:34 PM
I don't agree with the premise of item 2 that I have "personal knowledge of assets and dealings..." because I don't. I am not going to commit up to 7 hrs per item 6. And item 7 has nothing I have any knowledge of beyond what I stated in the above text. Just let it go through the courts.
So it's not going to go through courts because Gaus motion is going to get killed.
I will agree to withdraw the stipulated order through another stipulated order.
Just so you know I'm going to put in another motion to do the exact same thing that you can object to in 14 days
You have one minute. I'm not trying to make this a long discussion.
Do as you see fit.
No I mean can I call you
sure.
Hruby_Stipulation_to_Vacate_Order_247.pdf
PDF Document · 122 KB
Okay please take a look at this
Yes, I have reviewed and agree with the Stipulation to Vacate order.
I will file it today.
Thanks
Read Wednesday

Page 40

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**NORTHERN DIVISION - BAY CITY**

**IN RE:**
**DAVID LEWI-EMMANUEL STOCKMAN,**
Debtor.
______________________________________/

Case No. 26-20982-dob
Chapter 7
Hon. Daniel S. Opperman

**CERTIFICATE OF SERVICE**

I certify that on October 2, 2026, I served the foregoing Debtor's Consolidated Response to ECF Nos. 261 and 265, Declaration, and Exhibit A through the Court's CM/ECF system upon all registered participants entitled to electronic notice, including counsel for Creditor Russell L. Bush, M.D., Chapter 7 Trustee Samuel D. Sweet, and the Office of the United States Trustee. To the extent any person entitled to service is not a registered CM/ECF participant, service will be made by first-class United States mail at the address of record.

/s/ David Lewi-Emmanuel Stockman
David Lewi-Emmanuel Stockman
Debtor, Pro Se

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**NORTHERN DIVISION - BAY CITY**

| | |
|---|---|
| **IN RE:** | Case No. 26-20982-dob |
| **DAVID LEWI-EMMANUEL** | Chapter 7 |
| **STOCKMAN,** | Hon. Daniel S. Opperman |
| Debtor. | |

_______________________________________/

**PROPOSED ORDER ON DEBTOR'S CONSOLIDATED RESPONSE TO ECF NOS. 261 AND 265**

The Court has considered ECF Nos. 261 and 265, the Debtor's Consolidated Response, the accompanying Declaration and Exhibit A, the prior related filings already on the docket, and any argument. The Court is otherwise sufficiently advised.

1. ECF No. 246, authorizing the voluntary Rule 2004 examination of Offiong Francis Ikpatt, M.D., is VACATED. No examination shall proceed under ECF No. 246.

2. ECF No. 247, authorizing the voluntary Rule 2004 examination of Nicholas Hruby, M.D., is VACATED. No examination shall proceed under ECF No. 247.

3. Vacatur is based solely on termination of the voluntary procedures and is not a finding or admission that the Debtor committed fraud, misrepresentation, bad faith, or other misconduct.

4. The requests in ECF Nos. 261 and 265 for attorney fees, costs, sanctions against the Debtor, vexatious-litigant status, or filing restrictions are DENIED.

5. Vacatur is without prejudice to separate Rule 2004 motions seeking court-authorized examinations of Dr. Hruby or Dr. Ikpatt and such compulsory process as is lawfully available. All objections are preserved.

6. Stephan M. Gaus and Garske Hewitt & Rodenbo, PLC shall preserve the complete native recordings and corresponding call-detail records for Gaus's communications with Dr. Hruby and Dr. Ikpatt concerning the examinations, consent, filing, withdrawal, or sanctions. Within seven days, Gaus shall either produce those materials as directed by the Court or lodge them for in-camera review if a specific privilege or work-product claim is asserted.

7. Any privilege or work-product claim shall identify the privilege holder, client, date, participants, and specific basis. No blanket privilege assertion shall prevent disclosure of nonprivileged facts including whether a call occurred, when it occurred, who participated, the capacity in which Gaus acted, what telephone system was used, whether a recording exists, and corresponding call metadata.

8. Within seven days, Gaus shall file a declaration stating whether he represented Dr. Hruby or Dr. Ikpatt at the time of each challenged contact and identifying the nonprivileged capacity in which he communicated with each witness.

9. Pursuant to Federal Rule of Bankruptcy Procedure 9011(c)(3), Gaus shall SHOW CAUSE why the factual presentation in ECF Nos. 261 and 265 - including the omission of the earlier Stockman-Hruby communications, attribution of fraud characterizations to the witnesses, use of counsel-drafted confirmation propositions, and description to Dr. Ikpatt of ECF No. 246 as an order “mandating” his appearance - does not warrant corrective or other appropriate action under Rule 9011(b) and the Court's authority to regulate proceedings before it.

10. If disputed material factual issues remain after production of the primary record, the Court will determine an appropriate evidentiary procedure under Rule 9014(d).

**IT IS SO ORDERED.**