# ADVERSARY PROCEEDING COVER SHEET
(Instructions on Reverse)

**ADVERSARY PROCEEDING NUMBER**
(Court Use Only)

| PLAINTIFFS | DEFENDANTS |
|---|---|
| SENSUS HEALTHCARE, INC. | MICHIGAN HEALTH CLINICS, P.C.<br>a/k/a Michigan Skin Clinics & Dermatological Services |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) | **ATTORNEYS** (If Known) |
| James A. Martone, Dickinson Wright PLLC<br>2600 W. Big Beaver Rd., Ste. 300, Troy, MI 48084 \| jmartone@dickinsonwright.com<br>DLA Piper LLP (US): Christopher G. Oprison / Erin Berhan | No attorney identified for Defendant in the available record.<br>David Lewi-Emmanuel Stockman, removing party, pro se<br>3871 Fortune Blvd., Saginaw, MI 48603 \| (989) 341-3017 \| dstockma4@icloud.com |
| **PARTY** (Check One Box Only)<br>☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor ☒ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor ☒ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Removal under 28 U.S.C. §§ 1334 and 1452 and Fed. R. Bankr. P. 9027 of state-law claim-and-delivery, contract, possession, damages, fees, and equitable claims from Saginaw County Circuit Court Case No. 25-1033-CB.

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(a) – Recovery of Money/Property**
- ☐ 11-Recovery of money/property - §542 turnover of property
- ☐ 12-Recovery of money/property - §547 preference
- ☐ 13-Recovery of money/property - §548 fraudulent transfer
- ☐ 14-Recovery of money/property - other

**FRBP 7001(b) – Validity, Priority or Extent of Lien**
- ☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(c) – Approval of Sale of Property**
- ☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(d) – Objection/Revocation of Discharge**
- ☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(e) – Revocation of Confirmation**
- ☐ 51-Revocation of confirmation

**FRBP 7001(f) – Dischargeability**
- ☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
- ☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
- ☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(f) – Dischargeability (continued)**
- ☐ 61-Dischargeability - §523(a)(5), domestic support
- ☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
- ☐ 63-Dischargeability - §523(a)(8), student loan
- ☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
- ☐ 65-Dischargeability - other

**FRBP 7001(g) – Injunctive Relief**
- ☐ 71-Injunctive relief – imposition of stay
- ☐ 72-Injunctive relief – other

**FRBP 7001(h) Subordination of Claim or Interest**
- ☐ 81-Subordination of claim or interest

**FRBP 7001(i) Declaratory Judgment**
- ☐ 91-Declaratory judgment

**FRBP 7001(j) Determination of Removed Action**
- [1] 01-Determination of removed claim or cause

**Other**
- ☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
- ☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| | |
|---|---|
| ☒ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
| ☐ Check if a jury trial is demanded in complaint | Demand $1,138,000+; plus damages, fees, and other relief |

Other Relief Sought

Possession/claim and delivery, injunctive relief, damages, interest, fees, and costs.

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>DAVID LEWI-EMMANUEL STOCKMAN | BANKRUPTCY CASE NO.<br>26-20982-dob | |
| DISTRICT IN WHICH CASE IS PENDING<br>Eastern District of Michigan | DIVISION OFFICE<br>Northern Division - Bay City | NAME OF JUDGE<br>Daniel S. Opperman |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** | | |
| PLAINTIFF<br>NONE | DEFENDANT<br>NONE | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>/s/ David Lewi-Emmanuel Stockman<br>Removing party, individually and pro se | | |
| DATE<br>November 2, 2026 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>David Lewi-Emmanuel Stockman | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**NORTHERN DIVISION — BAY CITY**

In re:

**DAVID LEWI-EMMANUEL STOCKMAN,**
Debtor.
_________________________________/

**SENSUS HEALTHCARE, INC.,**
Plaintiff,

v.

