IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN (Bay City)

| | |
|---|---|
| **In re:** | **Case No. 26-20982-dob** |
| **DAVID LEWI-EMMANUEL STOCKMAN,** | **Chapter 7** |
| **Debtor.** | **Hon. Daniel S. Opperman** |

# NEOGENOMICS LABORATORIES, INC.'S RESPONSE TO DEBTOR'S MOTION TO ENFORCE THE AUTOMATIC STAY AND FOR SANCTIONS UPON PROOF OF A WILLFUL VIOLATION

NeoGenomics Laboratories, Inc. ("NeoGenomics"), by and through the undersigned counsel, files this *Response* (the "Response") to David Stockman's (the "Debtor's") *Motion to Enforce the Automatic Stay Against NeoGenomics Laboratories Inc. and for Sanctions Upon Proof of A Willful Violation* (the "Motion") (Doc. No. 263). In short, the Court should deny the Motion as moot. In support of this Response, NeoGenomics further submits the following:

## FACTUAL & PROCEDURAL BACKGROUND

1. The Debtor filed a voluntary Subchapter V Petition on June 26, 2026 (the "Petition Date"). *See* Doc. No. 1. This case was converted to one under Chapter 7 on August 19, 2026, for cause. *See* Doc. No. 174.

2. NeoGenomics is the plaintiff in a case styled *NeoGenomics Laboratories, Inc. v. Michigan Health Clinics, P.C. and David L. Stockman, M.D.*,

Case No. 23-002346-CB (the "State Court Action"). Therein, NeoGenomics seeks $1,006,003.50 against the Debtor and Michigan Health Clinics, P.C. ("MHC").

3. Per the unfortunate-yet-usual arrangement, the Debtor has avalanched the State Court Action with filings, including two notices of removal, a self-styled "Motion for Judicial Review and Relief," a counterclaim against NeoGenomics for abuse of process, defamation, and intentional infliction of emotional distress (among other things), multiple motions to dismiss, and alleged "procedural obstruction and evidentiary prejudice" against NeoGenomics as it relates to discovery.

4. Ultimately, the Honorable Shalina D. Kumar remanded the State Court Action back to the Saginaw County Circuit Court, noting the Debtor's "numerous attempts to improperly remove state court actions to federal court," and warning the Debtor that such conduct "may result in . . . filing restrictions." *See* Civil Action No. 4:26-cv-11482-SDK-EAS, (Doc. No. 13). Notably, Debtor acknowledged to Judge Kumar that "the automatic stay ordinarily protects the debtor and estate property, not a separate nondebtor corporation merely because it is a co-defendant" *See id.*, Doc. No. 12, p. 3.

5. After the remand, on August 25, 2026, NeoGenomics filed its *Motion to Separate Claims Against Defendant Michigan Health Clinics, P.C. and for Setting of Final Pre-Trial Conference and Trial and for Pre-Trial Deadlines* (the "Motion to

Separate") in the State Court Action. The Motion to Separate is attached to the Motion as **Exhibit 6-B**.

6. Therein, NeoGenomics went to great lengths to not offend 11 U.S.C. § 362(a), noting:

> Out of an abundance of caution and respect for the automatic stay that accompanies any bankruptcy filing, NeoGenomics clarifies that it ***is not*** attempting to take any action to further its causes of action against [the Debtor]. Instead, NeoGenomics is only seeking to finally move forward with final adjudication of its claims against [MHC] . . .

*See id.*, p. 3, ¶ 14 (emphasis in original).

7. Further, NeoGenomics made multiple references to "the claims against [MHC]—and only against [MHC] . . ." *See id.*, p. 3, ¶ 15.

8. The Debtor filed the Motion on September 10, 2026. *See* Doc. No. 263. Therein, he admits that the Motion to Separate "expressly limit[s] the requested trial to MHC," that "the other claims remain stayed," and that "NeoGenomic's proposed order separates only its claims against MHC . . .." *See id.*, pp. 1–2. Notably, the Debtor "does not assert that MHC's assets are estate property solely because he owns an interest in MHC." *See id.*, p. 3.

9. In his *Brief in Support of Debtor's Motion* (Doc. No. 263, p. 12), the Debtor again notes that "MHC is a separate nondebtor corporation" and the "debtor-centered language of § 362 does not create a blanket stay for every entity in which the debtor owns an interest."

