UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
BAY CITY DIVISION

IN RE:

DAVID LEWI-EMMANUEL STOCKMAN, Debtor.

Case No. 26-20982-dob
Chapter 7
Hon. Daniel S. Opperman

______________________________________/

**DECLARATION OF CREDITOR'S COUNSEL ESTABLISHING DEFAULT, FAILURE TO CURE DEFAULT, AND ENTITLEMENT TO ENTRY OF EX-PARTE ORDER GRANTING RELIEF FROM THE STAY**

I, Kelly Kumpula, declare, state and say as follows:

1. The statements made in this Declaration are true and correct. If I am called to testify regarding the statements made in this Declaration, I am competent to do so.

2. I represent Secured Creditor GM Financial in this Chapter 7 bankruptcy case. I am a member in good standing of the State Bar of Michigan.

3. On August 13, 2026, this Court entered its Order Resolving Secured Creditor GM Financial's Motion for Relief from the Automatic Stay; a photocopy of the Order is marked as Exhibit 1 and attached hereto. The Order provides that Debtor shall make 2 full loan payments to Secured Creditor GM Financial on the 2021 Chevrolet Silverado loan by September 15, 2026, shall make another full loan payment by September 30, 2026, and shall make 2 additional full loan payments by October 15, 2026, and that Debtor shall also bring all payments current within 90 days of the date of entry of this Order. The Order also provides that if Debtor fails to comply with any of the aforementioned terms and provisions, Secured Creditor may submit to the Court, on an ex-parte basis, a declaration of default and order granting relief from the stay with regard to the 2021 Chevrolet Silverado, which order shall be entered without further notice or hearing.

4. The Debtor made 1 payment on September 18, 2026, a payment on October 8, 2026, and a payment on October 14, 2026; however, the 2 payments made in October were returned for insufficient funds. As of October 20, 2026, the loan was in arrears in the amount of $7,322.65. Therefore, consistent with the terms and provisions of the Order Resolving the Motion for Relief from the Automatic Stay, upon the filing of this Declaration, an Order Granting Relief from the Automatic Stay with regard to the 2021 Chevrolet Silverado should be entered by the Court, on an ex-parte basis, without further notice or hearing.

I declare under penalty of perjury that the above statements are true to the best of my information, knowledge and belief.

FURTHER DECLARANT SAYETH NAUGHT.

Date: November 12, 2026

/s/ Kelly Kumpula

Kelly Kumpula (P67590)
DeBrincat & Kumpula
Attorney for Creditor
27780 Novi Road, Suite 225
Novi, MI 48377
(248) 553-4333
Michiganlawyerkk@aol.com

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
BAY CITY DIVISION

IN RE:

DAVID LEWI-EMMANUEL STOCKMAN,

*Debtor In Possession*
_____________________________________/

Case No. 26-20982-dob
Chapter 11
Hon. Daniel S. Opperman

**ORDER RESOLVING SECURED CREDITOR GM FINANCIAL'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

THIS MATTER having come before the Court on Secured Creditor GM Financial's Motion for Relief from the Automatic Stay, the parties having resolved the motion through a Stipulation, the Court having reviewed the Stipulation and being otherwise advised in the premises; IT IS ORDERED:

1. Debtor shall make 2 full loan payments to Secured Creditor GM Financial on the 2021 Chevrolet Silverado loan by September 15, 2026, shall make another full loan payment by September 30, 2026, and shall make 2 additional full loan payments by October 15, 2026. Debtor shall also bring all payments current within 90 days of the date of entry of this Order. If Debtor fails to comply with any term or provision of this paragraph, Secured Creditor may submit to the Court, on an ex-parte basis, a declaration of default and order granting relief from the stay with regard to the 2021 Chevrolet Silverado, which order shall be entered without further notice or hearing.

2. After Debtor has brought the payments current consistent with paragraph 1 of this Order, Debtor shall timely make all future direct monthly payments to Secured Creditor as required by the terms of the contract between Debtor and Secured Creditor and shall maintain full insurance

EXHIBIT 1

coverage on the 2021 Chevrolet Silverado until the motor vehicle loan is paid in full. If Debtor fails to comply with the terms of this paragraph, Secured Creditor may provide written notice of default to Debtor. If written notice of default is given and the default is not cured within 30 days from the date of the notice, Secured Creditor may submit to the Court, on an ex-parte basis, a declaration of default and order granting relief from the stay with regard to the 2021 Chevrolet Silverado, which order shall be entered without further notice or hearing.

**Signed on August 13, 2026**

**/s/ Daniel S. Opperman**

**Daniel S. Opperman**
**United States Bankruptcy Judge**