**MICHIGAN HEALTH CLINICS, P.C.,**
Defendant.
_________________________________/

Case No. 26-20982-dob
Chapter 7

Hon. Daniel S. Opperman

Adv. Proc. No. TO BE ASSIGNED

Removed from:
Saginaw County Circuit Court
Case No. 25-1033-CB

**NOTICE OF REMOVAL OF STATE-COURT CLAIMS AND CAUSES OF ACTION**
**28 U.S.C. §§ 1334 AND 1452; FED. R. BANKR. P. 9027**

David Lewi-Emmanuel Stockman, the Chapter 7 debtor, appearing in propria persona and only in his individual capacity, files this Notice of Removal concerning the claims and causes of action in Sensus Healthcare, Inc. v. Michigan Health Clinics, P.C., Saginaw County Circuit Court Case No. 25-1033-CB. Stockman states as follows:

**THE ACTION TO BE REMOVED**

**1.** Sensus Healthcare, Inc. commenced the state action against Michigan Health Clinics, P.C. in the Saginaw County Business Court. The action concerns obligations and enforcement arising from transactions involving Sensus equipment and related business dealings.

**2.** All state-court process, pleadings, substantive orders, and presently operative papers actually located in the local case files are submitted with this Notice as Exhibit A, as required by Federal Rule of Bankruptcy Procedure 9027(a)(1)(C). No reconstructed docket or recreated court record is included.

**3.** A prior removal of the state action was docketed in the United States District Court for the Eastern District of Michigan as Case No. 1:25-cv-13515-FKB-PTM. On May 8, 2026, that court remanded the action. The remand order stated that Michigan Health Clinics, P.C. had not responded to the remand motion and that a nonlawyer could not remove the action pro se

for the corporation. A copy of that order is submitted as Exhibit B. This Notice is signed by Stockman only in his individual capacity and not for Michigan Health Clinics, P.C.

## BANKRUPTCY CASE AND RELATED FEDERAL PROCEEDING

**4.** Stockman commenced Bankruptcy Case No. 26-20982-dob on June 26, 2026. The case was converted to Chapter 7 on August 19, 2026, and Samuel D. Sweet was appointed successor Chapter 7 trustee.

**5.** Stockman states, based on his personal conversation with Chapter 7 Trustee Samuel D. Sweet, that the Chapter 7 Trustee asked that the Sensus state action be removed to the bankruptcy court. Stockman understands that request to reflect the Trustee's position that the proceeding and the related rights and claims asserted to be property of the bankruptcy estate should be administered in this Court and coordinated or consolidated, as the Court deems appropriate, with the related pending federal action, E.D. Mich. Case No. 1:25-cv-13903-MCM-PTM.

**6.** The related federal action concerns Stockman's asserted claims involving Sensus and associated parties. Stockman identifies the relationship between the proceedings so the bankruptcy court can determine whether coordination, consolidation, referral, abstention, severance, or another form of case management is appropriate. This Notice does not represent that consolidation occurs automatically.

## JURISDICTION AND BASIS FOR REMOVAL

**7.** This Court has jurisdiction under 28 U.S.C. § 1334 over civil proceedings arising under title 11, arising in a case under title 11, or related to a case under title 11. Removal is invoked under 28 U.S.C. § 1452(a), Federal Rule of Bankruptcy Procedure 9027, and E.D. Mich. LR 83.50(d)(1).

**8.** Stockman asserts that the proceeding, the related claims and causes of action, and any associated rights affecting Stockman's interests became property of the bankruptcy estate under 11 U.S.C. § 541 upon commencement of the bankruptcy case. Their resolution may

affect estate property, estate causes of action, liabilities and claims involving related entities, potential recovery, and administration of the Chapter 7 estate. The Chapter 7 Trustee has asked that the action be removed to this Court. The bankruptcy court will determine the existence and scope of estate property and jurisdiction and whether any claim should be remanded or abstained from.