10. The relief requested by the Debtor is summarized in Paragraph 14:

> The requested order should make clear that NeoGenomics may not use the MHC-only schedule to resume its stayed claims against Debtor, obtain a personal default or judgment, collect a prepetition claim from him, or obtain or control actual estate property while the applicable stay remains in effect.

*See id.*, p. 3.

11. Nonetheless, 13 days later, and before NeoGenomics' response deadline to the Motion expired, the Debtor filed a *Notice of Removal Under 28 U.S.C. §§ 1334 and 1452(a) and Fed. R. Bankr. P. 9027* (the "Removal"). *See* A.P. Case No. 26-02036-dob, A.P. Doc. No. 1.[1]

12. Through the Removal, the Debtor purports to remove "the claims asserted against MHC to the extent their adjudication could conceivably affect property of administration of the bankruptcy estate," and alleges that he "presents the entire integrated controversy to the bankruptcy forum so that the bankruptcy court can determine the effect of the stay, estate-property issues, and the proper sequencing or adjudication of overlapping claims." *See generally* A.P. Doc. No. 1. The Removal thus mirrors the Motion in many, if not all, respects.

## **ARGUMENT**

13. The Court should deny the Motion as moot.

[1] NeoGenomics does not waive any of its rights or remedies as it relates to the Removal, and this Response should not be considered an admission, waiver, or relinquishment of any kind.

14. FED. R. BANKR. P. 9027(c) notes that after a proper removal, "[t]he parties must proceed no further in the court from which the claim or cause of action was removed, unless it is remanded." Although NeoGenomics reserves all rights and remedies as it relates to opposing the Removal (*e.g.*, whether it is even proper, *see* FN 1), as a practical and procedural matter, the State Court Action is stayed, and the relief requested by the Debtor in the Motion is moot.

15. The Debtor's Motion is flat-wrong on the law and merits. (*See*, *e.g.*, *In re Tamarack Dev. Assocs., LLC*, 611 B.R. 286, 295 (Bankr. W.D. Mich. 2020) (Boyd, J.) ("[T]he automatic stay is primarily designed to protect the debtor and the bankruptcy estate, and its protections do not often extend directly to non-debtor third parties"); *In re Nashville Album Prods., Inc.,* 33 B.R. 123, 124 (M.D. Tenn. 1983) (Nixon, J.) ("Section 362 only stays actions against the debtor or actions seeking to obtain property of the estate"); *Parry v. Mohawk Motors of Michigan, Inc.,* 236 F.3d 299, 314 (6th Cir. 2000) (cleaned-up) ("[T]he stay does not extend to separate legal entities such as corporate affiliates, partners in debtor partnerships, or to codefendants in pending litigation"); *Patton v. Bearden*, 8 F.3d 343, 349 (6th Cir. 1993) (citing 2 *Collier on Bankruptcy*, ¶ 362.04) (cleaned up) (the automatic stay "does not extend . . . to separate legal entities such as corporate affiliates, partners in

debtor partnerships or to codefendants in pending litigation”).[2] But the Court need not rule on that issue because Stockman’s Motion is moot.

**CONCLUSION & RESERVATION OF RIGHTS**

NeoGenomics requests that the Court deny the Motion as moot and grant unto NeoGenomics any further or additional relief that the Court deems in the interests of equity. NeoGenomics reserves its rights to amend, supplement, or further modify this Response, and nothing herein should be considered a waiver or relinquishment of any kind as it relates to this Response and/or the Removal.

Respectfully Submitted:
*/s/ Daniel J. Martin*

Daniel J. Martin (P67848)
BALCH & BINGHAM LLP
1901 Sixth Ave. N., Ste. 1500
Birmingham, AL 35203
Tel.: (205) 226-3447
Email: dmartin@balch.com

*Counsel for NeoGenomics*

Dated November 10, 2026.

[2] In fact, this Court, at an October 20, 2026, hearing in this case, described it as “pretty fundamental” that “Dr. Stockman can file a bankruptcy on his own behalf . . . but if there’s another entity somewhat related to Dr. Stockman that’s all well-and-good, *but there’s no stay* . . ..” The Court also described the who’s-covered-by-the-stay issue as “the easiest one.” *See* Doc. No. 389, the unofficial AUDIO FILE ATTACHMENT (emphasis added). *See also* Doc. No. 390 (finding that “there was no stay” concerning a non-debtor company).