**9.** Stockman seeks removal of the claims and causes of action in State Case No. 25-1033-CB to the extent they fall within 28 U.S.C. §§ 1334 and 1452. He does not ask this Court, through the act of docketing this Notice, to decide the merits, vacate a prior order, or determine the effect of any state-court judgment without notice and an opportunity to be heard.

## TIMING AND PROCEDURAL DISCLOSURE

**10.** The state action preceded the bankruptcy case. Rule 9027(a)(2) governs the time for removal of a prepetition claim or cause of action. Stockman discloses that more than 90 days have elapsed since the June 26, 2026 order for relief and that the Chapter 7 conversion and Trustee's request occurred after commencement of the case.

**11.** To the extent the Court determines that enlargement is necessary and legally available, Stockman requests enlargement under Federal Rule of Bankruptcy Procedure 9006(b)(1) based on the post-remand conversion to Chapter 7, the successor Trustee's appointment and request, the related federal proceeding, and the interest in having the bankruptcy court determine estate-related jurisdiction and case management. Stockman reserves the right to file a separate motion if the Court requires one.

**12.** Stockman fully discloses the prior removal and remand so the Court may determine standing, timeliness, preclusion, jurisdiction, equitable remand, abstention, and any other threshold issue on a complete record.

## CONSENT TO ENTRY OF FINAL ORDERS

**13.** For purposes of Rule 9027(a)(1)(B), Stockman consents to the bankruptcy court's entry of final orders and judgment on matters within its statutory and constitutional authority. For any non-core matter beyond that authority, Stockman requests proposed findings of fact and conclusions of law for the district court under 28 U.S.C. § 157(c)(1), unless all necessary parties consent to final adjudication.

## NOTICE TO PARTIES AND ORIGINATING COURT

**14.** Stockman will promptly serve this Notice on all parties to the removed claims and causes of action and will file a copy with the Saginaw County Circuit Court clerk as required by Rule 9027(b). Under Rule 9027(c), removal becomes effective when the copy is filed with the originating court.

**WHEREFORE,** Stockman requests that the Clerk docket this Notice as a removed adversary proceeding associated with Bankruptcy Case No. 26-20982-dob; that the proceeding be assigned to the judge presiding over the bankruptcy case; that the Court determine the threshold issues identified above; and that, if removal is sustained, the proceeding be coordinated or consolidated as appropriate with E.D. Mich. Case No. 1:25-cv-13903-MCM-PTM and the bankruptcy estate's administration.

Respectfully submitted,

/s/ David Lewi-Emmanuel Stockman
David Lewi-Emmanuel Stockman
Chapter 7 Debtor, in propria persona
Appearing only in his individual capacity
3871 Fortune Boulevard
Saginaw, Michigan 48603
(989) 341-3017
dstockma4@icloud.com
Dated: November 2, 2026

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**NORTHERN DIVISION — BAY CITY**

| | |
|---|---|
| In re: | Case No. 26-20982-dob<br>Chapter 7 |
| **DAVID LEWI-EMMANUEL STOCKMAN,**<br>Debtor.<br>_________________________________/ | Hon. Daniel S. Opperman |
| **SENSUS HEALTHCARE, INC.,**<br>Plaintiff, | Adv. Proc. No. TO BE ASSIGNED |
| v. | Removed from:<br>Saginaw County Circuit Court<br>Case No. 25-1033-CB |
| **MICHIGAN HEALTH CLINICS, P.C.,**<br>Defendant.<br>_________________________________/ | |

# BRIEF IN SUPPORT OF NOTICE OF REMOVAL AND IMMEDIATE ADMINISTRATION IN BANKRUPTCY COURT

## ARGUMENT

**The Bankruptcy Court Has Jurisdiction Over Estate-Related Proceedings.**

District courts have original jurisdiction over civil proceedings arising under title 11, arising in a case under title 11, or related to a case under title 11. 28 U.S.C. § 1334(b). The Eastern District of Michigan refers those proceedings to the bankruptcy judges of this District. E.D. Mich. LR 83.50(a). Section 1452(a) permits removal of a claim or cause of action to the district court when the district court has jurisdiction under § 1334, and Local Rule 83.50(d)(1) directs bankruptcy removals to the bankruptcy court.

**The Proceeding Is Asserted to Affect Property and Administration of the Chapter 7 Estate.**

Stockman asserts that the Sensus proceeding, related claims and defenses, and rights implicated by the related federal action concern property included in the estate under 11 U.S.C. § 541. Resolution may affect estate assets, liabilities, recoveries, and administration. The Chapter 7 Trustee has asked that this action be removed to bankruptcy court, which should determine jurisdiction, estate ownership, standing, timeliness, abstention, equitable remand, and case management on a complete record.

**Immediate Bankruptcy-Court Administration Avoids Fragmented Adjudication.**

The bankruptcy case, state proceeding, and E.D. Mich. Case No. 1:25-cv-13903-MCM-PTM involve overlapping transactions, property, and asserted rights. Removal places the state claims before the court administering the estate. Stockman asks for coordination or consolidation only to the extent authorized and appropriate.

**The Court Should Address Any Timing Issue on the Full Record.**

Rule 9027(a)(2) governs removal of prepetition claims. Stockman discloses the prior district-court removal and remand, the Chapter 7 conversion, the successor Trustee's later appointment and request, and the elapsed time. If enlargement is required and legally available, Stockman requests relief under Rule 9006(b)(1), or permission to present the issue by separate motion, based on excusable neglect and the interest in centralized administration of asserted estate property.

## RELIEF REQUESTED

Stockman asks that the Clerk immediately docket the Notice as a removed adversary proceeding associated with Case No. 26-20982-dob and that the Court promptly administer the proceeding with the bankruptcy estate, determine all threshold issues, and coordinate or consolidate it with the related federal action to the extent the Court finds lawful and appropriate.

Respectfully submitted,

/s/ David Lewi-Emmanuel Stockman
David Lewi-Emmanuel Stockman
Chapter 7 Debtor, in propria persona
Appearing only in his individual capacity
3871 Fortune Boulevard
Saginaw, Michigan 48603
(989) 341-3017
dstockma4@icloud.com
Dated: November 2, 2026

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**NORTHERN DIVISION — BAY CITY**

| | |
|---|---|
| In re: | Case No. 26-20982-dob<br>Chapter 7 |
| **DAVID LEWI-EMMANUEL STOCKMAN,**<br>Debtor.<br>_________________________________/ | Hon. Daniel S. Opperman |
| **SENSUS HEALTHCARE, INC.,**<br>Plaintiff, | Adv. Proc. No. TO BE ASSIGNED |
| v. | Removed from:<br>Saginaw County Circuit Court<br>Case No. 25-1033-CB |
| **MICHIGAN HEALTH CLINICS, P.C.,**<br>Defendant.<br>_________________________________/ | |

**DECLARATION OF DAVID LEWI-EMMANUEL STOCKMAN**

I, David Lewi-Emmanuel Stockman, declare under penalty of perjury under 28 U.S.C. § 1746 that I have read the foregoing Notice of Removal. The factual statements concerning my bankruptcy case, my personal conversation with Chapter 7 Trustee Samuel D. Sweet, and my purpose in filing are true and correct based on my personal knowledge. Statements concerning court records are based on the records identified in the Notice.

I sign only for myself in my individual capacity. I do not sign for Samuel D. Sweet, the Chapter 7 Trustee, or Michigan Health Clinics, P.C.

Executed on November 2, 2026, in Saginaw, Michigan.

Respectfully submitted,

/s/ David Lewi-Emmanuel Stockman
David Lewi-Emmanuel Stockman
Chapter 7 Debtor, in propria persona
Appearing only in his individual capacity
3871 Fortune Boulevard
Saginaw, Michigan 48603
(989) 341-3017
dstockma4@icloud.com
Dated: November 2, 2026

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**NORTHERN DIVISION — BAY CITY**

| | |
|---|---|
| In re:<br><br>**DAVID LEWI-EMMANUEL STOCKMAN,**<br>Debtor.<br>________________________________/ | Case No. 26-20982-dob<br>Chapter 7<br><br>Hon. Daniel S. Opperman |
| **SENSUS HEALTHCARE, INC.,**<br>Plaintiff,<br><br>v.<br><br>**MICHIGAN HEALTH CLINICS, P.C.,**<br>Defendant.<br>________________________________/ | Adv. Proc. No. TO BE ASSIGNED<br><br>Removed from:<br>Saginaw County Circuit Court<br>Case No. 25-1033-CB |

**CERTIFICATE OF SERVICE**

I certify that on November 2, 2026, I served the foregoing Notice of Removal, declaration, and accompanying exhibits by the methods indicated below:

| | |
|---|---|
| James A. Martone (P77601) and Brandon L. Debus<br>Dickinson Wright PLLC<br>2600 W. Big Beaver Road, Suite 300<br>Troy, Michigan 48084<br>jmartone@dickinsonwright.com<br>Counsel for Sensus Healthcare, Inc. | Christopher G. Oprison and Erin Berhan<br>DLA Piper LLP (US)<br>200 South Biscayne Boulevard, Suite 2500<br>Miami, Florida 33131<br>chris.oprison@dlapiper.com<br>erin.berhan@dlapiper.com<br>Counsel for Sensus Healthcare, Inc. |
| Michigan Health Clinics, P.C.<br>3871 Fortune Boulevard<br>Saginaw, Michigan 48603 | Samuel D. Sweet, Chapter 7 Trustee<br>52 E. Burdick Street, No. 10<br>Oxford, Michigan 48371<br>ssweet@trusteesweet.us |

Service method(s): electronic mail to the listed counsel and Trustee, and first-class United States mail to the listed postal addresses. A file-stamped copy will also be filed with the Saginaw County Circuit Court Clerk under Rule 9027(b)(2).

/s/ David Lewi-Emmanuel Stockman
David Lewi-Emmanuel Stockman
Dated: November 2, 2026

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**NORTHERN DIVISION — BAY CITY**

In re:

**DAVID LEWI-EMMANUEL STOCKMAN,**
Debtor.
_________________________________/

**SENSUS HEALTHCARE, INC.,**
Plaintiff,

v.

**MICHIGAN HEALTH CLINICS, P.C.,**
Defendant.
_________________________________/

Case No. 26-20982-dob
Chapter 7

Hon. Daniel S. Opperman

Adv. Proc. No. TO BE ASSIGNED

Removed from:
Saginaw County Circuit Court
Case No. 25-1033-CB

**EXHIBIT INDEX**

**Exhibit A —** The complete collection of actual state-court process, pleadings, substantive orders, and presently operative filed papers located in the user's local files from Saginaw County Circuit Court Case No. 25-1033-CB. No reconstructed docket or recreated court record is included.

**Exhibit B —** May 8, 2026 remand order in E.D. Mich. Case No. 1:25-cv-13515-FKB-PTM.

**Exhibit C —** Bankruptcy docket entries reflecting commencement, conversion to Chapter 7, and appointment of successor Chapter 7 Trustee Samuel D. Sweet in Case No. 26-20982-dob.

**Exhibit D —** Current docket sheet and the complete locally available court-filed ECF record, ECF Nos. 1 through 23, in related E.D. Mich. Case No. 1:25-cv-13903-MCM-PTM.

The listed exhibits are attached behind this index. Exhibit A contains the actual filed papers located in the user's local files as of November 2, 2026. The entered default judgment and any written attorney-fee order were not located and therefore are not represented as attached. Rule 9027(a)(1)(C) requires all process and pleadings; any additional state-court paper later obtained should be filed promptly as a supplemental exhibit.